# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 1:22-cv-00339 ) ) |
| v. | ) Judge Susan P. Baxter ) |
| LEIGH M. CHAPMAN, *et al.*, | ) ) |
| Defendants. | ) |

**INTERVENOR-DEFENDANTS' [PROPOSED] ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Intervenor–Defendants David Ball, James D. Bee, Debra Biro, Jesse D. Daniel, Gwendolyn Mae DeLuca, Ross M. Farber, Lynn Marie Kalcevic, Vallerie Sicilano-Biancaniello, and S. Michael Streib (together, "Individual Voters") and the Republican National Committee, National Republican Congressional Committee, and Republican Party of Pennsylvania (together, "Republican Committees"), by and through counsel, file this Answer and Affirmative Defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief. The Individual Voters and the Republican Committees support free and fair elections for all Pennsylvanians and commonsense, constitutional rules to govern those elections. They therefore deny that Plaintiffs are entitled to any relief on their challenge to the General Assembly's duly enacted date requirement for absentee and mail-in ballots, which the Pennsylvania Supreme Court upheld on November 1, 2022. Any allegation in the Complaint not explicitly responded to in this Answer is hereby denied.

**INTRODUCTION**

1.  The Individual Voters and the Republican Committees specifically deny the baseless and untrue allegation that mandatory application of the General Assembly's date

requirement for absentee and mail-in ballots—which the Pennsylvania Supreme Court upheld on November 1, 2022—results in any individual being "disenfranchised" or involves "an immaterial paperwork error." Intervenor-Defendants deny the remaining allegations in Paragraph 1.

2. The Individual Voters and the Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is a "meaningless technicality" or "utterly immaterial" or involves "a trivial paperwork error." The Individual Voters and the Republican Committees further deny that mandatory application of the date requirement violates any provision of law, including "the Materiality Provision of the Civil Rights Act." Paragraph 2 sets forth legal conclusions and/or statements to which no response is required. To the extent a further response is required, Intervenor-Defendants deny the remaining allegations in Paragraph 2.

3. The Individual Voters and the Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is a "hyper-technical rule[]" that involves "an inconsequential paperwork error" or "disenfranchise[s]" anyone. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore deny them.

4. The Individual Defendants and the Republican Committees deny the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 5.

2

6. Paragraph 6 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 6.

7. Paragraph 7 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 7.

8. Paragraph 8 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 8.

## PARTIES

9. The Individual Voters and the Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court puts anyone "at risk of disenfranchisement." The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore deny them.

10. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny them.

11. The Individual Voters and the Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court involves "a trivial paperwork mistake" or will "disenfranchise" anyone. The Individual Voters and the Republican Committees are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore deny them.

12. The Individual Voters and the Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court puts anyone "at risk of disenfranchisement." The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore deny them.

13. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny them.

14. The Individual Voters and the Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is a "hyper-technical rule[]" that involves a "trivial and immaterial paperwork error[]" or "disenfranchise[s]" anyone. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore deny them.

15. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny them.

16. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny them.

17. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny them.

18. The Individual Voters and the Republican Committees specifically deny that the date requirement has any "disenfranchising effects," and that the date requirement rule is "immaterial" or involves an "immaterial paperwork error[]." The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore deny them.

19. The Individual Voters and the Republican Committees specifically deny that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court puts anyone "at risk of disenfranchisement." The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore deny them.

20. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny them.

21. The Individual Voters and the Republican Committees specifically deny that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is a "trivial paperwork requirement," that consequences of failing to comply with it are "drastic," that it was "previously understood . . . to be superfluous," or that application the date requirement would result in "disenfranchisement." The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore deny the same.

22. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny the same.

23. The Individual Voters and the Republican Committees specifically deny that failure to comply with the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is a "minor error[]," or that application of the date requirement would result in "disenfranchisement." The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny them.

24. The Individual Voters and the Republican Committees specifically deny that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court puts anyone "at risk of disenfranchisement." The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny them.

25. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny them.

