UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LEIGH M. CHAPMAN, *in her official capacity as Acting Secretary of the Commonwealth*, *et al.*, <br><br> Defendants. | No. 1:22-cv-339 <br> Judge Susan Paradise Baxter |

## **ACTING SECRETARY LEIGH M. CHAPMAN'S PARTIAL OPPOSITION TO THE MOTION TO INTERVENE**

The Acting Secretary of the Commonwealth files this opposition to the individual voters' motion to intervene in this action.[1] *See* Individual Voters' and Republican Committees' Mot. to Intervene (ECF No. 27). The individual voters, who assert only an interest in depriving others of the right to vote, do not possess an interest sufficient to intervene as of right under Federal Rule of Civil Procedure 24(a). And those same individuals should not be permitted to intervene under Rule 24(b) because their participation is not needed to protect any cognizable interest.

---

[1] The Acting Secretary does not oppose intervention by the various Republican Party committees.

Under Rule 24(a), a party has a right to intervene if it has shown (1) that its application to intervene is timely, (2) the applicant has a "significant interest in the litigation," (3) the litigation may affect that interest, and (4) the interest is not already represented. *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014). A proposed intervenor's interest "must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (internal quotation omitted).

Separately, Rule 24(b) affords courts discretion to permit a party to intervene if intervention will not cause undue delay and the proposed intervenor's rights are not already adequately protected. *Seneca Res. Corp. v. Highland Twp.*, No. 16-289, 2017 WL 4171703, at *2 (W.D. Pa. Sept. 20, 2017). The same facts and circumstances may inform whether intervention is warranted under either Rule 24(a) or Rule 24(b). *Id.*

Here, the individual voters have no legal interest at stake and so fail to satisfy any standard for intervention.

Those individuals first claim an interest in ensuring that ballots cast by certain qualified voters are not counted so that voter intervenors' own votes are not "diluted." *See* Br. in Supp. of Intervention at 12 (ECF No. 30). But courts have

consistently explained that one person's vote is not "diluted" just because someone else has been allowed to vote. *See, e.g.*, *Bognet v. Sec'y Commonwealth of Pa.*, 980 F.3d 336, 356-60 (3d Cir. 2020) (citing cases), *vacated on mootness grounds sub nom. Bognet v. Degraffenreid*, 141 S. Ct. 2508 (2021); *see also Wood v. Raffensperger*, 981 F.3d 1307, 1314-15 (11th Cir. 2020); *Toth v. Chapman*, No. 22-208, 2022 WL 821175, at *7 (M.D. Pa. Mar. 16, 2022) (three-judge court)*; King v. Whitmer*, 505 F. Supp. 3d 720, 735-36 (E.D. Mich. 2020); *Martel v. Condos*, 487 F. Supp. 3d 247, 251-54 (D. Vt. 2020). No individual voter, therefore, has a legally recognizable interest that permits them to work to disqualify someone else's ballot.

All but one of the proposed individual intervenors was a petitioner in the state court action that precipitated this case. There, they all were dismissed for lack of standing, certainly because the Pennsylvania Supreme Court appreciated that no voter's own right to vote is impaired just because another person has been allowed to vote too. *See* Order, *Ball v. Chapman*, No. 102 MM 2022, 2022 WL 16569702, (Pa. Nov. 1, 2022).

Accepting the individual intervenors' vote-dilution interest as sufficient would work a sea-change in the law. It would allow any voter to intervene in any action in which someone else seeks to have their vote counted. Both the Third Circuit and a three-judge panel of the Middle District of Pennsylvania have

3

recently concluded that one person's right to vote cannot be used as a weapon that allows them to challenge every other person's right to vote. *Bognet*, 980 F.3d at 360; *Toth*, 2022 WL 821175, at *7.

Nor may any of the individual voters intervene based on their general interest in the state of Pennsylvania's absentee and mail-in voting laws. *Contra* Br. in Supp. of Intervention at 12 (ECF No. 30). Generalized interests in the law do not satisfy the standard for intervention as of right. *Liberty Mut. Ins. Co.*, 419 F.3d at 220. And here, the individual voters do not even assert that they will ever use the absentee and mail-in voting procedures in which they claim a general interest. *See* Br. in Supp. of Intervention at 12 (ECF No. 30).

Because the individuals have no cognizable interest in this case, they have no right to intervene under Rule 24(a). For the same reason, this Court should not exercise its discretion to permit them to intervene under Rule 24(b).

Even if any individual did have an interest in this case, that interest is adequately protected by the Republican Party committees that also seek leave to intervene. That is further reason to deny the individual voter intervenors' motion under either Rule 24(a) or Rule 24(b).

The motion to intervene should be denied as to the individual voters.

| | |
|---|---|
| November 10, 2022 | Respectfully submitted, |
| Robert A. Wiygul (Bar No. 310760)<br>John B. Hill (Bar. No. 328340)<br>HANGLEY ARONCHICK SEGAL<br>PUDLIN & SCHILLER<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103-6933 | Michael J. Fischer (Bar. No. 322311)<br>Chief Counsel & Executive<br>Deputy Attorney General<br><br>/s/ *Jacob B. Boyer*<br>Jacob B. Boyer (Bar. No. 324396)<br>Elizabeth Lester-Abdalla (Bar. No. 327276)<br>Deputy Attorneys General<br><br>OFFICE OF ATTORNEY GENERAL<br>1600 Arch Street, Suite 300<br>Philadelphia, PA 19103<br>jboyer@attorneygeneral.gov<br>Phone: (267) 768-3968 |
| *Counsel for Leigh M. Chapman* | |