# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> LEIGH M. CHAPMAN, *et al.*, <br><br> *Defendants,* | Civil Action No. 1:22-cv-00339 <br><br><br><br><br> Judge Susan P. Baxter |

### **DEFENDANTS ALLEGHENY, BUCKS, CHESTER, DELAWARE, MONTGOMERY, AND PHILADELPHIA COUNTY BOARDS OF ELECTIONS MEMORANDUM OF LAW IN OPPOSITION TO INDIVIDUAL VOTERS' MOTION TO INTERVENE**

Ilana H. Eisenstein
Brian H. Benjet
DLA Piper LLP (US)
1650 Market St., Ste. 5000
Philadelphia, PA 19103

Benjamin H. Field
Zachary G. Strassburger
Aimee D. Thomson
Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

*Counsel for Defendant Philadelphia County Board of Elections*

George M. Janocsko
Allan J. Opsitnick
Lisa G. Michel
Virginia Scott
Frances M. Liebenguth
Allegheny County Law Department
300 Fort Pitt Cmns
Pittsburgh, PA 15219

*Counsel for Defendant Allegheny County Board of Elections*

Jessica L. VanderKam
Stuckert & Yates
2 N. State St.
Newtown, PA 18940

*Counsel for Defendant Bucks County Board of Election*

Faith Mattox-Baldini
Chester County Solicitor's Office
313 W. Market St., Suite 6702
West Chester, PA 19380

*Counsel for Defendant Chester County Board of Elections*

John A. Marlatt
Maureen Calder
Montgomery County Solicitor's Office
PO Box 311
Norristown, PA 19404

*Counsel for Defendant Montgomery County Board of Elections*

J. Manly Parks
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103

*Counsel for Defendant Delaware County Board of Elections*

The Court should deny the motion to intervene by the individual Pennsylvanian electors (the "Individual Voters"). The Individual Voters are not entitled to intervene as of right because their interests are no different than that of the general public and they cannot articulate any interest specific to them. The Third Circuit has found that individual voters have no cognizable claim based on vote dilution without some particular effect on their rights that would distinguish them from any other voter. Permissive intervention is also unwarranted for these same reasons. Because the election has already occurred and the votes have already been cast, Individual Voters have no interest in seeking clarity on voting procedures. The Court should therefore deny the Individual Voters' motion to intervene.

## FACTUAL BACKGROUND

On November 4, 2022, Plaintiffs, a group of voting rights organizations filed a Complaint alleging that Defendants' rejection of undated or incorrectly dated ballots violates the materiality provision of the Civil Rights Act. *See* Compl. ¶¶ 1, 57–64 (Dkt. No. 1). On November 7, 2022, the Individual Voters, together with the Republican National Committee and the National Republican Congressional Committee, filed a motion seeking to intervene in this dispute on the basis that their votes would be diluted by the counting of invalid ballots and on the basis of their interest in maintaining certainty regarding their rights and obligations if they choose to vote by absentee or mail-in ballot.

The 2022 General Election occurred on November 8, 2022. Pursuant to guidance issued by Supreme Court of Pennsylvania, the undersigned Defendants segregated undated and incorrectly dated ballots.

## ARGUMENT

### A. The Individual Voters Are Not Entitled to Intervene as of Right under Rule 24(a)

To intervene as of right, the prospective intervenor must establish: (1) that the application for intervention is timely; (2) that the applicant has a sufficient interest in the litigation; (3) that the asserted interest may be affected or impaired as a practical matter by the disposition of the action; and (4) that the interest is not adequately represented by an existing party in the litigation. Fed. R. Civ. P. 24(a)(2); *In re Community Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005). The Individual Voters do not meet these requirements.

The Individual Voters fail to show that their interests are "specific to [it], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. *Kleissler v. U.S. Forest Servs.*, 157 F.3d 964, 972 (3d Cir.1998). "The interest may not be remote or attenuated." *Id.* "The interest must be a legal interest as distinguished from interests of a general and indefinite character." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).

Vote dilution is e*veryone's* interests, not *their* interests. An "applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 951 (3d Cir. 2012). And as federal courts around the country have recognized, vote dilution is not a cognizable legal interest. *See e.g.*, *Bognet v. Sec'y Commonwealth of Pa.*, 980 F.3d 336, 354-56 (3d Cir. 2020) (explaining that "dilution" claims are "paradigmatic generalized grievance[s]"), *cert. granted, judgment vacated as moot sub nom., Bognet v. Degraffenreid*, 141 S. Ct. 2508 (2021). The Individual Voters do not explain how their interests, to the extent they even have any interest here, are distinguishable from the interests of every other Pennsylvanian voter concerned about the franchise.

