IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, | : : : : : : : : : : : : | CIVIL ACTION<br><br>No. 1:22-cv-00339-SPB |
| Plaintiffs, | | |
| v. | | |
| LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth, *et al.*, | | |
| Defendants. | | |
| BETTY EAKIN, et al., | : : : : : : : : : : : | CIVIL ACTION<br><br>No. 1:22-cv-00340-SPB |
| Plaintiffs, | | |
| v. | | |
| ADAMS COUNTY BOARD OF ELECTIONS, et al., | | |
| Defendants. | | |

**BRIEF OF DEFENDANT BERKS COUNTY BOARD OF ELECTIONS AND
PROPOSED SCHEDULING ORDER**

Pursuant to the Court's January 10, 2023 Briefing Orders (Doc. 173, Case No. 1:22-cv-00339-SPB ("Case 339") and Doc. 174, Case No. 1:22-cv-00340-SPB ("Case 340")), defendant Berks County Board of Elections ("Berks Board"), by and through its attorneys, Smith Bukowski, LLC, submits this brief and proposed scheduling order.

First and foremost, Berks Board contends there are no exceptional circumstances justifying expedited proceedings in this case, and an expedited schedule would tax the limited resources of Berks Board as it prepares for upcoming municipal primary elections in May 2022.

1

Accordingly, Berks Board respectfully requests that the Court therefore should adopt the schedule below for proceedings in this matter.

Although the Third Circuit has not yet adopted a standard for evaluating requests for expedited discovery and proceedings, the recent trend among district courts within the Third Circuit is to require a movant to show "good cause" in support of its request, "such that the request is 'reasonable' in light of the circumstances. *Samuel, Son & Co., Inc. v. Beach*, No. 13-128, 2013 WL 4855325, at *3 (W.D. Pa. Sept. 11, 2013) (citing *Leone v. Towanda Borough*, No. 3:12-0429, 2012 WL 1123958, *2 (M.D. Pa. Apr. 4, 2012) (quoting *Kone Corp. v. ThyssenKrupp USA, Inc.*, No. 11-465, 2011 WL 4478477, at *3 (D. Del. Sept. 26, 2011)).

District courts in the Third Circuit also consider "the administration of justice" and any "possible prejudice or hardship to'" other parties. *Croft v. Donegal Township*, No. 2:20-01430, 2020 WL 6803051, at *2 (W.D. Pa. Nov. 19, 2020) (quoting *Samuel*, 2013 WL 4855325, at *3); *see Morland v. Sprecher*, 443 U.S. 709, 710 (1979) (*per curiam*) (considering need for expedited proceedings in light of litigation conduct and "onus of expedition" on opposing party); *Shaffer v. Def. Intel. Agency*, No. 10-2119, 2011 WL 13243826, at *2 (D.D.C. Feb. 17, 2011) (denying motion for expedited proceedings because "plaintiff's conduct in prosecuting [the] case belie[d] any claim of urgency" and "court [could] not be certain that the defendant would not be unfairly prejudiced").

The Court should not impose an expedited schedule in this case for three reasons.

**First**, there are no "exceptional" circumstances, *Mullane*, 333 F.R.D. at 663, or "good cause" warranting expedited proceedings, *Samuel, Son & Co.*, 2013 WL 4855325, at *3. The Case 339 Plaintiffs are the only parties in either action who have requested an expedited schedule. *See* Motion for Sched. Conf. (Doc. 115, Case 339). However, Plaintiffs' proposed

2

"tentative" schedule, including their proposed dates for disclosure of their expert report and close of discovery, has already been overtaken by events. *See id.* ¶ 4. Moreover, the NAACP Plaintiffs' sole justification for their request for an expedited schedule is to "target[] a decision prior to the May 2023 primary election." *Id.* ¶ 2 (Doc. 115, Case 339). But there is no reason to rush to judgment before the May 2023 primary election. The Case 339 Plaintiffs acknowledge that the relief they seek would not have changed the outcome in any race in the November 2022 general election. *See id.* And any assertion that the relief they seek would change the outcome of any race in the May 2023 primary election is purely speculative.

