UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA STATE CONFERENCE OF
THE NAACP, *et al.*,

Plaintiffs,

v.

AL SCHMIDT, *in his official capacity as Acting
Secretary of the Commonwealth*, *et al.*,

Defendants.

No. 1:22-cv-339
Judge Susan Paradise Baxter

## ACTING SECRETARY AL SCHMIDT'S SCHEDULING BRIEF

The Acting Secretary of the Commonwealth files this scheduling brief in accordance with the Court's January 9, 2023 order.

Whether county boards of elections must canvass and count—and ultimately include in the certified election results submitted to the Secretary of the Commonwealth—timely mail-in and absentee ballots returned by voters who neglected to handwrite a date on their ballot's return envelope has been litigated repeatedly over the last two years. *See* Order, *Ball v. Chapman*, No. 102 MM 2022 (Pa. Nov. 1, 2022); *Chapman v. Berks Cnty. Bd. of Elections*, No. 355 MD 2022, 2022 WL 4100998 (Pa. Commw. Ct. Aug. 19, 2022); *McCormick for U.S. Senate v. Chapman*, No. 286 MD 2022, 2022 WL 2900112 (Pa. Commw. Ct. June 2, 2022); *Migliori v. Lehigh Cnty. Bd. Of Elections*, 36 F.4th 153 (3d Cir. 2022); *In re*

*Election in Region 4 for Downingtown Sch. Bd. Precinct Uwchlan 1*, 272 A.3d 993 (Pa. Commw. Ct. 2022); *Ritter v. Lehigh Cnty. Bd. of Elections*, 272 A.3d 989 (Pa. Commw. Ct. 2022); *In re Canvass of Absentee and Mail-in Ballots of Nov. 3, 2020 Gen. Election*, 241 A.3d 1058 (Pa. 2020). Many of these cases have been litigated on an expedited basis immediately before or after an election, which has required hurried consideration of complicated issues, often without the benefit of a full record. In some instances, the outcomes have led to disruptive, eleventh-hour changes.

Despite all these cases, neither Pennsylvania nor federal courts have definitively resolved whether county boards may refuse to count an otherwise valid ballot for the sole reason that a voter forgot to write an inconsequential date on the ballot's return envelope. Most recently, the Pennsylvania Supreme Court directed that for the 2022 General Election, county boards must segregate but not count any ballot returned in an envelope missing a date, or which is "incorrectly dated," as defined by the Supreme Court. Order, *Ball v. Chapman*, No. 102 MM 2022 (Pa. Nov. 1, 2022); *see also* Suppl. Order, *Ball v. Chapman*, 102 MM 2022 (Pa. Nov. 5, 2022). The Court issued those orders[1] for the 2022 General Election despite being evenly divided about whether federal law forbids county boards of elections from

---

[1] As of this date, the Pennsylvania Supreme Court has yet to issue an opinion explaining its reasoning.

disqualifying a ballot solely because the ballot was returned in an envelope that the voter failed to correctly date.

Pennsylvania voters need final resolution of this issue before the next election, which takes place on May 16, 2023. And both the county boards of elections and the Department of State need final resolution of this issue before they administer another election. Further delay likely means that qualified voters will be disenfranchised in the 2023 Municipal Primary Election, and risks the sort of last-minute changes that can disrupt election administration.

The Acting Secretary and the Department of State therefore respectfully request that the Court set a schedule for resolving this matter that will permit the entry of final judgment in advance of the upcoming election in May. An expedited schedule should provide voters and election administrators with needed certainty before the next election. It also will avoid the need for any request for emergency injunctive relief should there be a race in the 2023 Municipal Primary Election for which these sorts of ballots are outcome determinative.

In accordance with this request, the Acting Secretary has attached a proposed scheduling order. The Acting Secretary's proposal includes dates for the close of discovery, summary judgment briefing, an evidentiary hearing, and post-hearing submissions. An evidentiary hearing may be necessary to assist the Court in understanding precisely why the envelope date at the center of this case

serves no function in the administration of Pennsylvania elections if any party disputes that fact.

January 20, 2023

Respectfully submitted,

Robert A. Wiygul (Bar No. 310760)
John B. Hill (Bar. No. 328340)
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933

Jacob B. Boyer (Bar. No. 324396)

/s/ *Elizabeth P. Lester-Abdalla*
Elizabeth P. Lester-Abdalla (Bar. No. 327276)
Deputy Attorneys General

OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Elester-abdalla@attorneygeneral.gov
Phone: (215) 970-0933

*Counsel for Acting Secretary of the Commonwealth Al Schmidt*

4

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AL SCHMIDT, *in his official capacity as Acting Secretary of the Commonwealth*, *et al.*, <br><br> Defendants. | No. 1:22-cv-339 <br> Judge Susan Paradise Baxter |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____ 2023,

IT IS HEREBY ORDERED that the parties shall abide by the following schedule:

By January 31, 2023, plaintiffs must disclose any expert witnesses and produce any expert reports.

By February 14, 2023, defendants must disclose any experts and produce any expert reports.

By March 3, 2023, expert and fact discovery shall close.

By March 13, 2023, parties shall file any motions for summary judgment pursuant to Federal Rule of Civil Procedure 56 and in accordance with Local Rule of Civil Procedure 56.

By March 20, 2023, parties shall file any responses to motions for summary judgment.

By March 27, 2023, parties shall file any replies in support of motions for summary judgment.

To the extent there are disputed issues of material fact, the Court shall hold an evidentiary hearing on April 4, 2023.  If no motions for summary judgment are filed, the Court may schedule the evidentiary hearing for an earlier date.

By no later than 7 days after the evidentiary hearing, if any, the parties shall submit proposed findings of fact and conclusions of law.


_____
SUSAN PARADISE BAXTER
United States District Judge

2