IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, PHILADELPHIANS ORGANIZED TO WITNESS, EMPOWER AND REBUILD, COMMON CAUSE PENNSYLVANIA, BLACK POLITICAL EMPOWERMENT PROJECT, MAKE THE ROAD PENNSYLVANIA, JEAN TERRIZZI, BARRY M. SEASTEAD, MARJORIE BOYLE, MARLENE G. GUTIERREZ, DEBORAH DIEHL, AYNNE MARGARET PLEBAN POLINSKI, JOEL BENCAN, and LAURENCE M. SMITH,<br><br>*Plaintiffs,*<br><br>  v.<br><br>LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth, and ALL 67 COUNTY BOARDS OF ELECTIONS,<br><br>*Defendants,* | Civ. No.  22-339 |

### JOINT BRIEF OF DEFENDANTS ALLEGHENY, BUCKS, CHESTER, AND MONTGOMERY COUNTY BOARDS OF ELECTIONS PURSUANT TO THE COURT'S JANUARY 9, 2023 ORDER

Defendants Allegheny County Board of Elections, Bucks County Board of Elections, Chester County Board of Elections, and Montgomery County Board of Elections, (collectively, "the County Boards"), by and through their attorneys, hereby submit this brief pursuant the Court's January 9, 2023 Order directing the parties to address the question of whether resolution of this matter should be expedited. The County Boards respectfully request that the Court expedites resolution of this matter in accordance with the below proposed schedule.

1

The Court may order a speedy hearing of a declaratory-judgement action. Fed. R. Civ. P. 57; *see National Basketball Ass'n v. Williams*, 857 F.Supp. 1069, 1071 n.1 (S.DN.Y. 1994) (holding that FRCP 57 allows for expedited treatment of declaratory-judgement actions), *aff'd*, 45 F.3d 684 (2d Cir. 1995). Beyond the general warrant for a district court to permit a speedy hearing, Rule 57 does not provide specific guidance as to the circumstances in which an expedited proceeding will be appropriate. However, district courts have universally held that they have broad discretion in deciding whether expedited proceedings are warranted and that this discretion stems from their "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Walsh/Granite JV v. HDR Engineering*, Inc.,2018 WL 10228381 (W.D. Pa. Jan. 3, 2018). *See also Tri-State Generation and Transmission Association, Inc. v. BNSF Railway Co.*, 2008 WL 2465407 (D. Ariz. June 17, 2008) ("[I]t is within the Court's discretion to order a speedy hearing on Plaintiffs' declaratory judgment claim.").

District courts have looked to various factors when considering whether to expedite proceedings under Rule 57, including whether expediting determination of the requested declaratory judgment will streamline and narrow issues for discovery and trial, even if it will not entirely resolve the controversy. *Allergan v. Valeant Pharmaceuticals Int., Inc.*, 2014 WL 4181457, *3 (C.D. Cal. Aug. 21, 2014) ("One factor that a district court may consider is whether declaratory judgment would 'terminate the controversy' or at least substantially narrow the issues." (citations omitted)). Expedited proceedings on a motion for declaratory judgment are

appropriate where the determination is largely one of law, and factual issues (while expedited discovery is permitted and frequently granted) are not predominant. *See Summary proceeding and speedy hearing of declaratory judgment action*, 10 Fed. Proc. L. Ed. § 23:56 (2020).

The underlying question at issue in the case before this Court stems from a decision of the Supreme Court of Pennsylvania issued on November 1, 2022, *Ball v. Chapman*, 284 A.3d 1198, 1192 (Pa. 2022). The Pennsylvania Supreme Court held that Pennsylvania state law prohibits County boards of elections from counting undated or incorrectly dated mail-in and absentee ballots. The Pennsylvania Supreme Court also considered whether or not failing to count such ballots violates the materiality provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B), but was evenly divided on that issue. *See Ball v. Chapman*, 284 A.3d 1198, 1192 (Pa. 2022). The materiality provision prohibits states from disqualifying timely and eligible votes due to immaterial paperwork. 52 U.S.C. § 10101(a)(2)(B). It was enacted to end trivial prerequisites to voting that "served no purpose other than as a means to inducing voter-generated errors that could be used to justify" denying the right to vote. *Fla. State Conf. of NAACP v. Browning*, 522 F.3d 1153, 1173 (11th Cir. 2008).

In *Ball*, the County Boards argued that the date requirement in 25 P.S. § 3146.6(a) and § 3150.16(a) violates the materiality provision of the Civil Rights Act. The County Boards maintain that position today and believe that the Supreme Court of Pennsylvania has ordered the County Boards to violate federal law. As such, it would be untenable for another election to occur without the state of the law

clarified.[1] *See County of Morris v. Nationalist Movement*, 273 F.3d 527 (3d. Cir. 2001) (holding that expedited proceedings are especially warranted where there are imminent or ongoing violations of important rights). Therefore, the County Boards agree with Plaintiffs that this case must be adjudicated with all deliberate speed and urges this Court to declare that the denial of the right to vote because of the immaterial omission of a correct, handwritten date violates the Civil Rights Act.

