IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, et al, <br>     Plaintiffs, <br><br> v. <br><br> LEIGH CHAPMAN, <br> Acting Secretary, et al, <br>     Defendants. | Case No. 1:22-CV-339 |

## CASE MANAGEMENT ORDER

While all parties seek an accelerated resolution to this matter, the parties disagree as to the speed with which this case should proceed. Some seek the fast track, while others seek something a bit more measured. Either way, it has been made clear by the parties that the issues raised herein will not ultimately be decided by this trial level court, and as such, the hyper-expedited track will not provide the final determination sought by some parties by the primary election. Therefore, although the case will proceed with all deliberate speed, the deadlines below will serve justice without setting unrealistic expectations of time on the litigants.

As a general matter, all counsel must familiarize themselves with the Practices and Procedures of the undersigned available through the Court's website at www.pawd.uscourts.gov. Counsel will be held responsible for complying with these practices and procedures. As to the schedule moving forward, it is hereby

ORDERED:

    Initial disclosures pursuant to Fed.R.Civ.P. 26(a) shall be made by **February 10, 2023.**

1

Fact discovery, which is already proceeding apace, shall be completed by **February 17, 2023.**

All expert reports shall be served by **February 24, 2023** and expert discovery shall close by **March 17, 2023**.

**Motions to compel discovery shall not be filed on the docket until after the Court is notified. The movant must telephone Chambers immediately prior to filing the motion.** The Court will then set a telephonic conference to resolve the motion. The discovery at issue, along with a certificate of conferral between the appropriate parties, shall be attached to the motion. No brief, either in support or in opposition, shall be filed, unless otherwise directed by the Court.

Pursuant to Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered:

> a) If a party (the "Producing Party") discloses information in connection with the pending litigation that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture, in this or any other federal, state, arbitration, or any other proceeding, of any claim of privilege or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.
>
> b) The producing party must promptly notify the party receiving the Protected Information (the "Receiving Party"), in writing that it has

disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include as specific an explanation as possible why the Protected Information is covered by the attorney- client privilege and/or constitutes trial preparation material upon such notification, the Receiving Party must, unless it contests the claim of attorney-privilege or protection as trial preparation material, promptly notify the Producing party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and provide a certification that it will cease further review, dissemination and use of the Protected Information.

c) If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must, within 30 days of receipt of the notification referenced above, move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstances of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

d) The parties may stipulate to extend the time periods set forth above. The Disclosing Party retains the burden of establishing the privileged or protected nature of the Protected Information. This Order does not preclude a party from voluntarily waving the attorney-client privilege or trial preparation material protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

e) Rule 502(b)(2). The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

IT IS FURTHER ORDERED that dispositive motions shall be due by **April 21, 2023** and oppositions thereto shall be due by **May 5, 2023**. Any reply briefs may be filed by **May 10, 2023**.

    a) **Concise Statements -** Strict compliance with the provisions of Local Rule 56 is required. Every motion for summary judgment and supporting brief, if based on the affirmative proof of facts, **shall be accompanied by a Concise Statement of Material Facts** not in dispute. This statement shall contain numbered paragraphs setting forth all of the facts supporting the motion which are necessary for its resolution. Each factual assertion shall cite to evidentiary materials accompanying the motion. There is no page limitation for Concise Statements.

Documents referenced in the Concise Statement shall be included in a separate appendix. The evidentiary materials included in the appendix shall be limited to the amount necessary to support the motion.

b) **Responsive Concise Statements** - Each party opposing a motion for summary judgment shall file in addition to its brief in opposition, **<u>a response to the moving party's Concise Statement of Material Facts</u>**. In paragraphs corresponding to those of the Concise Statement, the opposing party shall state whether the facts listed are disputed. For any disputed fact, the opposing party shall cite to evidentiary material demonstrating the dispute and attach such evidentiary material in an Appendix. **<u>When responding to the Concise Statement of Material Facts, the responding party must include a reprint of each original fact statement, followed by the response, seriatim.</u>** There is no page limitation for Responses to Concise Statements.

The Responsive Concise Statement may also contain any other material facts, set forth in separately numbered paragraphs with appropriate citation to the evidentiary material contained in the Appendix, that are necessary for the Court to determine the motion for summary judgment.

Any new material fact raised in the Responsive Concise Statement must be addressed by the opposing party in the same manner as the Responsive Concise Statement addressed the material facts raised in the Concise Statement.

c) **Admission of Material Facts** - As provided by Local Rule 56, alleged material facts set forth in the moving party's Concise Statement of Material

Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate responsive concise statement of the opposing party.

IT IS FURTHER ORDERED that, to the extent that parties wish to move for an evidentiary hearing, they may do so by **May 5, 2023** by filing a motion explaining the need for such a hearing in detail.

IT IS FURTHER ORDERED that the pendency of the motion to dismiss, as well as any other motion, will not stay the time periods set forth in, nor affect any other compliance requirements of, this Case Management Order.

_____
SUSAN PARADISE BAXTER
United States District Judge