IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>　　　　　　　　*Plaintiffs*,<br>　v.<br>AL SCHMIDT, in his official capacity as Acting Secretary of the Commonwealth, *et al.*,<br><br>　　　　　　　　*Defendants*. | Case No. 1:22-cv-00339-SPB |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENTS MARKED CONFIDENTIAL PROVISIONALLY UNDER SEAL**

　　Plaintiffs request leave to file provisionally under seal a "Provisionally-Sealed Appendix," to include any information certain defendants marked confidential under the Protective Order on which Plaintiffs intend to rely in their Statement of Material Facts and Motion for Summary Judgment. In support of this motion, Plaintiffs state as follows:

　　1.　The Protective Order entered in this case on February 7, 2023 permits parties to "designate as 'Confidential' documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good-faith basis for asserting is confidential under the applicable legal standards." Dkt. 230, ¶ 3.

　　2.　The Protective Order directs that: "In the event that any party wishes to submit 'Confidential' information to the Court, such party shall follow the

procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal." Dkt. 230, ¶ 4.

3. Pursuant to the Court's Case Management Order of January 31, 2023, dispositive motions are due by April 21, 2023, with oppositions thereto due May 5, 2023. *See* Dkt. 207.

4. Plaintiffs anticipate that their Statement of Material Facts and Motion for Summary Judgment will rely in part on material that has been designated "Confidential" pursuant to the Protective Order. Plaintiffs do not dispute the propriety of the "Confidential" designation as to any of the documents they intend to file in connection with their forthcoming Motion for Summary Judgment. This Court's rules require that documents referenced in Statement of Material Facts must be included in an accompanying appendix. W.D. Pa. L. Civ. R. 56(b)(3).

5. Plaintiffs recognize that, per the Third Circuit's ruling in *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019), there is a "strong presumption" of public access to judicial records but that this common-law presumption "is not absolute" and may be rebutted by the party seeking nondisclosure. *Id.* at 672–73 (internal quotations and citation omitted).

6. To overcome the presumption of access under the common law, a district court must articulate "the compelling, countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested third parties to be heard." *Id.* at 672–73 (internal quotations and citations omitted). Additionally, the district court must conduct a

document-by-document review of the contents of the challenged documents. *Id.* at 673 (internal quotations omitted).

7. On April 21, 2023, Plaintiffs intend to file the Statement of Material Facts, Motion for Summary Judgment, and an Appendix containing the materials that have not been marked "Confidential" on the docket. To effectuate the process of ascertaining whether any material marked "Confidential" should be sealed to the public, Plaintiffs request the Court's leave to file a "Provisionally-Sealed Appendix," to include all information marked "Confidential" on which Plaintiffs rely in their Statement of Material Facts and Motion for Summary Judgment, provisionally under seal on April 21, 2023.

8. Plaintiffs attach a proposed order granting leave to file the Provisionally-Sealed Appendix and setting forth a proposed schedule to give the Court the opportunity to review the specific documents at issue, consistent with *In re Avandia*, and for the parties to support or oppose any requested seal with particularized facts for the Court's consideration. Specifically, Plaintiffs propose that the seal as to any document shall be automatically lifted unless, within ten (10) business days (excluding any federal holidays) after the material is filed provisionally under seal, the party that marked the material "Confidential" files a motion seeking continued sealing of any information it believes meets the Third Circuit's standards for remaining under seal. If such a motion is filed, the opposing party shall then have ten (10) business days (excluding any federal holidays) to file a response.

Dated: April 18, 2023

Witold J. Walczak (PA 62976)
AMERICAN CIVIL LIBERTIES UNION OF
PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
Tel: (412) 681-7736
vwalczak@aclupa.org

Marian K. Schneider (PA 50337)
Stephen Loney (PA 202535)
AMERICAN CIVIL LIBERTIES UNION OF
PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
mschneider@aclupa.org
sloney@aclupa.org

David Newmann (PA 82401)
Brittany C. Armour (PA 324455)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4610
david.newmann@hoganlovells.com
Brittany.armour@hoganlovells.com

Elizabeth Femia
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3813
Lisa.femia@hoganlovells.com

Respectfully submitted,

 /s/ Megan C. Keenan
Megan C. Keenan
Ari J. Savitzky
Sophia Lin Lakin
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
asavitzky@aclu.org
mkeenan@aclu.org
slakin@aclu.org
acepedaderieux@aclu.org

*Counsel for the Pennsylvania State Conference of the NAACP, League of Women Voters of Pennsylvania, Philadelphians Organized to Witness, Empower and Rebuild, Common Cause Pennsylvania, Black Political Empowerment Project, Make the Road Pennsylvania, Barry M. Seastead, Marlene G. Gutierrez, Aynne Margaret Pleban Polinski, Joel Bencan, and Laurence M. Smith*