IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNYSLVANIA STATE CONFERENCE ) <br> OF THE NAACP, et al, ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> AL SCHMIDT, ) <br> Acting Secretary of the Commonwealth, et al, ) <br>     Defendants. ) | Civil Action No. 1:22-CV-339 |

**O R D E R**

This action challenges the Commonwealth's application of the Date Requirement invalidating mail-in ballots. Six organizational-Plaintiffs challenge the disqualification of undated and incorrectly dated mail-in ballots and allege that their members are at risk of future disenfranchisement, while five individual-Plaintiffs allege that they were disenfranchised by the actions of the Secretary of the Commonwealth and each county Board of Elections in the November 2022 midterm election. ECF No. 121, ¶ 5. Plaintiffs allege that the actions of Defendants infringe on their rights under both the Federal Materiality Provision of the Voting Rights Act and the Equal Protection Clause of the Fourteenth Amendment. The relief Plaintiffs seek is primarily injunctive and declaratory. The Republican Committees were allowed to intervene as of right under Federal Rule of Civil Procedure 24(a). ECF No. 167.

Presently before the Court are cross-motions for summary judgment filed by Plaintiffs and by the Intervenor-Defendants. ECF No. 274; ECF No. 270. Additionally, Lancaster County Board of Elections filed a motion for summary judgment in which Berks County Board of Elections joins. ECF No. 267; ECF No. 269. Some parties have filed opposition briefs and even

reply briefs. At first consideration, this case would seem to be fully briefed and ripe for disposition.

However, because the Acting Secretary of the Commonwealth acquiesces to Plaintiffs' view of the application of the Date Requirement and advocates that summary judgment be granted against itself and in favor of Plaintiff on the Materiality Provision challenge,[1] additional briefing focused on the issue of jurisdiction will be taken. *Moore v. Harper*, 600 U.S. ___, ___, 2023 WL 4187750, at *6 (June 27, 2023) ("Before turning to the merits, we must determine as a threshold matter that we have jurisdiction. The Constitution provides for our jurisdiction over Case and Controversies. Art. III, § 2. That constitutional requirement ensures that the parties before us retain a 'personal stake in the litigation.'") (cleaned up); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and where there is a question as to our authority to hear a dispute, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits."); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) ("[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction…").

AND NOW, this 14th day of August 2023,

IT IS HEREBY ORDERED that Plaintiffs, Intervenor-Defendants, and Defendant Secretary **shall** file a brief addressing jurisdiction of this Court. Any other party to this action

---

[1] *See* ECF No. 298, at page 6 ("Under § 10101(a)(2)(b), then, omitting that date cannot be the reason for canceling an eligible voter's ballot and plaintiffs should be granted judgment in their favor on Count I."); at page 29 ("[T]he Court should grant plaintiffs' motion for summary judgment as to Count I and deny the RNC's cross motion as to that count."). *See also* ECF No. 154 (Secretary's Answer to Amended Complaint).

**may** file a brief. All jurisdictional briefs are limited to fifteen (15) pages in length and must be filed by September 1, 2023.

<u>s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States District Judge
