UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br>　　　　　　　　Plaintiffs, <br><br>　　　v. <br><br>AL SCHMIDT, *in his official capacity as Secretary of the Commonwealth*, *et al.*, <br><br>　　　　　　　　Defendants. | No. 1:22-cv-339 <br> Judge Susan Paradise Baxter |

## SECRETARY OF THE COMMONWEALTH AL SCHMIDT'S BRIEF ON JURISDICTION

　　The Secretary of the Commonwealth's agreement with plaintiffs that 52 U.S.C. § 10101(a)(2)(b) forbids county boards of elections from cancelling an eligible voter's ballot merely because the voter failed to write a proper date on the declaration returned with the ballot does not deprive this Court of jurisdiction.

　　Article III empowers federal courts to adjudicate "Cases" and "Controversies." U.S. Const. art. III, § 2. Federal jurisdiction therefore exists when there are real disputes "between parties having adverse legal interests." *MedImmune, Inc., v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941)) (explaining when, under Article III and Declaratory Judgment Act, declaratory judgment actions are justiciable). For

three independent reasons, this is such a dispute irrespective of the Secretary's view of the proper interpretation and application of § 10101(a)(2)(B).

First, the Secretary is not the only named defendant. Every county board of elections is a named defendant too. Three of those boards—the board for each of Berks, Lancaster, and Westmoreland county—have opposed plaintiffs' motion for summary judgment. *See* Lancaster Response to Plfs.' Mot. for Summ. J. (ECF No. 294); Westmoreland Response to Plfs.' Mot. for Summ. J. (ECF No. 297); Berks Response to Plfs.' Mot. for Summ. J. (ECF No. 309). Their opposition establishes the requisite adversity for federal jurisdiction regardless of the Secretary's position in this litigation.

In fact, the circumstances here are indistinguishable from those of *Goosby v. Osser*, 409 U.S. 512 (1973). Plaintiffs alleged in *Goosby* that Pennsylvania's Election Code was unconstitutional because it denied individuals who were jailed before trial an opportunity to vote. *Id.* at 514-15. Two named defendants— Pennsylvania's Attorney General and the Secretary of the Commonwealth—agreed with plaintiffs' position. *Id.* But a collection of municipal-level defendants— including Philadelphia's Board of Elections—defended the constitutionality of Pennsylvania's Election Code. *Id.* The Supreme Court ruled that the district court "clearly erred in holding that the concession of the Commonwealth officials foreclosed the existence of a case or controversy." *Id.* at 516. Because county

election officials in Pennsylvania were not required to adhere to the Secretary's view of the law—which is true here as well—Philadelphia's opposition satisfied Article III's "Controversy" requirement. *Id.* at 517. Commonwealth officials' concession "could not have the effect of dissipating the existence of a case or controversy." *Id.*

Second, although the Secretary believes that, under federal law, ballots cannot be cancelled merely because the return envelope's declaration was not properly dated, the Supreme Court of Pennsylvania has ordered that any ballot returned with a declaration lacking a date, or lacking a correct date, may not be counted. *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023) (opinion); *see also Ball v. Chapman*, 284 A.3d 1189 (Mem.) (Pa. 2022) (order). Consistent with the order in *Ball*, the Department of State's current guidance states that, "[i]f the Voter's Declaration on the return envelope is not signed or dated, or is dated with a date deemed to be incorrect, that ballot return envelope must be set aside and the ballot not counted." *See Guidance Concerning Examination of Absentee and Mail-In Ballot Return Envelopes* at 3, Pa. Dep't of State (Apr. 3, 2023). County boards of elections likewise are abiding by the order in *Ball* no matter their view of what 52 U.S.C. § 10101(a)(2)(B) requires. *See* Plfs.' SOF ¶¶ 37-39 (ECF No. 283) (establishing that no county counted ballots in the 2022 General Election if the voter failed to write a date on their declaration).

This compliance with the order from *Ball*, which is directly contrary to plaintiffs' requested relief, separately establishes the required controversy. The

Supreme Court held as much in *INS v. Chadha*, 462 U.S. 919 (1983). Chadha had sued the INS to enjoin his deportation proceedings. *Id.* at 927-28. Those proceedings were happening only because the U.S. House, under power conferred by the Immigration and Nationality Act, had passed a resolution vetoing the Attorney General's decision not to deport Chadha. *Id.* From the start of the litigation, Chadha and the INS agreed that the congressional veto of the Attorney General's decision was unconstitutional. *Id.* at 939. Even still, there was a controversy because, absent a court order, the INS intended to deport Chadha notwithstanding its view that the congressional veto was unconstitutional. *Id.* at 939-40. Indeed, there was a controversy even when the INS and Chadha were the only two parties to the case because there is jurisdiction when a government actor, such as the Secretary in this case, "intend[s] to enforce the challenged law" against a plaintiff despite believing that doing so would be illegal. *Id.* at 939-40 & n.12.

Third, the RNC intervened here and opposes plaintiffs' request for summary judgment. RNC Response to Plfs.' Mot. for Summ. J. (ECF No. 304). With that intervention, "concrete adverseness is beyond doubt." *Chadha*, 462 U.S. at 939; *see also id.* at 931 n.6 (explaining that "controversy clearly exists" because the U.S. House and U.S. Senate had intervened to oppose plaintiffs' constitutional arguments).

For each of these reasons, this court has jurisdiction over this matter even though the Secretary agrees with plaintiffs that 52 U.S.C. § 10101(a)(2)(b) prohibits cancelling absentee or mail-in ballots on the basis of a voter's failure to properly date the accompanying declaration.

| | |
|---|---|
| August 30, 2023 | Respectfully submitted, |

| | |
|---|---|
| Robert A. Wiygul (Bar. No. 310760)<br>John B. Hill (Bar. No. 328340)<br>HANGLEY ARONCHICK SEGAL<br>PUDLIN & SCHILLER<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103-6933<br><br>Elizabeth Lester-Abdalla (Bar. No. 327276)<br>Deputy Attorney General<br>OFFICE OF ATTORNEY GENERAL<br>1600 Arch Street, Suite 300<br>Philadelphia, PA 19103 | Michael J. Fischer (Bar. No. 322311)<br>Executive Deputy General Counsel<br><br>/s/ *Jacob Boyer*<br>Jacob Boyer (Bar. No. 324396)<br>Deputy General Counsel<br>GOVERNOR'S OFFICE OF<br>GENERAL COUNSEL<br>333 Market Street, 17th Floor<br>Harrisburg, PA 17101<br>(717) 460-6786<br>jacobboyer@pa.gov<br><br>*Counsel for Secretary of the Commonwealth Al Schmidt* |