IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Pennsylvania State Conference of the NAACP, *et al.*,<br><br>            Plaintiffs,<br><br>       v.<br><br>Al Schmidt, *et al.*,<br><br>            Defendants. | Civil Action No. 1:22-cv-00339-SPB |

### INTERVENOR-DEFENDANTS' BRIEF REGARDING JURISDICTION

The Acting Secretary of the Commonwealth's declination to defend the General Assembly's duly enacted Date Requirement, "acquiese[nce] to Plaintiffs' view of application of the Date Requirement[,] and advoc[acy] that summary judgment be granted in favor of itself and in favor of Plaintiffs on the Materiality Provision challenge," ECF No. 336 at 2, does not affect this Court's subject matter jurisdiction over this case. A government defendant's mere agreement with a plaintiff's legal position or request for relief does not defeat Article III jurisdiction or eliminate an "'actual controvers[y] arising between adverse litigants.'" *Whole Women's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) (quoting *Muskrat v. United States*, 219 U.S. 346, 361 (1911)).

The Supreme Court's decision in *United States v. Windsor*, 570 U.S. 744 (2013), is on point. In *Windsor*, the federal executive branch declined to defend the constitutionality of the Defense of Marriage Act. *See* 570 U.S. at 759-63. That declination, however, did not eliminate the live controversy between the plaintiffs and the intervenor Bipartisan Legal Advisory Group of the House of Representatives or result in the plaintiffs receiving the relief they requested. *See id.* The Supreme Court therefore held that the executive branch's litigation position did not defeat Article III jurisdiction or provide a prudential basis not to adjudicate the suit on the merits. *See*

*id.*; *Berger v. N.C. State Conference of the NAACP*, 142 S. Ct. 2191, 2197 (2022) (noting "constituent" parts of state governments sometimes "reach very different judgments about important policy questions and act accordingly"); *Cameron v. EMW Women's Surgical Center*, 142 S. Ct. 1002 (2022) (granting intervention to Kentucky Attorney General to defend state law after "the secretary for Health and Family Services elected to acquiesce" in the plaintiff's position).

Here as well, the Acting Secretary's acquiescence in Plaintiffs' requested relief does not defeat a "justiciable controversy." *Windsor*, 570 U.S. at 756. Multiple parties—including Intervenor-Defendants and at least two county boards of elections, *see* ECF No. 267 (Lancaster County); ECF. No. 269 (Berks County)—oppose Plaintiffs' request for relief. Intervenor-Defendants and those county boards of elections continue "to defend with vigor" against Plaintiffs' suit, preserving a live and justiciable case or controversy within the meaning of Article III. *Windsor*, 570 U.S. at 760; *see also United States v. Johnson*, 319 U.S. 302, 305 (1943) (per curiam) (sufficient adversity to satisfy Article III exists where there is an "honest and actual antagonistic assertion of rights to be adjudicated" (internal quotation marks omitted)).

Moreover, entry of summary judgment (or an injunction) against the Acting Secretary would not grant Plaintiffs the remedy they seek. *Compare Windsor*, 570 U.S. at 759-63. After all, any such order would *not* result in any ballots being counted as a matter of Pennsylvania law. Under Pennsylvania law, county boards of elections—rather than the Secretary of the Commonwealth—wield sole authority and responsibility for administering elections and enforcing election laws. *See* 25 P.S. § 2642 (outlining county boards' extensive powers and duties over the administration of elections). That includes the authority to determine the validity of ballots and to count ballots. *See id.* The Secretary of the Commonwealth, by contrast, "does not have control over the County Boards' administration of elections, as the General Assembly conferred such

authority solely upon the County Boards." *Republican National Committee v. Schmidt*, No. 447 M.D. 2022 (Pa. Commw. Ct. Mar. 23, 2023) (slip op. at 19-20).  Indeed, the Secretary repeatedly has admitted that she lacks such authority and control.  *See Chapman v. Berks Cty. Bd. of Elections*, 355 M.D. 2022, 2022 WL 4100998, at *10 (Pa. Commw. Ct. Aug. 19, 2022) (acknowledgment by Secretary that she "does not have authority to direct the Boards to comply with [a court order]"); *see also Berger*, 142 S. Ct. 2191, 2197 (2022) ("Within wide constitutional bounds, States are free to structure themselves as they wish.").  That is why the Pennsylvania Supreme Court in *Ball* directed its order not to count ballots that failed to comply with the Date Requirement *to the county boards*—not the Secretary.  *See Ball v. Chapman*, 284 A.3d 1189, 1192 (Pa. 2022) (per curiam) ("The Pennsylvania county boards of elections are hereby ORDERED to refrain from counting . . . ").  It is also why the Pennsylvania Commonwealth Court recently held that, in a lawsuit challenging the legality of a particular election practice, the Acting Secretary was not an indispensable party: as the court recognized, it could grant relief to the plaintiffs with an order that bound only the county boards of elections.  *Republican National Committee v. Schmidt*, No. 447 M.D. 2022, slip op. at 19-20.  Here as well, Plaintiffs seek relief against county boards of elections, which "suffices to preserve a justiciable suit as required by Article III" notwithstanding the Secretary's decision not to defend the duly enacted Date Requirement.  *Windsor*, 570 U.S. at 759.

Finally, if the Court were to determine that the Acting Secretary's acquiescence in Plaintiffs' requested relief is sufficient to defeat federal court jurisdiction, the Court would also be required to dismiss the parallel suit in *Eakin v. Adams County Board of Elections*, No. 1:22-cv-00340 (W.D. Pa.).  Several defendants in *Eakin* have acquiesced in the *Eakin* plaintiffs' materiality provision challenge and asked the Court to strike down the Date Requirement.  *See Eakin* ECF No. 315 at 3 (five county-board defendants "expressing their strongly held view that this dat[e]

requirement violates the materiality provision" and asking the Court "to declare that the handwritten date requirement should not be enforced"). Thus, if a single defendant's acquiescence in a plaintiff's request for relief is sufficient to defeat Article III jurisdiction, the Court would be required to dismiss both this case and *Eakin*.

Dated: September 1, 2023

Respectfully submitted,

*/s/ Kathleen A. Gallagher*
Kathleen A. Gallagher
PA I.D. #37950
GALLAGHER GIANCOLA LLC
436 Seventh Avenue, 31st Floor
Pittsburgh, PA 15219
Phone: (412) 717-1900
kag@glawfirm.com

John M. Gore *
E. Stewart Crosland
Louis J. Capozzi III*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

Thomas W. King, III
Thomas E. Breth
DILLON, McCANDLESS, KING,
COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA 16001
Phone: (724) 283.2200
tking@dmkcg.com
tbreth@dmkcg.com

*Counsel for Intervenor-Defendants*

* Admitted *pro hac vice*