IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 1:22-cv-00339 ) ) |
| v. | ) Judge Susan P. Baxter ) |
| AL SCHMIDT, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF
## MOTION TO INTERVENE OF RICHARD MARINO

Richard Marino supports and seeks to uphold free and fair elections on behalf of all Pennsylvanians. He therefore moves to intervene in this case for the purpose of appealing the Court's judgment and restoring the General Assembly's commonsense election laws.

Mr. Marino prevailed in his bid for reelection to the Towamencin Township Board of Supervisors under the laws and rules in effect on election day, November 7, 2023. Weeks after election day and after voters had cast their ballots, the Court issued an order and judgment directing the boards of elections in 12 Pennsylvania counties—but not in the other 55 counties—to count absentee and mail-in ballots that failed to comply with the General Assembly's duly enacted date requirement. That post-election order and judgment have flipped the apparent result of Mr. Marino's election: the Montgomery County Board of Elections has included 6 noncompliant ballots in the vote total and declared Mr. Marino's opponent, Kofi Osei, the winner.

Mr. Marino now seeks to intervene in this case for purposes of appealing the Court's judgment. As explained more fully below, Mr. Marino satisfies all of the requirements for intervention under Federal Rule of Civil Procedure 24(a)(2) and, in the alternative, Federal Rule

1

of Civil Procedure 24(b). To enable Mr. Marino to participate fully in the coming appeal, the Court should grant him intervention by December 8, 2023.

## BACKGROUND

Mr. Marino is the vice chairman of the Towamencin Township Board of Supervisors. *See* Marino Decl. ¶ 3 (Ex. 1). In the November 7, 2023 general election, he was the Republican nominee for reelection to the Board of Supervisors. *See id.* ¶ 6. Under the rules in effect on election day—and under which Towamencin Township voters cast their ballots and voted—Mr. Marino prevailed, receiving 4 more votes than his challenger, Democrat Kofi Osei. *See id.* ¶ 7.

This Court's summary judgment order issued two weeks after election day and after voters cast their ballots. *See* ECF No. 347. It nonetheless changed the apparent outcome of the Towamencin Township election. *See* Marino Decl. ¶¶ 7-16. Invoking the Court's order, the Montgomery County Board of Elections counted 6 ballots that failed to comply with the date requirement. *See id.* ¶ 9. Including those noncompliant ballots in the vote total resulted in a tie between Mr. Marino and Mr. Osei. *See id.* ¶ 10. The Montgomery County Board of Elections convened a casting of lots yesterday, November 30, 2023, *see* 25 Pa. Stat. § 3168, through which it declared Mr. Osei the winner, *see id.* ¶¶ 11-12. Mr. Marino intends to exercise his statutory right to contest that outcome. *See id.* ¶ 13. Mr. Marino's current term of office ends on December 31, 2023. *See id.* ¶ 15. Absent a stay or a change in the apparent outcome caused by the Court's order, Mr. Osei will be sworn into office on January 2, 2024. *See id.* If the apparent outcome does not change, Mr. Marino will also be deprived of the compensation he would otherwise be entitled to receive as a Towamencin Township Supervisor. *See id.* ¶ 16.

## ARGUMENT

The Court should grant Mr. Marino intervention of right because he satisfies all four requirements of Rule 24(a). In the alternative, and at a minimum, the Court should grant

permissive intervention under Rule 24(b).  Mr. Marino requests that the Court rule on the motion as soon as possible, and no later than December 8, 2023, to allow him to participate fully in the imminent appeal.

I.    THE COURT SHOULD GRANT MR. MARINO INTERVENTION OF RIGHT

A movant is entitled to intervention of right if (1) he files a "timely motion," (2) he "claims a sufficient "interest" in the litigation (3) that interest "may as a practical matter" be "impair[ed] or impede[d]" by the disposition of the suit, and (4) "existing parties" do not "adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see Harris v. Pernsley*, 820 F.2d 592, 596 (3d. Cir. 1987). Mr. Marino readily meets each of these four requirements.

