# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 1:22-cv-00339 ) ) |
| v. | ) Judge Susan P. Baxter ) |
| AL SCHMIDT, *et al.*, | ) ) |
| Defendants. | ) |

**RICHARD MARINO'S [PROPOSED] ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Intervenor–Defendant Richard Marino, by and through counsel, files this Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief. Mr. Marino supports free and fair elections for all Pennsylvanians and commonsense, constitutional rules to govern those elections. He therefore denies that Plaintiffs are entitled to any relief on their challenge to the General Assembly's duly enacted date requirement for absentee and mail-in ballots, which the Pennsylvania Supreme Court upheld on November 1, 2022. Any allegation in the First Amended Complaint not explicitly responded to in this Answer is hereby denied.

**INTRODUCTION**

1. Mr. Marino specifically denies the baseless and untrue allegation that mandatory application of the General Assembly's date requirement for absentee and mail-in ballots—which the Pennsylvania Supreme Court upheld on November 1, 2022—results in any individual being "disenfranchised" or involves "an immaterial paperwork error." Mr. Marino denies the remaining allegations in Paragraph 1.

2. Mr. Marino specifically denies the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is a "meaningless technicality" or "utterly immaterial" or involves "a trivial paperwork error." Mr. Marino further denies that mandatory application of the date requirement violates any provision of law, including "the Materiality Provision of the Civil Rights Act." Paragraph 2 sets forth legal conclusions and/or statements to which no response is required. To the extent a further response is required, Mr. Marino denies the remaining allegations in Paragraph 2.

3. Mr. Marino specifically denies the baseless and untrue allegations that mandatory application of the date requirement as prescribed by Pennsylvania law violates any provision of law, including the Materiality Provision and the Equal Protection Clause of the Fourteenth Amendment. Paragraph 3 sets forth legal conclusions and/or statements to which no response is required. To the extent a further response is required, Mr. Marino denies the remaining allegations in Paragraph 3.

4. Mr. Marino specifically denies the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is a "hyper-technical rule[]" that involves "an inconsequential paperwork error" or "disenfranchise[s]" anyone. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies them.

5. Mr. Marino specifically denies the baseless and untrue allegations that mandatory application of the General Assembly's date requirement "disenfranchise[s]" anyone, or that such application takes away anyone's "fundamental right to vote." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore denies them.

6. Mr. Marino denies that anyone "will suffer irreparable harm" from mandatory application of the General Assembly's date requirement. To the extent a further response is required, Mr. Marino denies the remaining allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 7.

8. Paragraph 8 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 8.

9. Paragraph 9 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 9.

10. Paragraph 10 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 10.

## PARTIES

11. Mr. Marino specifically denies the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court puts anyone "at risk of disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them.

12. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. Mr. Marino specifically denies the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court involves "a trivial paperwork mistake" or will "disenfranchise" anyone. Mr. Marino is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14. Mr. Marino specifically denies the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court puts anyone "at risk of disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies them.

15. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16. Mr. Marino specifically denies the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is a "hyper-technical rule[]" that involves a "trivial and immaterial paperwork error[]" or "disenfranchise[s]" anyone. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies them.

17. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20. Mr. Marino specifically denies that the date requirement has any "disenfranchising effects," and that the date requirement rule is "immaterial" or involves an "immaterial paperwork error[]." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies them.

21. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court puts anyone "at risk of disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies them.

22. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23. Mr. Marino specifically denies that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is a "trivial paperwork requirement," that consequences of failing to comply with it are "drastic," that it was "previously understood . . . to be superfluous," or that applying the date requirement would result in "disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies the same.

24. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25. Mr. Marino specifically denies that failure to comply with the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is a "minor error[]," or that application of the date requirement would result in "disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court puts anyone "at risk of disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27. Mr. Marino without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court will "disenfranchise" anyone, that the date requirement is a "trivial" and "technical mail ballot rule[]," or that failure to comply with the date requirement is a "minor" or "trivial paperwork mistake." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court will lead to anyone "facing disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies them.

30. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court will lead to anyone "facing disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies them.

31. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court will lead to anyone "facing disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore denies them.

32. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court will lead to anyone "facing

disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and therefore denies them.

33. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court will lead to anyone "facing disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies them.

34. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court will lead to anyone "facing disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and therefore denies them.

35. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court will lead to anyone "facing disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and therefore denies them.