26. The Individual Voters and the Republican Committees specifically deny that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court will "disenfranchise" anyone, that the date requirement is a "trivial" and "technical mail ballot rule[]," or that failure to comply with the date requirement is a "minor" or "trivial paperwork mistake." The Individual Voters and the Republican Committees are without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny them.

27. Paragraph 27 is admitted insofar as Defendant Leigh M. Chapman is the Acting Secretary of the Commonwealth of Pennsylvania.  The remaining allegations in Paragraph 27 are legal conclusions and/or statements of what the law provides, to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 27.

28. The allegations in Paragraph 28 are legal conclusions and/or statements of what the law provides, to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 28.

**FACTS**

29. The allegations in Paragraph 29 are legal conclusions and/or statements of what the law provides, to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 29.

30. The allegations in Paragraph 30 are legal conclusions and/or statements of what the law provides, to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 30.

31. The allegations in Paragraph 31 are legal conclusions and/or statements of what the law provides, to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 31.

32. The allegations in Paragraph 32 are legal conclusions and/or statements of what the law provides, to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 32.

33. The allegations in Paragraph 33 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 33.

34. The Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny them.

35. Paragraph 35 sets forth legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny them.

36. The Individual Voters and the Republican Committees specifically deny that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is "superfluous." Paragraph 36 sets forth legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 36.

37. Paragraph 37 sets forth the history of litigation over the date requirement which history speaks for itself and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 37.

38. Paragraph 38 describes a prior Pennsylvania Supreme Court case which speaks for itself and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 38.

39. Paragraph 39 describes a prior Pennsylvania Supreme Court case which speaks for itself and to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 39.

40. Paragraph 40 describes a now-vacated Third Circuit opinion which speaks for itself and to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 40.

41. Paragraph 41 describes factual details purportedly from the record in a prior case which speaks for itself and to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 41.

42. Paragraph 42 describes matters purportedly from the record in a prior case which speaks for itself and to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 42.

43. Paragraph 43 describes matters purportedly from the record in a prior case which speaks for itself and to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 43.

44. Paragraph 44 describes past legal proceedings which speak for themselves and to which no response is required.  To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 44.

45. Paragraph 45 describes past legal proceedings which speak for themselves and to which no response is required.  To the extent a response is required, the Republican Committees deny the allegations in Paragraph 45.

46. Paragraph 46 is admitted insofar as David Ritter sought a stay from the U.S. Supreme Court.

47. Paragraph 47 describes past legal proceedings, which speak for themselves, and sets forth legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 47.

48. Paragraph 48 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 48.

49. Paragraph 49 describes past actions of the Acting Secretary of the Commonwealth, which have been superseded by subsequent actions and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 49.

50. Paragraph 50 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations and mischaracterizations in Paragraph 50. The Individual Voters and the Republican Committees specifically deny any suggestion that they sought in past legal proceedings anything other than affirmation of the General Assembly's date requirement, which the Pennsylvania Supreme Court provided with its order in the Republican Committees' favor on November 1, 2022.

51. Paragraph 51 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations and mischaracterizations in Paragraph 50. The Individual Voters and the Republican Committees specifically deny any suggestion that the

Pennsylvania Supreme Court did anything other than uphold the General Assembly's date requirement for the 2022 general election and beyond.

52. Paragraph 52 describes recent actions of the Pennsylvania officials, which speak for themselves and do not require a response. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations and mischaracterizations in Paragraph 52.

53. Paragraph 53 describes recent actions of the Acting Secretary, which speak for themselves and do not require a response. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations and mischaracterizations in Paragraph 53.

54. The Individual Voters and the Republican Committees specifically deny that applying the General Assembly's date requirement upheld by the Pennsylvania Supreme Court results in anyone "be[ing] disenfranchised." The allegations in Paragraph 54 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations and mischaracterizations in Paragraph 54.

55. The Individual Voters and the Republican Committees specifically deny that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is "meaningless." The Individual Voters and the Republican Committees deny the remaining allegations in Paragraph 55.

56. The Individual Voters and the Republican Committees specifically deny that any judicial intervention is "required," that application of the date requirement would "constitute[] irreparable harm" or "disenfranchise[]" anyone, or that the federal materiality provision requires

11

that ballots not in compliance with the date requirement be counted. The Individual Voters and the Republican Committees deny the remaining allegations in Paragraph 56.