The Individual Voters also no longer have an interest in maintaining certainty in the law should they decide to vote by mail because the Election already occurred, and the Individual Voters can no longer vote by mail. 25 P.S. §§ 3146.6(a), 3150.16(a) (absentee and mail-in ballots must be received by 8pm Election Day). Accordingly, this interest is moot and can longer support intervention. *Seneca Res. Corp. v. Twp. of Highland*, 863 F.3d 245, 254 (3d Cir. 2017) (denying intervention when asserted interest is mooted). Moreover, this interest is nothing more than an interest in ensuring that this Court reach their desired legal conclusion. That is not enough to support intervention by right. *See Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (noting that intervention by right is not granted for purely "ideological" or "precedential" reasons). This interest is also shared by every other Pennsylvanian voter. Accordingly, they do not have sufficient interest in this dispute to be granted intervention by right.

### B. The Individual Voters Are Not Entitled to Permissive Intervention Under Rule 24(b)

Under Rule 24(b) "[o]n timely motion, the court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added). To permissively intervene, a proposed intervenor must: (1) establish that the motion is timely, and (2) allege at least one common question of law or fact. *Id.* If the proposed intervenor establishes these elements, the district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(c). The decision to grant permissive intervention is "highly discretionary." *See U.S. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014). "The law is clear that permissive intervention has universally been left to the sound discretion of the district court." *FTC v. Cephalon, Inc.*, 2021 WL 4773230 at *6 (E.D. Pa. Oct. 13, 2021).

Here, this Court should exercise its discretion and deny intervention. In determining whether to permit intervention under Rule 24(b), "courts consider whether the proposed intervenors will add anything to the litigation." *See Kitzmiller v. Dover Area Sch. Dist.*, 229 F.R.D. 463, 471 (M.D. Pa. 2005). As discussed above, the Individual Voters have no interest in this litigation, and their presence in the litigation would add nothing to the speedy resolution of this dispute. Granting intervention to the Individual Voters, moreover, could open the floodgate to every interested voter to seek permissive intervention in election-related litigation. The multiplicity of parties would only serve to further complicate the litigation. This court should therefore deny permissive intervention.

## **CONCLUSION**

For the foregoing reasons, this Court should deny the Individual Voters motion to intervene.

Dated November 10, 2022

Respectfully submitted,

/s/ Zachary G. Strassburger

Benjamin H. Field
PA Bar No.: 204569
Zachary G. Strassburger
PA Bar No.: 313991
Aimee D. Thomson*
PA Bar No.: 326328
Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

Ilana H. Eisenstein*
PA Bar No.: 94907
DLA Piper LLP (US)
1650 Market Street, Suite 5000
Philadelphia, PA 19103

* *Pro Hac Vice Forthcoming*

*Counsel for Defendant Philadelphia County Board of Elections*

| | |
|---|---|
| /s/ Lisa G. Michel<br>George M. Janocsko<br>Allan J. Opsitnick<br>Lisa G. Michel<br>Virginia Scott<br>Frances M. Liebenguth<br>Allegheny County Law Department<br>300 Fort Pitt Cmns<br>Pittsburgh, PA 15219<br><br>*Counsel for Defendant Allegheny County Board of Elections* | /s/ Jessica L. VanderKam<br>Stuckert & Yates<br>2 N. State St. Newtown,<br>Newton, PA 18940<br><br>*Counsel for Defendant Bucks County Board of Elections* |
| /s/ Faith Mattox-Baldini<br>Faith Mattox-Baldini<br>Chester County Solicitor's Office<br>313 W. Market St.,<br>Suite 6702<br>West Chester, PA 19380<br><br>*Counsel for Defendant Chester County Board of Elections* | /s/ John A. Marlatt<br>John A. Marlatt<br>Maureen Calder<br>County Solicitor's Office<br>PO Box 311<br>Norristown, PA 19104<br><br>*Counsel for Defendants Montgomery County Board of Elections* |
| /s/ J. Manly Parks<br>J. Manly Parks<br>Duane Morris LLP<br>30 S. 17th Street<br>Philadelphia, PA 19103<br><br>*Counsel for Defendant Delaware County Board of Elections* | |