Moreover, neither this Court nor any federal court can complete proceedings in this matter and order changes to Pennsylvania's election rules in time for the May 2023 primary election. The United States Supreme Court "has repeatedly stated that federal courts ordinarily should not enjoin a state's election laws in the period close to an election." *Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (KAVANAUGH, J., concurring in grant of applications for stays); *see Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (*per curiam*). "That important principle of judicial restraint not only prevents voter confusion but also prevents election administrator confusion— and thereby protects the State's interest in running an orderly, efficient election and in giving citizens (including the losing candidates and their supporters) confidence in the fairness of the election." *Democratic Nat'l Comm. v. Wisconsin State Legislature*, 141 S. Ct. 28, 31 (2020) (KAVANAUGH, J., concurring in denial of application to vacate stay); *see id.* at 30 (GORSUCH, J., concurring in denial of application to vacate stay) ("Last-minute changes to longstanding election rules risk other problems too, by inviting confusion and chaos and eroding public confidence in electoral outcomes.").

3

In this case, Pennsylvania's primary election date is May 16, 2023, and mail-in and absentee voting begins 50 days before that date on March 27, 2023. *See* 25 Pa. Stat. § 3150.12a(a). It is already too late for the federal courts to enter an injunction that would change the rules for the imminent Pennsylvania primary election. *See Merrill*, 142 S. Ct. at 880 (KAVANAUGH, J., concurring in grant of applications for stays); *Purcell*, 549 U.S. at 4-5 (2006). That is particularly true here, where an appeal of this Court's order is all but guaranteed, requiring the Third Circuit and possibly the Supreme Court to weigh in on the legal issues before this Court.

**Second**, any expedited schedule will be inconvenient and potentially prejudicial to Berks Board and the other county boards of elections. *See, e.g.*, *Croft*, 2020 WL 6803051, at *2. The Court recently granted the Case 340 Plaintiffs leave until January 31, 2023 to file a motion for leave to file an amended complaint, with responses in opposition due by February 8, 2023. *See* Briefing Order (Doc. 174, Case 340). Such leave may or may not be granted; in any event, it is likely that there is no operative complaint currently on file in Case 340.

Moreover, Berks Board and the other defendants have a right to participate fully in discovery, which could take significant time. The Intervenor-Defendants mentioned during the Court's January 9th virtual status conference that they want to conduct discovery to assess Plaintiffs' standing to sue. That discovery likely would include depositions of each of the fourteen plaintiffs in Case 339 and each of the five plaintiffs in Case 340, as well as any other individuals through whom the organizational plaintiffs claim associational standing. *See, e.g.*, *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 342-43 (1977). Berks Board and the other defendants have a right to fully participate in any such discovery.

The Case 339 Plaintiffs have suggested that they intend to utilize an expert witness. *See* Motion for Sched. Conf. (Doc. 115, Case 339) ("Plaintiffs currently expect to proffer one expert witness."). Berks Board may wish to take discovery of any experts retained by other parties and reserves the right to retain its own experts, either in rebuttal of other parties' experts, or experts to support their defense. An expedited schedule could prejudice Berks Board's discovery rights and ability to fully defend against Plaintiffs' claims.

**Third**, the "administration of justice" and the nature of the legal claims in this case also weigh against a compressed litigation schedule. *See Croft*, 2020 WL 6803051, at *2.

Intervenor-Defendants have filed motions to dismiss and supporting briefs in both cases (Case 339, doc. 193-194 and Case 340, doc. 195-196). Before the parties dive headlong into discovery, the Court should seriously consider the merits of Intervenor-Defendants' pending motions to dismiss and whether Plaintiffs' claims can proceed as a matter of law.[1]

To the extent the Court concludes dismissal at the pleadings stage is not appropriate, the legal issues raised by Plaintiffs' claims are significant and complex. For example, Plaintiffs in Case 340 have asserted Equal Protection Clause claims that invoke the *Anderson/Burdick* framework. These claims may call for intensive factual development and fact finding. *See, e.g.*, *Crawford v. Marion Cnty. Election Bd.* 553 U.S. 181, 194, 196, 199, 200-02 (2008). Additionally, robust discovery and fact development may be necessary to assess whether the date requirement imposes a cognizable burden on all voters, and whether the burden on Plaintiffs differs from those imposed on any other voters.