In accordance with the Court's January 9, 2023 Order and in consideration of the above, the County Boards respectfully request that the Court implement the following schedule proposed by Plaintiffs:

| | |
|---|---|
| January 31, 2023: | Written fact discovery closes. |
| January 31, 2023: | Plaintiffs' expert report(s) due (Plaintiffs currently expect to proffer one expert witness). |
| February 2, 2023: | Opposition to motion/s to dismiss due. |
| February 14, 2023: | Defendants' expert report(s), if any, due. |
| March 3, 2023: | Expert and fact discovery closes. |
| March 17, 2023: | Deadline for dispositive motions, if any. (We would suggest foregoing them in favor of a hearing, or else using them as a vehicle to submit the paper record in advance of the hearing and melding responsive briefing with post-hearing briefs) |
| Week of March 20: | Short evidentiary hearing (if necessary to supplement what we hope can be a largely stipulated/undisputed record). |
| One week after close of hearing: | Plaintiffs' proposed Findings of Fact and Conclusions of Law. |

---

[1] The County Boards would like to note that the case in *Ball* was brought directly before the Pennsylvania Supreme Court after the Court determined the legality of discounting undated ballots was of such immediate importance that it warranted the exercise of its extraordinary power of King's Bench Jurisdiction. The County Boards further wish to note that certain intervenors in the present case who currently oppose expedited disposition of this issue took the position in *Ball* this question was so important that it necessitated requesting the Court to exercise this extraordinary power.

| | |
|---|---|
| One week thereafter: | Defendants' proposed Findings of Fact and Conclusions of Law. |
| One week thereafter: | Plaintiffs' response to Defendants' proposed Findings and Conclusions. |
| May 16, 2023: | Pennsylvania primary elections. |

Respectfully submitted,

Dated: January 20, 2023

**COUNTY OF CHESTER**

/s/ *Colleen M. Frens*
Colleen M. Frens (*pro hac vice*)
PA 309604
Chester County Solicitor's Office
313 W. Market Street, Suite 6702
West Chester PA 19380
T.: 610-344-6195
E.: cfrens@chesco.org
*Counsel for Defendant Chester County Board of Elections*

**COUNTY OF BUCKS**

/s/ *Amy M. Fitzpatrick*
Amy M. Fitzpatrick (*pro hac vice*)
PA 324672
Law Department, County of Bucks
55 E. Court Street
Doylestown, PA 18901
T: 215-348-6008
E: amfitzpatrick@buckscounty.org
*Counsel for Defendant Bucks County Board of Elections*

**MONTGOMERY COUNTY**

/s/ *John A. Marlatt*
John A. Marlatt
PA 210141
Montgomery County Solicitor's Office
PO Box 311
Norristown, PA 19404
*Counsel for Respondent Montgomery County Board of Elections*

**ALLEGHENY COUNTY**

/s/ *George M. Janocsko*
George M. Janocsko (PA 26408)
Allan J. Opsitnick (PA 28126)
Lisa G. Michel (PA 59997)
Allegheny County Law Department
445 Fort Pitt Boulevard
Fort Pitt Commons Suite 300
Pittsburgh, PA 15129
george.janocsko@alleghenycounty.us
opsitnick@opsitnickslaw.com
lisa.michel@alleghenycounty.us
T (412) 350-1120
*Counsel for the Allegheny County Board of Elections*

## CERTIFICATE OF CONSENT

I hereby certify that I have obtained the consent of the non-filing signatories to this Joint Brief—the above-listed counsel for Defendants for Bucks and Montgomery County Boards of Elections.

Dated: January 20, 2023　　　　　　　By:　　/s/ *Colleen M. Frens*

　　　　　　　　　　　　　　　　　　　　　Colleen M. Frens (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Solicitor, County of Chester
　　　　　　　　　　　　　　　　　　　　　PA 309604
　　　　　　　　　　　　　　　　　　　　　313 W. Market Street, Suite 6702
　　　　　　　　　　　　　　　　　　　　　West Chester PA 19380
　　　　　　　　　　　　　　　　　　　　　T.: 610-344-6195
　　　　　　　　　　　　　　　　　　　　　E.: cfrens@chesco.org
　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Chester County Board of Elections*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and LCvR 5.6, the undersigned hereby certifies that the foregoing document was electronically filed on the below date with the Court's CM/ECF system, which transmitted a Notice of Electronic Filing of the filed document on counsel of record and/or each party in the case who is registered as a Filing User.

Dated: January 20, 2023            By:    /s/ *Colleen M. Frens*

                                                 Colleen M. Frens (*pro hac vice*)
Solicitor, County of Chester
PA 309604
313 W. Market Street, Suite 6702
West Chester PA 19380
T.: 610-344-6195
E.: cfrens@chesco.org
*Counsel for Defendant Chester County Board of Elections*