A.    **This Motion Is Timely**

The timeliness of a motion to intervene is "determined from all the circumstances." *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982).  Specifically, the "timeliness" of an intervention "motion should be assessed in relation to th[e] point in time" when the movant's "need to seek intervention" first "ar[o]se." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 280 (2022); *see also United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1182 (3d Cir. 1994) ("timeliness … should be measured from the point which an applicant knows, or should know, its rights are directly affected by the litigation, not … from the time the applicant learns of the litigation").  Litigants thus may move to intervene after judgment for the sake of participating in appellate proceedings when their basis for intervention arose only after judgment. *See, e.g.*, *Cameron*, 595 U.S. at 279-81; *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394-95 (1977). In such cases, the "critical inquiry" for assessing timeliness "is whether … the intervenor acted promptly *after* the entry of final judgment." *United Airlines*, 432 U.S. at 395-96 (emphasis added).

Here, Mr. Marino seeks to intervene for purpose of appealing the Court's judgment, and his basis for seeking intervention arose only after judgment.  The Court's judgment issued on

3

November 29, 2023. *See* ECF No. 350. Mr. Marino was harmed by the Court's order and judgment on November 30, 2023, when the apparent result of the election was flipped and the Montgomery County Board of Elections declared Mr. Osei the winner. *See supra* p. 2. Mr. Marino files this motion only one day thereafter. No party has yet filed a notice of appeal, and no party will be prejudiced by granting Mr. Marino's intervention now. The motion is timely. *See United Airlines*, 432 U.S. at 390 (motion to intervene to contest final judgment timely when it was filed 18 days after final judgment issued).

### B. Mr. Marino Has A Significant Interest In the Litigation And Appeal

Mr. Marino has several "interest[s] relating to … the subject of the action"—*i.e.*, the date requirement and the Court's order and judgment invalidating that requirement in 12 Pennsylvania counties. Fed. R. Civ. P. 24(a)(2). Courts across the country (including this Court at an earlier stage of this case, *see* ECF No. 167) have recognized that even political party committees have an interest in intervening in cases implicating election laws and procedures under which their supported candidates seek election.[1] It cannot be denied that Mr. Marino, as a political candidate

---

[1] *See La Union Del Pueblo Entero v. Abbott*, 29 F.4th 299 (5th Cir. 2022) (granting intervention of right to county party committees, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee); *United States v. Georgia*, No. 1:21-cv-2575 (N.D. Ga. July 12, 2021) (granting intervention to the RNC, NRSC, and Georgia Republican Party); *Concerned Black Clergy of Metro. Atlanta, Inc. v. Raffensperger*, No. 1:21-cv-1728 (N.D. Ga. June 21, 2021) (granting intervention to the RNC, NRSC, NRCC, and Georgia Republican Party); *Coalition for Good Governance v. Raffensperger*, No. 1:21-cv-02070 (N.D. Ga. June 21, 2021) (same); *New Georgia Project v. Raffensperger*, No. 1:21-cv-1229, 2021 WL 2450647 (N.D. Ga. June 4, 2021) (same); *Ga. State Conf. of the NAACP v. Raffensperger*, No. 1:21-cv-1259 (N.D. Ga. June 4, 2021) (same); *Sixth Dist. of the African Methodist Episcopal Church v. Kemp*, No. 1:21-cv-1284 (N.D. Ga. June 4, 2021) (same); *Asian Ams. Advancing Justice-Atlanta v. Raffensperger*, No. 1:21-cv-1333 (N.D. Ga. June 4, 2021) (same); *VoteAmerica v. Raffensperger*, No. 1:21-cv-1390 (N.D. Ga. June 4, 2021) (same); *Wood v. Raffensperger*, No. 1:20-cv-5155 (N.D. Ga. Dec. 22, 2020) (granting intervention to the DSCC and Democratic Party of Georgia); *Alliance for Retired American's v. Dunlap*, No. CV-20-95 (Me. Super. Ct. Aug. 21, 2020) (granting intervention to the RNC, NRSC, and Republican Party of Maine); *Mi Familia Vota v. Hobbs*, Doc. 25, No. 2:20-cv-1903 (D. Ariz. June 26, 2020) (granting intervention to the RNC and NRSC); *Ariz. Democratic Party v. Hobbs*, Doc. 60, No. 2:20-cv-

in an election whose apparent outcome has been changed by the Court's judgment, has a significant interest in upholding the rules, including the date requirement, under which he won reelection and in appealing the Court's judgment. *See, e.g.*, *Hodgson v. Carpenters Resilient Flooring Loc. Union No. 2212*, 457 F.2d 1364, 1365 (3d Cir. 1972) ("an unsuccessful candidate" has "an interest" under Rule 24(a) "in the outcome of the election"); *Donovan v. Westside Loc. 174*, 783 F.2d 616, 624 (6th Cir. 1986) ("defeated" candidate has a "sufficient" "interest" to intervene in a suit affecting the "certification" of that election); *Kupau v. Yamamoto*, 622 F.2d 449, 457 (9th Cir. 1980) (a "duly elected candidate" has an interest in preserving his or her "opportunity to serve" in office).[2]