36. Mr. Marino specifically denies that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court will lead to anyone "facing disenfranchisement." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore denies them.

37. Paragraph 37 is admitted insofar as Defendant Leigh M. Chapman was the Acting Secretary of the Commonwealth of Pennsylvania. Paragraph 37 states legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 37. Paragraph 37 describes the guidance

issued by the Acting Secretary, which speaks for itself and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 37.

38. The allegations in Paragraph 38 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 38.

## FACTS

39. The allegations in Paragraph 39 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 39.

40. The allegations in Paragraph 40 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 40.

41. The allegations in Paragraph 41 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 42.

43. The allegations in Paragraph 43 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 43.

44. Mr. Marino without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them. The allegations in the footnote

accompanying Paragraph 44 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in the footnote accompanying Paragraph 44.

45. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them.

46. Mr. Marino specifically denies that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is "superfluous." Paragraph 46 sets forth legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 46.

47. Paragraph 47 sets forth the history of litigation over the date requirement which history speaks for itself and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 47.

48. Paragraph 48 describes a prior Pennsylvania Supreme Court case which speaks for itself and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 48.

49. Paragraph 49 describes a prior Pennsylvania Supreme Court case which speaks for itself and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 49.

50. Paragraph 50 describes a now-vacated Third Circuit opinion which speaks for itself and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 50.

51. Paragraph 51 describes factual details purportedly from the record in a prior case which speaks for itself and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 51.

52. Paragraph 52 describes matters purportedly from the record in a prior case which speaks for itself and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 52.

53. Paragraph 53 describes matters purportedly from the record in a prior case which speaks for itself and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 53.

54. Paragraph 54 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 54.

55. Paragraph 55 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 55.

56. Paragraph 56 is admitted insofar as David Ritter sought a stay from the U.S. Supreme Court.

57. Paragraph 57 describes past legal proceedings, which speak for themselves, and sets forth legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 57.

58. Paragraph 58 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 58.

59. Paragraph 59 describes past actions of the Acting Secretary of the Commonwealth, which have been superseded by subsequent actions and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 59.

60. Paragraph 60 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations and mischaracterizations in Paragraph 60. Mr. Marino specifically denies any suggestion that the Pennsylvania Supreme Court did anything other than uphold the General Assembly's date requirement for the 2022 general election and beyond.

61. Paragraph 61 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations and mischaracterizations in Paragraph 61. Mr. Marino specifically denies any suggestion that the Pennsylvania Supreme Court did anything other than uphold the General Assembly's date requirement for the 2022 general election and beyond.

62. Paragraph 62 describes recent actions of the Pennsylvania officials, which speak for themselves and do not require a response. To the extent a response is required, Mr. Marino denies the allegations and mischaracterizations in Paragraph 62.

63. Paragraph 63 describes recent actions of the Acting Secretary, which speak for themselves and do not require a response. To the extent a response is required, Mr. Marino denies the allegations and mischaracterizations in Paragraph 63.

64. Paragraph 64 describes a supplemental order from the Pennsylvania Supreme Court which speaks for itself and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 64.

65. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them.

66. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and its subparts and therefore denies them.

67. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and its subparts and therefore denies them.

68. Mr. Marino specifically denies the baseless allegation that the General Assembly's date requirement is "immaterial." Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and therefore denies them.

69. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

70. Mr. Marino specifically denies the baseless allegation that applying the General Assembly's date requirement will "disenfranchise[]" anyone. To the extent a response is required, Mr. Marino denies the remaining allegations in Paragraph 70.

71. Mr. Marino specifically denies the baseless allegations that the General Assembly's date requirement is in any way "meaningless," or that Pennsylvania voters will in any way "lose," by honoring the General Assembly's date requirement that was upheld by the Pennsylvania Supreme Court. Paragraph 71 describes details from a past case which speak for themselves and to which no response is required. To the extent a response is required, Mr. Marino denies those allegations. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore denies them.

72. Paragraph 72 describes details from a past case which speak for themselves and to which no response is required. To the extent a response is required, Mr. Marino denies those

allegations. Mr. Marino is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 and therefore denies them.

73. Mr. Marino specifically denies that applying the General Assembly's date requirement upheld by the Pennsylvania Supreme Court "disenfranchises" anyone. The allegations in Paragraph 73 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, Mr. Marino denies the allegations and mischaracterizations in Paragraph 73.