## **COUNT I**

57.     The Individual Voters and the Republican Committees reassert and incorporate by reference their answers in the preceding paragraphs.

58.     Paragraph 58 states legal conclusions and/or statements of what the law provides and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 58.

59.     Paragraph 59 states legal conclusions and/or statement of what the law provides and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 59.

60.     The Individual Voters and the Republican Committees specifically deny the allegations that failure to comply with the General Assembly's date requirement is an "immaterial paperwork error" and that the ballot declaration form is a paper "requisite to voting." Paragraph 60 and its subparts state a legal conclusion and/or statement of what the law provides or should provide and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 60 and its subparts.

61.     Paragraph 61 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 61.

62.     Paragraph 62 sets forth legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is

required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 62.

63. Paragraph 63 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 63.

64. The Individual Voters and the Republican Committees specifically deny that failure to comply with the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is an "immaterial error[]," that application of the date requirement is "contrary to the Materiality Provision," and that application of the date requirement "will result in the disenfranchisement of" anyone. Paragraph 64 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, the Individual Voters and the Republican Committees deny the allegations in Paragraph 64.

## PRAYER FOR RELIEF

WHEREFORE, the Individual Voters and the Republican Committees respectfully request that the Court enter judgment in favor of the Defendants and Intervenor–Defendants and against

the Plaintiffs, and grant such other and further relief as the Honorable Court deems necessary and appropriate.

1. The Individual Voters and the Republican Committees deny the allegations in Paragraph 1, and deny that Plaintiffs are entitled to the relief requested.

2. The Individual Voters and the Republican Committees deny the allegations in Paragraph 2, and its subparts, and deny that Plaintiffs are entitled to the relief requested.

3. The Individual Voters and the Republican Committees deny the allegations in Paragraph 3 and deny that Plaintiffs are entitled to the relief requested.

4. The Individual Voters and the Republican Committees deny the allegations in Paragraph 4, and deny that Plaintiffs are entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, the Individual Voters and the Republican Committees assert the following affirmative defenses:

1. The Court lacks subject matter jurisdiction over this action.

2. Plaintiffs lack standing.

3. Plaintiffs' claims are barred by the applicable statutes of limitations.

4. Plaintiffs' claims are barred by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

5. Plaintiffs' Complaint fails to set forth a claim upon which relief can be granted.

6. Plaintiffs' requested relief would have the Court or the Defendants—not the General Assembly—create new laws governing the conduct of elections in Pennsylvania. The power to regulate elections is exclusively a legislative function. U.S. CONST. art. II, § 1, cl. 2; PA.

CONST. Art. VII, § 14(a); *Robinson Twp. v. Commonwealth*, 147 A.2d 536, 583 (Pa. 2016); *Agre v. Wolf*, 284 F. Supp. 3d 591, 620 (E.D. Pa. 2018) (Smith, C.J.). Plaintiffs' requested relief would run contrary to the separation of powers and usurp the General Assembly's authority.

7. Plaintiffs have failed to join indispensable parties to this action.

## **PRAYER FOR RELIEF**

WHEREFORE, the Individual Voters and the Republican Committees respectfully request that this Court enter judgment in favor of the Defendants and Intervenor–Defendants and against the Plaintiffs, and grant such other and further relief as the Court deems necessary and appropriate.

Dated:  November 7, 2022

Respectfully submitted,

/s/ Kathleen A. Gallagher
Kathleen A. Gallagher
PA I.D. #37950
Russell D. Giancola
PA. I.D. #200058
GALLAGHER GIANCOLA LLC
436 Seventh Avenue, 31st Floor
Pittsburgh, PA 15219
Phone: (412) 717-1900
kag@glawfirm.com
rdg@glawfirm.com

John M. Gore *
E. Stewart Crosland
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com

Thomas W. King, III
Thomas E. Breth
DILLON, McCANDLESS, KING,
 COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA  16001
Phone: (724) 283.2200
tking@dmkcg.com
tbreth@dmkcg.com

*Counsel for Petitioners*

\* *Pro hac vice application forthcoming*