Also, Plaintiffs' challenge under 52 U.S.C. § 10101(a)(2)(B), the materiality provision,

---

[1] Berks Board recognizes that discovery will not be stayed pending a decision on the pending motions to dismiss. However, the fact that there are such motions pending weighs against the Court imposing an expedited schedule on the parties.

5

raises highly important and novel legal questions.  It is practically certain the Third Circuit will need to weigh in on these questions, especially as the Fifth Circuit recently expressed disagreement with the Third Circuit's vacated decision in *Ritter*.  *See Vote.Org v. Callanen*, 39 F.4th 297, 305 n.6 (5th Cir. 2022).  Indeed, there is a fair probability the Supreme Court will also need to weigh in on this case.  *See Ritter v. Migliori*, 142 S. Ct. 1824 (2022) (Alito, J., dissenting from denial of application for a stay).  In short, the likely review of this case by the appellate courts will depend on a fully developed factual record and lessens the urgency to rush the proceedings before this Court.

Accordingly, Berks Board respectfully request that the Court enter the following schedule in these cases:

1. In case 340 only, Plaintiffs may file a motion for leave to file an amended complaint by **January 31, 2023**.  Oppositions to any motion to amend shall be filed by **February 8, 2023**.

2. The parties' initial disclosures shall be due on **March 14, 2023**.

3. Plaintiffs shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiffs expect to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Federal Rule of Civil Procedure 26(a)(2)(B) has been disclosed to the other parties by **April 7, 2023** (Fed. R. Civ. P. 26(a)(2)).[2]  Defendants and Intervenor-Defendants shall identify any rebuttal experts by **May 12, 2023**.

---

[2]   When a party identifies each expert and subject matter, it shall at the same time serve on counsel for all other parties (but not file with the Court):  (a) a complete copy of the most recent curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; (b)(1) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (2) the data and other information considered by the expert in forming the opinions, (3) any exhibits to be used as a summary of or support of the opinions, and (4) citations of any treatise, text, or other authority upon which each expert expressly relied; and (c) a copy of each expert's report if a report has been prepared.

4. Defendants and Intervenors shall file and serve a document identifying by full name, address, and telephone number each person whom Defendants and Intervenor-Defendants expect to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Federal Rule of Civil Procedure 26(a)(2)(B) has been disclosed to the other parties by **April 14, 2023**. Plaintiffs shall identify any rebuttal experts by **May 19, 2023**.

5. Discovery shall be complete no later than **September 15, 2023**.

6. All motions other than (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed no later than **October 6, 2023**.

7. No later than **October 13, 2023**, the parties shall file and exchange their Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within seven (7) working days thereafter, parties shall file and exchange their Fed. R. Civ. P.26(a)(3) objections, any objections to use of a deposition designated by another party, and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6).

8. Motions in limine shall be due by **October 27, 2023**. Responses shall be due by **November 3, 2023.**

9. Pretrial Conference will be held on **November 13, 2023**.

10. An evidentiary hearing will be scheduled for **November 14, 2023 and November 15, 2023**.

11. Plaintiffs' proposed Findings of Fact and Conclusions of Law shall be due **14 days** after conclusion of the evidentiary hearing.

12. Defendants' proposed Findings of Fact and Conclusions of Law and Responses to Plaintiffs' Proposed Findings of Fact and Conclusions of Law shall be due **14 days** after Plaintiffs file their proposed Findings of Fact and Conclusions of Law.

13. Plaintiffs' reply to Defendants' proposed Findings of Fact and Conclusions of Law shall be due **14 days** after Plaintiffs file their proposed Findings of Fact and Conclusions of Law.

| | |
|---|---|
| Dated: January 20, 2023 | **SMITH BUKOWSKI, LLC** |
| | By: /s/ Jeffrey D. Bukowski |
| | Jeffrey D. Bukowski, Esquire |
| | PA Attorney I.D. No. 76102 |
| | **JBukowski@SmithBukowski.com** |
| | 1050 Spring Street, Suite 1 |
| | Wyomissing, PA 19610 |
| | Telephone: (610) 685-1600 |
| | Facsimile:  (610) 685-1300 |

*Attorneys for Berks County Board of Elections*

| | | |
|---|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, | : : : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : : | |
| | : | No. 1:22-cv-00339-SPB |
| v. | : : | |
| LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth, *et al.*, | : : : : : | |
| Defendants. | : | |
| BETTY EAKIN, *et al.*, | : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | No. 1:22-cv-00340-SPB |
| ADAMS COUNTY BOARD OF ELECTIONS, *et al.*, | : : : : | |
| Defendants. | : | |

# SCHEDULING ORDER

AND NOW, this _____ day of February, 2023, upon consideration of the briefs and proposed schedules filed by the parties in the above cases, IT IS HEREBY ORDERED that the following deadlines are applicable to the above captioned actions:

1. In Case 340 only, Plaintiffs may file a motion for leave to file an amended complaint by **January 31, 2023**. Oppositions to any motion to amend shall be filed by **February 8, 2023**.