---

1143-DLR (D. Ariz. June 26, 2020) (granting intervention to the RNC and Arizona Republican Party); *Swenson v. Bostelmann*, Doc. 38, No. 20-cv-459-wmc (W.D. Wis. June 23, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Edwards v. Vos*, Doc. 27, No. 20-cv-340-wmc (W.D. Wis. June 23, 2020) (same); *League of Women Voters of Minn. Ed. Fund v. Simon*, Doc. 52, No. 20-cv-1205 ECT/TNL (D. Minn. June 23, 2020) (granting intervention to the RNC and Republican Party of Minnesota); *Issa v. Newsom*, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention to the DCCC and Democratic Party of California); *Nielsen v. DeSantis*, Doc. 101, No. 4:20-cv-236-RH (N.D. Fla. May 28, 2020) (granting intervention to the RNC, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v. Andino*, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020) (granting intervention to the South Carolina Republican Party); *Corona v. Cegavske*, Order Granting Mot. to Intervene, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada Republican Party); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020) (granting intervention to the Republican Party of Virginia); *Paher v. Cegavske*, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention to four Democratic Party entities); *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Gear v. Knudson*, Doc. 58, No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) (same); *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) (same); *see also Democratic Exec. Cmte. of Fla. v. Detzner*, No. 4:18-cv-520-MW-MJF (N.D. Fla. Nov. 9, 2018) (granting intervention to the NRSC).

[2] *See also Marshall v. Loc. 299, Int'l Bhd. of Teamsters*, 617 F.2d 154, 155 (6th Cir. 1980) ("unsuccessful candidate" may intervene of right "to set aside the election"); *Craig v. Simon*, 493 F. Supp. 3d 773, 780-81 (D. Minn. 2020) (permitting candidate to intervene in a suit challenging the State's election rules); *Overby v. Simon*, 2020 WL 6391287, at *3 (D. Minn. Nov. 2, 2020) (same); *Corren v. Sorrell*, 151 F. Supp. 3d 479, 495 (D. Vt. 2015) (same); *Hoblock v. Albany Cnty. Bd. of Elections*, 233 F.R.D. 95, 99 (N.D.N.Y. 2005) (same); *Hoffman v. Bucks Cnty. Bd. of Elections*, 1987 WL 14784, at *1 (E.D. Pa. Nov. 16, 1987) (same).

In other words, Mr. Marino has "a substantial and particularized interest in ensuring that Pennsylvania" and the Montgomery County Board of Elections "administer[] free and fair elections." ECF No. 167 at 9; *see also Shays v. FEC*, 414 F.3d 76, 85 (D.C. Cir. 2005) (political candidate has an interest in the "rules" that determine the "competitive environment" for political campaigns). That interest includes interests that are personal to Mr. Marino, such as his personal interests in securing reelection, participating in Board of Supervisors matters, and receiving compensation for his Board of Supervisors service. *See* Marino Decl. ¶ 16. Mr. Marino satisfies Rule 24(a)'s interest requirement.

### C. Mr. Marino's Ability To Protect His Interests May Be Affected Or Impaired By Disposition Of This Action

Rule 24(a)(2)'s impairment inquiry is "practical" and minimal: it asks only whether disposition of the action *may* impair the movant's ability to protect its interests. Fed. R. Civ. P. 24(a)(2); *see also Harris*, 820 F.2d at 596. In evaluating this factor, courts "may consider any significant legal effect on the applicant's interest, including a decision's *stare decisis* effect or a proposed remedy's impact on the applicant for intervention." *Pennsylvania v. President of the U.S.*, 888 F.3d 52, 59 (3d Cir. 2018) (internal quotation marks omitted). The Third Circuit also adheres to a "policy preference which, as a matter of judicial economy, favors intervention over subsequent collateral attacks." *Id*.