74. Mr. Marino specifically denies that any judicial intervention is "required," that application of the date requirement would "constitute[] irreparable harm" or "disenfranchise[]" anyone, or that the federal materiality provision or the Fourteenth Amendment requires that ballots not in compliance with the date requirement be counted. Mr. Marino denies the remaining allegations in Paragraph 74.

## COUNT I

75. Mr. Marino reasserts and incorporates by reference his answers in the preceding paragraphs.

76. Paragraph 76 states legal conclusions and/or statements of what the law provides and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 76.

77. Paragraph 77 states legal conclusions and/or statement of what the law provides and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 77.

78. Mr. Marino specifically denies the allegations that failure to comply with the General Assembly's date requirement is an "immaterial paperwork error" and that the ballot

declaration form is a paper "requisite to voting." Paragraph 78 and its subparts state legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 78 and its subparts.

79. Paragraph 79 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 79.

80. Paragraph 80 sets forth legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 80.

81. Paragraph 81 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 81.

82. Mr. Marino specifically denies that failure to comply with the General Assembly's date requirement upheld by the Pennsylvania Supreme Court is an "immaterial error[]," that application of the date requirement is "contrary to the Materiality Provision," and that application of the date requirement "will result in the disenfranchisement of" anyone. Paragraph 82 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 82.

## COUNT II

83. Mr. Marino reasserts and incorporates by reference his answers in the preceding paragraphs.

84. Paragraph 84 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 84.

85. Paragraph 85 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 85.

86. Paragraph 86 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 86.

87. Paragraph 87 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 87. Mr. Marino denies that failing to comply with the date requirement is an "immaterial mistake" or a "trivial paperwork error[]," or that applying the date requirement "disenfranchis[es]" anyone.

88. Paragraph 88 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Mr. Marino denies the allegations in Paragraph 88.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Marino respectfully requests that the Court enter judgment in favor of the Defendants and Intervenor–Defendants and against the Plaintiffs, and grant such other and further relief as the Honorable Court deems necessary and appropriate.

1. Mr. Marino denies the allegations in Paragraph 1, and denies that Plaintiffs are entitled to the relief requested.

2. Mr. Marino denies the allegations in Paragraph 2 and its subparts, and denies that Plaintiffs are entitled to the relief requested.

3. Mr. Marino specifically denies the allegations in Paragraph 3 and its subparts and denies that Plaintiffs are entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, Mr. Marino asserts the following affirmative defenses:

1. The Court lacks subject matter jurisdiction over this action.

2. Plaintiffs lack standing.

3. Plaintiffs' claims are barred by the applicable statutes of limitations.

4. Plaintiffs' claims are barred by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

5. Plaintiffs' Amended Complaint fails to set forth a claim upon which relief can be granted.

6. Plaintiffs' requested relief would have the Court or the Defendants—not the General Assembly—create new laws governing the conduct of elections in Pennsylvania. The

power to regulate elections is exclusively a legislative function. U.S. CONST. art. II, § 1, cl. 2; PA. CONST. Art. VII, § 14(a); *Robinson Twp. v. Commonwealth*, 147 A.2d 536, 583 (Pa. 2016); *Agre v. Wolf*, 284 F. Supp. 3d 591, 620 (E.D. Pa. 2018) (Smith, C.J.). Plaintiffs' requested relief would run contrary to the separation of powers and usurp the General Assembly's authority.

7. Plaintiffs have failed to join indispensable parties to this action.

### PRAYER FOR RELIEF

WHEREFORE, Richard Marino respectfully requests that this Court enter judgment in favor of the Defendants and Intervenor–Defendants and against the Plaintiffs, and grant such other and further relief as the Court deems necessary and appropriate.

Dated:  December 1, 2023                Respectfully submitted,

/s/ Kathleen A. Gallagher
Kathleen A. Gallagher
PA I.D. #37950
THE GALLAGHER FIRM, LLC
436 Seventh Avenue, 31st Floor
Pittsburgh, PA 15219
Phone: (412) 308-5512
kag@gallagherlawllc.com

John M. Gore *
E. Stewart Crosland
Louis J. Capozzi III*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

Thomas W. King, III
Thomas E. Breth
DILLON, McCANDLESS, KING, COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA 16001
Phone: (724) 283.2200
tking@dmkcg.com
tbreth@dmkcg.com

*Counsel for Intervenor-Defendants And Prospective Intervenor Richard Marino*

* Admitted pro hac vice