2. The parties' initial disclosures shall be due on **March 14, 2023**.

3. Plaintiffs shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiffs expect to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Federal Rule of Civil Procedure 26(a)(2)(B) has been

        disclosed to the other parties by **April 7, 2023** (Fed. R. Civ. P. 26(a)(2)).[3] Defendants and Intervenor-Defendants shall identify any rebuttal experts by **May 12, 2023**.

4. Defendants and Intervenors shall file and serve a document identifying by full name, address, and telephone number each person whom Defendants and Intervenor-Defendants expect to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Federal Rule of Civil Procedure 26(a)(2)(B) has been disclosed to the other parties by **April 14, 2023**. Plaintiffs shall identify any rebuttal experts by **May 19, 2023**.

5. Discovery shall be complete no later than **September 15, 2023**.

6. All motions other than (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed no later than **October 6, 2023**.

7. No later than **October 13, 2023**, the parties shall file and exchange their Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within seven (7) working days thereafter, parties shall file and exchange their Fed. R. Civ. P.26(a)(3) objections, any objections to use of a deposition designated by another party, and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6).

8. Motions in limine shall be due by **October 27, 2023**. Responses shall be due by **November 3, 2023.**

9. Pretrial Conference will be held on **November 13, 2023**.

10. An evidentiary hearing will be scheduled for **November 14, 2023 and November 15, 2023**.

11. Plaintiffs' proposed Findings of Fact and Conclusions of Law shall be due **14 days** after conclusion of the evidentiary hearing.

---

[3] When a party identifies each expert and subject matter, it shall at the same time serve on counsel for all other parties (but not file with the Court): (a) a complete copy of the most recent curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; (b)(1) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (2) the data and other information considered by the expert in forming the opinions, (3) any exhibits to be used as a summary of or support of the opinions, and (4) citations of any treatise, text, or other authority upon which each expert expressly relied; and (c) a copy of each expert's report if a report has been prepared.

12. Defendants' proposed Findings of Fact and Conclusions of Law and Responses to Plaintiffs' Proposed Findings of Fact and Conclusions of Law shall be due **14 days** after Plaintiffs file their proposed Findings of Fact and Conclusions of Law.

13. Plaintiffs' reply to Defendants' proposed Findings of Fact and Conclusions of Law shall be due **14 days** after Plaintiffs file their proposed Findings of Fact and Conclusions of Law.

**BY THE COURT:**

_____
SUSAN PARADISE BAXTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, | : : : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : : | No. 1:22-cv-00339-SPB |
| v. | : : | |
| LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth, *et al.*, | : : : : : | |
| Defendants. | : | |
| BETTY EAKIN, et al., | : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | No. 1:22-cv-00340-SPB |
| ADAMS COUNTY BOARD OF ELECTIONS, et al., | : : : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and LCvR 5.6, the undersigned hereby certifies that the foregoing document was electronically filed on the below date with the Court's CM/ECF system, which transmitted a Notice of Electronic Filing of the filed document on counsel of record and/or each party in the case who is registered as a Filing User.

|  |  |
|---|---|
| Dated:  January 20, 2023 | **SMITH BUKOWSKI, LLC** |
|  | By:  /s/ Jeffrey D. Bukowski |
|  | Jeffrey D. Bukowski, Esquire |
|  | PA Attorney I.D. No. 76102 |
|  | **JBukowski@SmithBukowski.com** |
|  | 1050 Spring Street, Suite 1 |
|  | Wyomissing, PA 19610 |
|  | Telephone: (610) 685-1600 |
|  | Facsimile:  (610) 685-1300 |

*Attorneys for Berks County Board of Elections*