Mr. Marino easily satisfies this requirement as well: the Court's order and judgment already *have impaired* his interest by changing the apparent outcome of the Towamencin Township election in which he sought reelection. *See supra* p. 2; *Kupau*, 622 F.2d at 457. Appealing the Court's judgment would allow Mr. Marino to seek redress from that impairment and to undo the "fundamental[] alter[ation]" to the competitive electoral environment in Montgomery County and in Pennsylvania caused by the Court's judgment. *Shays*, 414 F.3d at 86.

6

### D. Mr. Marino's Interests Are Not Adequately Represented By The Existing Defendants

The final requirement for intervention of right does not demand a showing that the representation of the movant's interest is for certain inadequate, only that it "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). This burden too is "minimal." *Id.*; *President of the United States*, 888 F.3d at 60. Indeed, courts are generally "liberal" in finding this requirement satisfied, because "in most cases … the applicant is the best judge of the representation of the applicant's own interests." 7C Wright & Miller, *Federal Practice and Procedure* § 1909 (3d ed. Apr. 2023 update).

Mr. Marino once again easily carries it. No party to this litigation shares—much less represents—Mr. Marino's personal interests in securing reelection, participating in Board of Supervisors matters, and receiving compensation for his Board of Supervisors service. *See* Marino Decl. ¶ 16. Thus, the plain text of Rule 24(a) is satisfied: *no* "existing part[y] . . . represent[s]"— "adequately" or otherwise—any of Mr. Marino's unique "interest[s] relating to" the date requirement. Fed. R. Civ. P. 24(a)(2); *see also La Union Del Pueblo Entero*, 29 F.4th at 307-09.

Indeed, even though they share many similar interests in securing the election of Republican candidates, the existing Intervenor-Defendants do not share, much less represent, Mr. Marino's personal interest in receiving compensation for his Board of Supervisors service. And the original named Defendants also do not adequately represent Mr. Marino's interests, as several "have explicitly expressed an interest in not participating in the defense of" the date requirement. ECF No. 167 at 10. The Court should grant intervention of right.

### III. ALTERNATIVELY, THE COURT SHOULD GRANT MR. MARINO PERMISSIVE INTERVENTION

Mr. Marino's right to intervene in this case is clear, but even if it were not, the Court should still grant him permissive intervention. Rule 24(b) provides for permissive intervention where a

party timely files a motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Intervention under Rule 24(b) is a "highly discretionary decision" left to the judgment of the district court. *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992); *accord Harris*, 820 F.2d at 597. In exercising its broad discretion under this Rule, the Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

Mr. Marino checks each box for permissive intervention. *First*, his motion is timely for all the reasons explained above. *See supra* Part I.A.

*Second*, Mr. Marino will raise arguments and defenses of the date requirement that share many "common" questions with the parties' claims and defenses. Fed. R. Civ. P. 24(b)(1)(B). Plaintiffs contend that the Date Requirement is unlawful under the federal materiality provision. Mr. Marino disagrees and seeks to vigorously appeal the Court's judgment.

*Finally*, Mr. Marino's intervention will not delay this case or prejudice the parties. As explained above, no notice of appeal has been filed, so intervention will impose no additional delay. *See supra* Part I.A. Mr. Marino will follow any schedule for the appeal, and allowing intervention would prevent any piecemeal litigation or appellate proceedings.

## CONCLUSION

The Court should grant Mr. Marino intervention of right or, in the alternative, permissive intervention by December 8, 2023.

Dated: December 1, 2023

Respectfully submitted,

/s/ Kathleen A. Gallagher
Kathleen A. Gallagher
PA I.D. #37950
THE GALLAGHER FIRM, LLC
436 Seventh Avenue, 31st Floor
Pittsburgh, PA 15219
Phone: (412) 308-5512
kag@gallagherlawllc.com

John M. Gore *
E. Stewart Crosland
Louis J. Capozzi III*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

Thomas W. King, III
Thomas E. Breth
DILLON, McCANDLESS, KING,
COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA 16001
Phone: (724) 283.2200
tking@dmkcg.com
tbreth@dmkcg.com

Counsel for Intervenor-Defendants and Prospective Intervenor Richard Marino

* Admitted pro hac vice