# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br>         *Plaintiffs*, <br><br>   v. <br><br> AL SCHMIDT, in his official capacity as Acting Secretary of the Commonwealth, *et al.*, <br><br>         *Defendants*. | Case No. 1:22-cv-00339-SPB |

**PLAINTIFFS' OMNIBUS OPPOSITION
TO MARINO'S MOTION TO INTERVENE AND THE MOTION FOR A STAY**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................. 1

BACKGROUND .............................................................................................. 3

ARGUMENT .................................................................................................. 9

I.  MARINO'S POST-JUDGMENT MOTION IS UNTIMELY AND MOOT......... 9

   A.  Marino's Application Is Untimely ..................................................... 10

   B.  Marino Lacks a Protectable Interest That Is at Risk of Being Impaired ....... 14

   C.  Even If Marino Had a Protectable Interest, His Political Party Could Protect It  16

   D.  Permissive Intervention Should Be Denied..................................... 17

II.  NO STAY IS WARRANTED ........................................................... 18

   A.  None of the Movants are Likely to Succeed on the Merits........................... 18

   B.  None of the Movants Face Imminent, Irreparable Harm .............................. 20

   C.  The Public Interest and the Equities Strongly Support Counting All Valid Votes ................................................................................................ 22

CONCLUSION................................................................................................. 25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbott v. Perez,*
  138 S. Ct. 2305 (2018) ............................................................................... 24

*Alt v. U.S. E.P.A.,*
  758 F.3d 588 (4th Cir. 2014) ..................................................................... 13

*Bognet v. Sec'y of Pa.,*
  980 F.3d 336 (3d Cir. 2020), *vacated sub nom. as moot, Bognet v.
  Degraffenreid*, 141 S. Ct. 2508 (2021) ..................................................... 15

*Brody By and Through Sugzdinis v. Spang,*
  957 F.2d 1108 (3d Cir. 1992) ............................................................... 16, 17

*Bush v. Gore,*
  531 U.S. 1046 (2000) ................................................................................. 20

*Bush v. Gore,*
  531 U.S. 98 (2000) ..................................................................................... 25

*Cameron v. EMW Women's Surgical Ctr., P.S.C.,*
  595 U.S. 267 (2022) ................................................................................... 11

*Campbell Soup Co. v. ConAgra, Inc.,*
  977 F.2d 86 (3d Cir. 1992) ........................................................................ 20

*Carson v. Simon,*
  978 F.3d 1051 (8th Cir. 2020) ................................................................... 21

*Com. Of Pa. v. Rizzo,*
  530 F.2d 501 (3d Cir. 1976) ................................................................. 12, 13

*Council of Alt. Pol. Parties v. Hooks,*
  121 F.3d 876 (3d Cir. 1997) ...................................................................... 23

*Donald J. Trump for President, Inc. v. Secretary of Pa.,*
  830 F. App'x 377 (3d Cir. 2020) ............................................................... 22

*Donaldson v. United States,*
  400 U.S. 517 (1971) ................................................................................... 14

*In re Fine Paper Antitrust Litigation*,
    695 F.2d 494 (3d Cir.1982) ................................................................... 10

*Garrett v. PennyMac Loan Servs.*,
    No. 18-CV-00718, 2018 WL 2981266 (M.D. Pa. June 14, 2018) .......................... 20

*Halderman v. Pennhurst State Sch. & Hosp.*,
    612 F.2d 131 (3d Cir. 1979) .................................................................. 10

*Harris v. Pernsley*,
    820 F.2d 592 (3d Cir. 1987) .................................................................... 9

*Kleissler v. U.S. Forest Serv.*,
    157 F.3d 964 (3d Cir. 1998) .................................................................. 14

*La Union del Pueblo Entero v. Abbott*,
    No. 21-CV-0844, 2023 WL 8263348 (W.D. Tex. Nov. 29, 2023) .......................... 19

*Lab. Smart, Inc. v. Tucker*,
    No. CV-22-00357, 2023 WL 3178852 (D. Ariz. May 1, 2023) ............................ 14

*League of Women Voters of N. Carolina v. North Carolina*,
    769 F.3d 224 (4th Cir. 2014) ................................................................. 22

*Liberty Res., Inc. v. Philadelphia Hous. Auth.*,
    395 F. Supp. 2d 206 (E.D. Pa. 2005) ....................................................... 18

*Merrill v. Milligan*,
    142 S. Ct. 879 (2022) .................................................................... 23, 24

*Migliori v. Cohen*,
    36 F.4th 153 (3d Cir. 2022) ..........................................................*passim*

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
    72 F.3d 361 (3d Cir. 1995) ........................................................... 9, 10, 14

*Pa. Gen. Energy Co. v. Grant Twp. E. Run Hellbenders Soc'y, Inc.*,
    658 F. App'x 37 (3d Cir. 2016) .............................................................. 16

*Patriot Party of Pa. v. Mitchell*,
    No. CIV. A. 93-2257, 1993 WL 466522 (E.D. Pa. Aug. 17, 1993) ....................... 13

*Polychrome Int'l Corp. v. Krigger*,
    5 F.3d 1522 (3d Cir. 1993) .................................................................. 16

*Purcell v. Gonzalez*,
    549 U.S. 1 (2006) ..................................................................... 2, 23, 24

*Republican Nat'l Comm. v. Common Cause R.I.*,
    141 S. Ct. 206 (2022) ............................................................................ 24

*In re Revel AC, Inc.*,
    802 F.3d 558 (3d Cir. 2015) ............................................. 18, 20, 22

*Ritter v. Migliori*,
    143 S. Ct. 297 (2022) ............................................................................ 15

*Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pa.*,
    863 F.3d 245 (3d Cir. 2017) .............................................................. 14

*Stuart v. Huff*,
    706 F.3d 345 (4th Cir. 2013) ............................................................ 18

*Trenton Metro. Area Loc. of Am. Postal Workers Union, AFL-CIO v.*
    *United States Postal Serv.*,
    No. CV 06-2319, 2008 WL 11510621 (D.N.J. Dec. 30, 2008) ................ 10

*Trump v. Wisconsin Elections Commission*,
    983 F.3d 919 (7th Cir. 2020) ............................................................ 23

*United Airlines, Inc. v. McDonald*,
    432 U.S. 385 (1977) ............................................................................ 11

*United States v. Alcan Aluminum, Inc.*,
    25 F.3d 1174 (3d Cir. 1994) ..................................................... 10, 11, 13

*Wood v. Raffensperger*,
    981 F.3d 1307 (11th Cir. 2020) ........................................................ 15

*Young Women's Christian Ass'n of Princeton, N. J. v. Kugler*,
    463 F.2d 203 (3d Cir. 1972) .............................................................. 21

**Statutes**

25 P.S. § 3050(a.4)(4) ...................................................................................... 5

25 P.S. § 3146.9 ............................................................................................... 6

25 P.S. § 3150.17 ............................................................................................. 6

25 P.S. § 3154(a) ............................................................................................. 5

25 P.S. § 3154(e) ............................................................................................. 7

25 P.S. § 3154(f) ........................................................................................ 5, 14

25 P.S. §3157 .................................................................................................... 7, 15

25 Pa.C.S.A. § 3511 ................................................................................................ 5

52 U.S.C. § 10101(a)(2)(B) ................................................................................... 19

**Rules**

Fed. R. Civ. P. 24 ................................................................................. 2, 9, 10, 13

Fed. R. Civ. P. 58 ................................................................................................... 8

**Other Authorities**

2023 Municipal Election Calendar, DOS Pennsylvania,
    https://www.dos.pa.gov/VotingElections/CandidatesCommittees/Ru
    nningforOffice/Documents/2023/2023%20Municipal%20Election%20
    Calendar%20FINAL.pdf (last visited Dec. 8, 2023) ................................................. 5

Pet. for Cert., *Ritter v. Migliori*,
    No. 22-1499 (U.S. July 7, 2022) ..................................................................... 15, 19

## INTRODUCTION

Local candidate Richard Marino belatedly seeks to intervene in this action, after this Court's entry of judgment and after the final certification of his electoral loss.  He could have sought to intervene shortly after the Court's summary judgment decision over two weeks ago, once it became clear that six excluded mail ballots would be counted and would thus impact his then-four-vote lead.  He (or the GOP Intervenors, who knew about the close race, and who are represented by the same counsel) could have responded to the Court's order indicating that judgment would enter by November 28 unless further motions were filed.  Marino also could have timely appealed Montgomery County's decision to count the excluded mail ballots in state court, which would have automatically stayed his race's certification.

Instead, Marino waited.  First, he waited to see whether he would win once the ballots were counted.  And then, once they were counted and the race was tied, he waited again to see whether he would win the drawing of lots.  Only after he lost the drawing, after applicable state law deadlines had lapsed, and after the Court had entered judgment in this case with a week's warning to his attorneys, did he seek to intervene here.  His motion should be denied as untimely.

Moreover, having intentionally delayed to gamble with his rights, Marino no longer has a personalized interest in the case to justify intervention.  As in *Migliori*, where the case became moot upon certification, Marino no longer has any concrete stake in this action or any need to be a party, in this Court or on appeal.  And in any case, his political party, which expressly claims to represent his interests, is already in the case and can prosecute any appeal.  Marino's last-minute entry, even as a

permissive matter, would also prejudice the Plaintiffs, complicating a comprehensive record regarding the 2022 elections that the parties worked hard to complete via expedited discovery.   Federal Rules of Civil Procedure 24 guards against the inefficiency and gamesmanship that Marino's intervention motion exemplifies.

Nor are there any grounds for a stay.  Marino and GOP Intervenors do not even try to explain why they have a sufficient likelihood of success on the merits to support one.  Nor can they, given the extensive and undisputed summary judgment record, and the fact that a unanimous Third Circuit panel in *Migliori* rejected nearly identical legal arguments.  Neither Marino nor GOP Intervenors can demonstrate irreparable harm because Montgomery County already certified the election.  And the equities tilt sharply against a stay. Movants are partisan actors, not government entities, and thus cannot invoke *Purcell* principles.  Those principles do not apply here at any rate, because simply opening and counting the timely-received mail ballots of undisputedly qualified voters is a slight shift in the post-election tabulation of ballots, not a change in the election rules that might place any undue burden on election officials, or cause voter confusion, or otherwise complicate voting.  Indeed, the surest way to sow confusion around the 2023 municipal election would be to issue a stay after the results have already been certified.  And the surest way to undermine public confidence in the process (and disserve the public interest) would be to disenfranchise voters whose ballots have already been counted because a candidate who tried and failed to game the process does not wish to accept the result.

Nor does it matter that only certain counties are party to the injunctive aspect of the Court's order.  For one, the Court's declaration of what federal law requires makes no distinction between the various counties.  To the extent that some of the dismissed counties take a risk by ignoring that declaration, that is no basis for a stay.  At any rate, GOP Intervenors identify no reason why different counties having varying election practices necessarily constitutes irreparable harm—indeed, in Pennsylvania, that is often the norm.  That is especially the case here, where none of the handful of statewide contests on the ballot in 2023 were close enough for the affected mail ballots to alter the outcome.  And to the extent that greater uniformity on this issue is the longer-term goal, it will be advanced by the GOP Intervenors' recent appeal, which they are free to expedite.  The public interest strongly supports following federal law and counting every vote.  The motion should be denied.

## BACKGROUND

The Court is familiar with the background facts of this case, which need not be repeated here in detail.  Plaintiffs—non-partisan good government groups and individual voters—filed this action in November 2022, challenging the exclusion of voters' mail ballots solely based on the failure to hand-write a date on the outer mail-ballot return envelope (or their writing a date that their county board of elections deemed for some reason to be "incorrect").  Compl., ECF No. 1; Am. Compl., ECF No. 121.  This practice disenfranchised thousands of qualified, registered Pennsylvania voters in 2022, including the individual plaintiffs.  Mem. Op., ECF No. 347, at 44–72; *see also* Pls.' 56.1 Statement, ECF No. 276, at ¶¶ 22–26, 33–97.

3

Almost immediately after the action was filed, various Republican Party entities, including the Republican Party of Pennsylvania (collectively, GOP Intervenors), and several individuals whose votes were not implicated, sought to intervene. GOP Intervention Mot., ECF No. 27. Plaintiffs did not oppose GOP Intervenors' intervention but did oppose the intervention of voters who lacked any stake in the case beyond their desire to enforce the date requirement on others. The Court granted GOP Intervenors' intervention, but denied intervention as to the voters, holding they did "not have an interest in prohibiting the state from counting other [voters'] ballots." Mem. Order on Mot. to Intervene, ECF No. 167, at 9-10.

Plaintiffs sought expedited discovery in order to resolve the case prior to the May 2023 primary election, but the GOP Intervenors opposed expedition. *See* Pls.' Brief ISO Expedited Schedule, ECF No. 198; GOP Intervenor' Brief Regarding Case Schedule, ECF No. 203. In the end, the Court ordered an expedited schedule, and the parties proceeded to complete document discovery on standing and merits issues, as well as fact and expert depositions by the end of March, consistent with the Court's schedule. *See* Case Management Order, ECF No. 207; Order Granting Motion to Compel (ECF No. 260). The discovery process, which involved written discovery from virtually every one of Pennsylvania's 67 counties as well as the Commonwealth itself, yielded a comprehensive and complete factual record of the extent and bases for rejecting voters' mail ballots based on the envelope-date requirement in the 2022 election. *See* Pls.' 56.1 Stmt. & Appendices I-VI, ECF Nos. 276–282. On the basis of that extensive and undisputed record, Plaintiffs sought summary judgment. *See* Pls.'

Mot. for Summ. J., ECF No. 274; Pls.' Brief ISO MSJ, ECF No. 275. On November 21, the Court issued its 77-page decision granting Plaintiffs' motion and ordering injunctive relief against the Commonwealth and a number of counties, including Montgomery County, whose exclusion of mail ballots in the 2022 election had directly harmed the organizational and individual plaintiffs. *See* Mem. Op., ECF No. 347. The Court also ordered entry of a declaratory judgment in Plaintiffs' favor, holding that denying the right to vote based on an error or omission with the handwritten date on the mail ballot envelope violates federal law. Order, ECF No. 348, at 4.

When the Court's decision issued, the vote-counting process for the November 7, 2023, municipal election, which involved a handful of statewide contests and a large number of county and local elections, was ongoing.[1]  At that point, Richard

---

[1] The Pennsylvania Election Code contemplates that the computation and canvass of votes may take three weeks to conclude. Under the Code, the official computation and canvass of election results must start at 9:00 a.m. on the Friday after the election, 25 P.S. § 3154(a). By 5 p.m. on the Tuesday following the election, the county must submit its first unofficial results to the Pennsylvania Department of State. 25 P.S. § 3154(f). The county continues to compute and canvass the results after that date because military and overseas absentee ballots can arrive up to 7 days after the election. *See* 25 Pa.C.S.A. § 3511. Moreover, provisional ballots voted at polling locations must be adjudicated within 7 days, 25 P.S. § 3050(a.4)(4), but, if any of those ballots are challenged, a hearing must occur for the County Board of Elections to hear the challenges. That hearing occurs within seven days after any challenges. For the 2023 Municipal Election, the Pennsylvania Department of State deemed November 21 as the deadline for counties to finish the computation and canvass of ballots. *See* 2023 Municipal Election Calendar 18, DOS Pennsylvania, https://www.dos.pa.gov/VotingElections/CandidatesCommittees/RunningforOffice/D ocuments/2023/2023%20Municipal%20Election%20Calendar%20FINAL.pdf (last visited Dec. 8, 2023). Whenever the computation and canvass is finished, the results are conditionally certified for five days. 25 P.S. § 3154(a). Unless a petition for recount or an appeal of a county board of election decision has been timely filed, at the expiration of five days, the results are finally certified. 25 P.S. §3154(f).

Marino, a Republican, was winning the Township Supervisor race in Towamencin Township, in Montgomery County, by four votes, but with six mail ballots having been segregated and excluded due to the envelope date issue.  Marino Declaration, ECF No. 355-1, at 7, 9; *see also* Ex. 1 (Screenshot captured Nov. 20, 2023, Unofficial Results of Towamencin Twp. Supervisor Race).

The Towamencin race was so close that on November 20, prior to the issuance of the Court's decision, counsel for the Plaintiffs had contacted all the attorneys in this case, including the attorneys who represent GOP Intervenors (and who now represent Marino) to indicate that they were planning to file an emergency motion in this Court on behalf of one of the six excluded Towamencin voters.  Ex. 2 (Email from S. Loney to K. Mullen et al., dated Nov. 20, 2023).  Later that same day, the Court issued its opinion granting summary judgment to the Plaintiffs.

On November 22, Montgomery County announced that, consistent with the Court's order, it would count 349 mail ballots that had immaterial errors with respect to the envelope date, including six in Towamencin.  Ex. 3 (Press Release dated Nov. 22, 2023, "Montgomery County General Election Certification Postponed Due to Court Ruling"); *see also* Marino Declaration, ECF No. 355-1, at ¶ 9.  The party registration of the six mail-ballot voters was publicly accessible via the Statewide Uniform Registry of Electors (SURE) system.[2]

---

[2] *See* "Statewide Mail-Ballot File Request" form, which provides users with point-in-time information about each mail-ballot application recorded in the SURE system, and is considered a public record under the Pennsylvania Election Code. 25 P.S. §§ 3146.9, 3150.17, https://paebrprod.powerappsportals.us/EBR/DOS/mail-in-voter-file-request/.

Despite the County's announcement, which would necessarily affect and potentially erase Marino's four-vote lead, Marino took no action. He filed no motion or other notice in this Court, either before or after the Court informed the parties (again, including Marino's political party and his now-attorneys) that it would enter judgment by November 28 "if no further motions are filed." Docket Entry, ECF No. 349. Nor did Marino file any action in state court, where a timely-filed appeal of the Board's decision to count the affected mail ballots in the Court of Common Pleas on or before November 24 would have stayed certification of the Township Supervisor race by operation of law. *See* 25 P.S. §3157 (providing 2-day window for such appeals).

On November 27, Montgomery County opened and counted the six ballots. With all valid votes now counted, the supervisor race was tied at 3035 votes each. Ex. 4 (Screenshot captured Dec 8, 2023, Official Results of Towamencin Twp. Supervisor Race). At that point, judgment still had not issued. The Montgomery County Board of Elections finished their work the next day, and announced that the election returns had been completed, triggering the five-day statutory window for seeking a recount before final certification. Ex. 5 at 2 (Rachel Ravina, *Challenges filed in Towamencin Township supervisors race* (Dec. 4, 2023)); *see* 25 P.S. § 3154(e). The Board also scheduled a drawing of lots to take place on November 30. *Id.* Neither Marino nor his political party filed a motion or otherwise took any action in this Court (or any other Court) in response to these developments.

On November 29, with no motions filed in response to its advisory and no requests for the Court to delay entry of judgment, this Court entered a Rule 58 judgment.  Judgment, ECF No. 350.

On November 30, the candidates in the Towamencin Supervisor contest drew lots, and Marino lost the drawing.   Ex. 6 at 1-2 (Dan Sokil & Rachel Ravina, *Towamencin winner declared: NOPE founder Kofi Osei beats incumbent Supervisor Rich Marino in drawing of* lots (Nov. 30, 2023) .  The Montgomery County Board of Elections scheduled a meeting to certify the election for December 4, 2023.  Ex. 7 at 1 (Press Release dated Nov. 29, 2023, "Montgomery County 2023 General Election Certification Rescheduled for December 4").

On Friday December 1, Marino filed the instant motions, seeking to intervene "for purposes of appealing the Court's judgment," and, along with GOP Intervenors, seeking a stay pending appeal.  ECF Nos. 351-358.  Marino and the GOP Intervenors asked the Court to decide their motion by December 8.  *E.g.*, Marino Mot. to Intervene, ECF No. 355 (errata).

Marino did not seek a recount.  On December 4, over a week after the statutory deadline to do had lapsed, Marino filed an election contest in the Pennsylvania Court of Common Pleas along with an application to stay certification, apparently in a belated attempt to challenge the Board of Elections' decision to count the affected mail ballots.  Ex. 8 (Richard Marino's Pet. for Election Contest, Docket No. 23-26306 (Montgomery Cty. Court of Common Pleas, Dec. 4, 2023)).  Marino acknowledged the motion's tardiness, styling it "*nunc pro tunc*."  On December 7, the Montgomery

County Court of Common Pleas dismissed that lawsuit.  Ex. 9 (Order, Pet. Dismissed, Docket No. 23-26306 (Montgomery Cty. Court of Common Pleas, Dec. 7, 2023))

The same morning of Marino's belated state court lawsuit, with no stay of certification in effect, no recount requested, and the five-day appeal window complete, Montgomery County officially certified the 2023 election results, including the result of the Towamencin Town Supervisor race.  Ex. 10 (Montgomery Cnty. Election Bd. Meeting Agenda (Dec. 4, 2023)).[3]  Other than the Towamencin Township Supervisor race, Marino and the GOP Intervenors do not identify any other election where the inclusion or exclusion of mail ballots based on the unlawful envelope-date requirement would have changed the outcome.

## ARGUMENT

## I.    MARINO'S POST-JUDGMENT MOTION IS UNTIMELY AND MOOT

Intervention as of right under Rule 24 is allowable if "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).  The movant must independently satisfy each of these four requirements; failure to satisfy any one is grounds for denial.  *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).

---

[3] *See also* YouTube channel for Montgomery County, PA, "Montgomery County Board of Elections Meeting – December 4, 2023," https://www.youtube.com/watch?v=rJwuLzI-Uxs (recording of certification).

Marino fails the Rule 24 test with flying colors. His application is untimely because he strategically delayed until after the entry of final judgment. Indeed, he delayed for so long that his election has now been certified, rendering moot any protectable interest that he might have had in this case. And whatever interest he may have had in the envelope-date issue is fully represented by his political party, which has already taken an appeal of this Court's decision.[4]

### A. Marino's Application Is Untimely

The timeliness of a motion to intervene is "'determined from all the circumstances.'" *Mountain Top Condo. Ass'n*, 72 F.3d at 369 (quoting *In re Fine Paper Antitrust Litigation*, 695 F.2d 494, 500 (3d Cir.1982)). Among the relevant factors are "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Fine Paper*, 695 F.2d at 500.

As for the stage of the proceeding, Marino seeks intervention after the entry of judgment, which "presents an extreme example of untimeliness," *Halderman*, 612 F.2d at 134. Such attempts "should be denied except for extraordinary circumstances." *In re Fine Paper*, 695 F.2d at 500. These are not extraordinary circumstances. Where an intervenor seeks to belatedly join a case due to some purportedly emergent interest in the subject matter, the question is when he "knew … of the risk to its rights." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174,

---

[4] The filing of the notice of appeal does not divest this Court of jurisdiction to "consider the merits" of Marino's motion to intervene. *See Halderman v. Pennhurst State Sch. & Hosp.*, 612 F.2d 131, 134 (3d Cir. 1979); *see also, e.g.*, *Trenton Metro. Area Loc. of Am. Postal Workers Union, AFL-CIO v. United States Postal Serv.*, No. CV 06-2319 (JAP), 2008 WL 11510621, at *1 (D.N.J. Dec. 30, 2008).

1183 (3d Cir. 1994); *see also Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 280 (2022).[5]  Here, Marino's interest in this case was manifestly clear on November 22, when Montgomery County announced that it would count the six excluded mail ballots in compliance with this Court's Order.  Marino did not intervene at "'the point in time' when his 'need to seek intervention' first 'arose.'"  Marino Mem., ECF No. 356, at 3 (quoting *Cameron*, 595 U.S. at 280) (alterations omitted).  Rather, he strategically delayed at a crucial moment, filing nothing in this Court and missing key state law deadlines to appeal the decision to count the ballots at issue, in order to see whether he would win when the ballots were opened, or when lots were drawn.  Marino consciously decided to "wait[] before applying for intervention" even after he "knew … of the risk to [his] rights." *Alcan Aluminum,* 25 F.3d at 1183.

Intervention at this late stage would also cause prejudice.  This case arises out of the denial of the right to vote in the 2022 election, and the parties expended considerable effort to assemble a complete and authoritative record regarding the treatment of the envelope-date issue in that election.  That included collecting and reviewing information from scores of different counties on the numbers of ballots excluded, the reasons for doing so, cure processes, and more.  It also included review of individual mail ballot envelopes, and the taking of deposition testimony regarding

---

[5] The cases Marino relies on (at 3–4) have no bearing on this one.  In *Cameron*, appellate intervention was allowed where the state defendant defending the appeal dropped their defense, and the Attorney General promptly stepped in.  And in *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394-95 (1977), absent class members promptly intervened on appeal after receiving notice of their membership in the class. None of those involve strategic delay until after judgment entered.

the treatment of particular ballots.  This was all done for a reason:  To provide the Court with a complete record of the election, upon which it could base definitive findings regarding the 2022 election at the summary judgment stage.  *See* Pls.' 56.1 Stmt. & Appendices I-VI, ECF Nos. 276–282.  Marino's belated, post-judgment intervention would inject new facts, relating to a different election (the 2023 municipal election), into the case, without giving Plaintiffs an opportunity to build the same comprehensive record (or indeed, to conduct any discovery at all without re-opening the record).  Where "[e]xtensive discovery has been undertaken and completed, all critical issues have been resolved, and a final Order has been entered," denial of intervention comports with "basic fairness to the parties and the expeditious administration of justice."  *Com. Of Pa. v. Rizzo*, 530 F.2d 501, 507 (3d Cir. 1976).

Most important, and as already indicated, Marino has *no good reason* for waiting until after the entry of judgment to seek intervention. Marino says that "his basis for seeking intervention arose only after judgment" because he did not lose the drawing of lots until November 30.  Marino Mem., ECF No. 356 at 3-4.  Marino's suggestion of when his interest first arose is wrong, and his stated reason for the delay—waiting to see whether he would win when the ballots were opened and counted—reeks of gamesmanship.

Marino's basis for seeking intervention arose on November 22, when Montgomery County announced that it would count mail ballots that had been set aside unlawfully due to immaterial errors.  With the counting process nearing completion, *see supra* n.1, Marino had four more votes than his opponent.  At that

12

point, he knew that the Court's decision would affect his election, and he had a personal, concrete interest in opposing the opening of those six ballots, which had been scheduled to take place on November 27.  *See, e.g.*, *Alcan Aluminum,* 25 F.3d at 1183; *Rizzo*, 530 F.2d 501 at 507.

Yet in the crucial days that followed, Marino waited.  He waited to see who would win when the ballots were opened on November 27.  He decided to forego the two-day deadline to file a state court appeal of the County Board's decision under the Election Code disputing the decision to count the six ballots in compliance with the Court's order, even though such an action would have stayed certification of the election.  Then, after the ballots were opened and the result was a tie, he waited again to see whether he would win the drawing of lots, forgoing his chance to seek a delay of the entry of judgment in this Court (which he or his political party could have done by filing a motion or other notice) in advance of the Court's stated deadline.  Having decided to wait to see whether would win when he could have taken action, he seeks to intervene only now, because he did not like the result.

It is too late.  Marino's "heads I win, tails you lose" approach offends the spirit of Rule 24, which rewards timely action to preserve protectable rights, and rejects gamesmanship.  *E.g.*, *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) (affirming denial of intervention where intervenor having "gambled and lost in the execution of its litigation strategy" was reason for delay); *Patriot Party of Pa. v. Mitchell*, No. CIV. A. 93-2257, 1993 WL 466522, at *2 (E.D. Pa. Aug. 17, 1993) (denying political party's

intervention after "tactical decision to wait" until after judgment).[6]  Marino's post-judgment motion is untimely and should be denied on that ground alone.

### B. Marino Lacks a Protectable Interest That Is at Risk of Being Impaired

Marino's strategic delay also gives rise to a separate and independent ground for denying his motion:  He no longer has any protectable interest.

To demonstrate an interest supporting intervention, Marino must establish a "significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). Such an interest must be "specific to" him and "directly affected in a substantially concrete fashion by the relief sought." *Kleissler v. U.S. Forest Serv.,* 157 F.3d 964, 972 (3d Cir. 1998). By contrast, "interests of a general and indefinite character" do not suffice; there must be "a tangible threat to a legally cognizable interest to have the right to intervene." *Mountain Top Condo. Ass'n*, 72 F.3d at 366. Consistent with that, intervention is not proper where a proposed intervenor's personal, protectable interest has been rendered moot. *See, e.g.*, *Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pa.*, 863 F.3d 245, 253 (3d Cir. 2017).

That is the case here. On December 4, Montgomery County certified the Towamencin election at issue.  Final certification concludes the election under Pennsylvania law; once certification is complete, certificates of election "shall thereupon" issue.  25 P.S. § 3154(f).  Indeed, this is precisely why the *Migliori* case

---

[6] *See also, e.g.*, *Lab. Smart, Inc. v. Tucker*, No. CV-22-00357, 2023 WL 3178852, at *4-*5 (D. Ariz. May 1, 2023) (denying intervention where the "facts lead the Court to suspect gamesmanship might be the explanation" for the belated motion).

became moot:  The Lehigh County election at issue was certified following the Supreme Court's denial of a stay of the Third Circuit's decision.  *See Ritter v. Migliori*, 143 S. Ct. 297, 298 (2022); *see also* Pet. for Cert., *Ritter v. Migliori*, No. 22-1499 (U.S. July 7, 2022), at 14 ("The case became moot when the new election results were certified over Ritter's rigorous defense of the original results."); *see also, e.g.*, *Wood v. Raffensperger*, 981 F.3d 1307, 1317 (11th Cir. 2020) ("Because Georgia has already certified its results, Wood's requests to delay certification and commence a new recount are moot.").

Marino had legal recourse to prevent certification but chose not to act.  Marino did not avail himself of a timely appeal of the County Board's November 22 decision, which would have stayed certification by operation of law.  25 P.S. § 3157.  He did not seek a recount, which would have at least temporarily pushed back certification and might have even resolved the tie.  And of course, he took no action in this Court to protect his rights, either.  Marino's own decision to forgo the processes provided by law resulted in the dissipation of his personal, protectable interest.

Because the election is over, Marino is no longer a candidate with a live, protectable interest in the outcome of the election.  The various cases he cites (at 5–6) about the interests of candidates in the electoral rules are not applicable.  Having waited until after final certification, his interest in this case and the result of any appeal is no different than that of any other voter.  And this Court has already correctly ruled that such a generalized interest does not support intervention under Rule 24.  Mem. Order on Mot. to Intervene, ECF No. 167, at 9-10; *see also Bognet v.*

*Sec'y of Pa.*, 980 F.3d 336, 354-357 (3d Cir. 2020) (holding that the supposed "dilution of lawfully cast ballots by the 'unlawful' counting of invalidly cast ballots" and complaints about "state actors counting ballots in violation of state election law" are not concrete, cognizable harms), *vacated sub nom. as moot, Bognet v. Degraffenreid*, 141 S. Ct. 2508 (Mem.) (2021).[7]

### C. Even If Marino Had a Protectable Interest, His Political Party Could Protect It

And even if Marino could be said to have a non-generalized interest in this case, his political party is already a defendant-intervenor in the case and actively engaged in the litigation.  To obtain intervention, a movant must demonstrate that the existing parties do not adequately represent them, by showing "(1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; and (3) that the representative party is not diligently prosecuting the suit." *Pa. Gen. Energy Co. v. Grant Twp. E. Run Hellbenders Soc'y, Inc.*, 658 F. App'x 37, 40 (3d Cir. 2016) (citing *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992).

None of those considerations apply here.  Plaintiffs most assuredly are not colluding with the Republican Party intervenors, Marino's party.  Indeed, GOP Intervenors and their counsel, who have actively defended against this lawsuit, and

---

[7] Courts can and do consider decisions that have been vacated as moot to be "persuasive authority." *Polychrome Int'l Corp. v. Krigger*, 5 F.3d 1522, 1534 (3d Cir. 1993).

who are currently prosecuting parallel post-judgment emergency motions in this Court and the Third Circuit while vowing to take the case to the United States Supreme Court, are aggressively litigating the case. Nor is there any argument that Marino's party is not devoting sufficient resources and attention to Marino's interests. To the contrary, the party's chairperson submitted a declaration as part of the pending motion package expressly claiming that the party seeks to advance his interests. *See* Alleman Decl., ECF No. 357-2, at ¶¶ 38–39. And Marino similarly acknowledges that the Republican party has an interest in securing the election of Republican candidates. *See* Marino Mem., ECF No. 356, at 7.

Marino points to no instance where post-judgment intervention by a candidate has been granted where their political party is already in the case. Marino does not and cannot explain why his own party, which has been in the case from the start, which has already filed an appeal, and which explicitly claims to represent Marino's interests, is not an adequate representative.

### D. Permissive Intervention Should Be Denied

This Court should deny Marino's request for permissive intervention as well. For one, an application for permissive intervention, like intervention as of right, must be timely. *E.g.*, *Brody*, 957 F.2d 1108 at 1115–16. Here, Marino's motion to intervene was not timely, and will cause prejudice to boot. *See supra* at 10–14.

The decision to grant or deny permissive intervention is highly discretionary. Here, the inclusion as a party of an individual former candidate with no concrete stake in the litigation beyond that of any other Pennsylvanian would "consume additional resources of the court and the parties" while offering zero "corresponding

benefit to existing litigants, the courts, or the process." *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013). GOP Intervenors are fully able to prosecute an appeal in this case without Marino's belated addition as a party. And Marino may participate as an *amicus* at the appellate stage if he has anything to add. *See, e.g.*, *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005).

Intervention should be denied.

## II.   NO STAY IS WARRANTED

Neither Marino nor GOP Intervenors (collectively, "movants") can satisfy the requirements for a stay pending appeal. "In considering whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest." *In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015). "[T]he first two factors are the most critical." *Id.* at 570. If the stay applicant "does make the requisite showings on either of [the first two] factors," there is no need to consider the equities, and "the stay should be denied without further analysis." *Id.* at 571.

None of the stay factors are present here.

### A. None of the Movants are Likely to Succeed on the Merits

Movants cannot demonstrate any reasonable likelihood of success on the merits, let alone a strong one. This case was decided based on an extensive and undisputed factual record. The essential legal principles undergirding the Court's opinion have already been upheld by the unanimous Third Circuit panel in *Migliori*

*v. Cohen*, 36 F.4th 153, 159–64 (3d Cir. 2022); *id.* at 164–66 (Matey, J., concurring), and they flow directly from unambiguous statutory text. The undisputed facts conclusively showed that thousands of Pennsylvania voters were denied the right to vote, based solely on an utterly inconsequential "error or omission" (namely, a missing or supposedly incorrect handwritten date that has no bearing on a voters' qualifications) on a voting-related "record or paper" (namely, the form printed on the mail ballot return envelope). 52 U.S.C. § 10101(a)(2)(B); *see* Mem. Opinion, ECF No. 347, at 44–73.

Movants' various legal arguments, which they do not even attempt to restate as a basis for a stay in the single-paragraph merits section of their stay brief (ECF No. 357 at 13) are at odds with plain text. This Court properly rejected them, as did another district judge just last week, *La Union del Pueblo Entero v. Abbott*, No. 21-CV-0844, 2023 WL 8263348, at *18–*26 (W.D. Tex. Nov. 29, 2023). Movants cite Justice Alito's *Ritter* dissent from the denial of a stay, but the Court addressed and applied the analytical framework of that non-precedential dissent in its decision, Mem. Opinion, ECF No. 347, at 59–60 & nn. 34–35, 63–73.[8] Movants' only other authority is a footnote in a non-precedential stay decision involving an inapposite, wet-ink signature voter registration requirement in Texas, which was also addressed already, *e.g.*, Pls.' Omnibus Opp. to Defs.' MSJ, ECF No. 313, at 15 n.11. Movants

---

[8] Notwithstanding the dissental, the Supreme Court *denied* a stay application in *Migliori*. And in that case the election at issue had not yet been certified. Here, in contrast, movants' argument for a stay is even weaker because they have no irreparable harm whatsoever.

point to no considered, precedential opinion that accepts their legal arguments. Their failure to articulate a sufficient possibility of success on the merits is in itself grounds to deny a stay. *In re Revel AC, Inc.*, 802 F.3d at 571.

## B. None of the Movants Face Imminent, Irreparable Harm

Nor do movants face any imminent, irreparable harm that might justify a stay. Movants say (at 10–11) that the Towamencin Supervisor race is a source of irreparable harm, but that plainly is wrong because the election has now been certified, following movants' strategic delay in foregoing several available legal remedies. The certification of the election dissipated whatever active interest they might once have had in the outcome—their harm, whatever it may have once been, is no longer imminent.[9] *See supra* at 14–16. A party cannot "show irreparable harm by reference to an injury that has already occurred." *Garrett v. PennyMac Loan Servs.*, No. 18-CV-00718, 2018 WL 2981266, at *3 (M.D. Pa. June 14, 2018); *accord Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 92 (3d Cir. 1992). Movants' alternative suggestion (at 11) that they are irreparably harmed because a "cloud" might be cast on the Towamencin election is also meritless.[10] If the mere act of

---

[9] Movants also suggest (at 10–11) that counting the votes of qualified voters who made a mistake with respect to the mail ballot envelope date somehow harms "their voters," but that is just another species of the meritless argument that voters have an interest not merely in ensuring that their own votes are counted, but also in preventing the counting of other peoples' votes. *See* Mem. Order on Mot. to Intervene, ECF No. 167, at 9-10 (rejecting this argument).

[10] Movants support their "cloud" theory of irreparable harm (at 11) by citing to Justice Scalia's concurrence with the grant of a stay in *Bush v. Gore*. *See* 531 U.S. 1046, 1047 (2000) (Mem.) (Scalia, J., concurring). But the stay in *Bush* was sought and granted *before* the votes at issue were counted—not after the election had been certified. And

opening and counting the ballots (as required by federal law) was so harmful, Marino and his party might be expected to have challenged the decision to do so when it was made, rather waiting to see if Marino would win.

Indeed, with the 2023 election certified, the only thing a "stay" could conceivably apply to at this point would be the Court's declaration of what federal law requires. *Cf. Young Women's Christian Ass'n of Princeton, N. J. v. Kugler*, 463 F.2d 203, 204 (3d Cir. 1972) (denying as unnecessary stay pending appeal of declaratory judgment). Movants do not say otherwise. Other than the Towamencin race, the only other harm to themselves that movants suggest (at 11–12) is that the Court's order may occasion "changes [to] the competitive environment" in future elections that will require the GOP entities to "divert resources" from other projects in order to modify materials related to its Election Day operations and poll watcher trainings. Even accepting the unexplained and incredible assertion that the decision to count timely-returned mail ballots despite a meaningless paperwork error on the *mail ballot* envelope will somehow require new *poll watcher* trainings, movants make no attempt to explain how needing to make pre-election updates to such materials to reflect current law, at some point in the next four months, constitutes imminent, irreparable injury.[11] *See* Alleman Decl., ECF No. 357-2, at ¶¶ 10–28 (offering no details about the

---

*Carson v. Simon*, 978 F.3d 1051 (8th Cir. 2020), was a pre-election decision, not a post-election one, and similarly involved an election that had not yet been certified. *Id.* at 1061.

[11] Movants' suggestion (at 12) that they will need to specify "the 12 counties where the Court's order is applicable and the 55 counties where it is not" does not track. The Court's declaration does not distinguish between those counties who are parties in the case and those who are not.

supposed modifications).  And in any case, movants can avoid the supposed harm they claim by simply expediting their merits appeal.

### C.  The Public Interest and the Equities Strongly Support Counting All Valid Votes

Movants' inability to show a likelihood of success or irreparable harm that might justify a stay dooms their motion.  *In re Revel AC, Inc.*, 802 F.3d at 571. Considering the equities only confirms that a stay is not warranted.

Movants seek a stay to prevent Pennsylvania voters' ballots from being counted in the 2023 municipal election purely based on a meaningless paperwork error.  "By definition, [t]he public interest … favors permitting as many qualified voters to vote as possible." *League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014) (citations and quotation marks omitted).  Indeed, the value placed on counting every vote must be paramount: "Democracy depends on counting all lawful votes promptly and finally, not setting them aside without weighty proof.  The public must have confidence that our Government honors and respects their votes." *Donald J. Trump for President, Inc. v. Secretary of Pa.*, 830 F. App'x 377, 390–91 (3d Cir. 2020) (non-precedential).  Here, movants seek to exclude the ballots of registered, eligible voters, who returned their ballots on time, and who otherwise complied with the rules for mail ballots, and whose fundamental right to vote notwithstanding an immaterial paperwork error is protected by the specific terms of a federal statute.  Movants' request is squarely against the public interest. *Cf. Council of Alt. Pol. Parties v. Hooks*, 121 F.3d 876, 884 (3d Cir. 1997) ("In the

absence of legitimate countervailing concerns, the public interest clearly favors the protection of constitutional rights").

Movants' arguments do not overcome the paramount importance of counting all valid votes.  Contrary to their suggestion (at 7), the fact that this Court's summary judgment decision happened to come down while votes in the 2023 municipal election were being tallied is of no moment.  This is not a case where plaintiffs ran to court after Election Day to change some settled rule via emergency motion; this litigation has been pending for nearly a year, and final judgment has now been entered.[12]

Movants' attempts to invoke *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam) (at 7–9), or to rely on purported harms from the invalidation of "a sovereign State's duly enacted law" (at 12), fall flat.  No one entrusted to enforce Pennsylvania's election laws joins them in seeking a stay.  And that matters, because the *Purcell* principle they call upon is premised on the "*State's* extraordinarily strong interest in avoiding … changes to its election laws and procedures." *Merrill v. Milligan*, 142 S. Ct. 879, 881 (2022) (Kavanaugh, J., concurring) (emphasis added).  *Purcell* is not a tool for private litigants to wield when "no state official has expressed opposition." *Republican Nat'l Comm. v. Common Cause R.I.*, 141 S. Ct. 206, 206 (2022) (Mem.). And movants cite no case granting a *Purcell*-based stay where a candidate or party attempts to usurp the state's supposed interest as their own. Rather, under those

---

[12] The various cases movants cite are inapposite.  For example, in *Trump v. Wisconsin Elections Commission*, 983 F.3d 919 (7th Cir. 2020) (cited in Stay Br., ECF No. 357, at 7), the Court discussed laches—not *Purcell*—and rejected challenges that were raised well after "election results ha[d] been certified as final."  *Id.* at 926.  That decision strongly counsels *against* a stay here based on an already-certified contest.

circumstances, invocations of *Purcell* are inapposite because a private stay applicant generally "lack[s] a cognizable interest in the State's ability to 'enforce its duly enacted laws.'" *Id.* (quoting *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018)).

Moreover, were *Purcell*-type concerns applicable here, they would counsel against a stay.  *See Merrill*, 142 S. Ct. at 881 (Kavanaugh, J., concurring).  For example, the merits here are "clearcut" in Plaintiffs' favor.  *Id.*; *see supra* at 18–20.  And the "feasib[ility]" of counting timely-received mail ballots notwithstanding the immaterial envelope-date issue "without significant cost, confusion, or hardship," *Merrill*, 142 S. Ct. at 881 (Kavanaugh, J., concurring), has already been conclusively demonstrated:  the ballots have *already* been opened and counted, and the elections have *already* been certified.  At this stage, *denying* a stay would maximize the clarity of the rules in light of this Court's declaratory judgment.  It would acknowledge the finality of the 2023 municipal election, which has now been certified.  If anything, *granting* a stay at this point, after movants strategically delayed seeking judicial relief until after the certification of the election, is much more likely to burden election administrators and cause needless confusion.  Nor would "public confidence in Pennsylvania's elections" (Stay Br. at 8) be served by retroactively disenfranchising voters whose ballots have already been counted in favor of a candidate who played the process out but now does not wish to accept the result.

Movants' main argument—that the Court's order somehow creates a "regime" that permanently requires 12 counties to count the affected mail ballots and 55 not to do so—mischaracterizes reality.  This Court issued a declaratory judgment about

24

what federal law requires that makes no distinctions between the counties.  Order, ECF No. 348, at 4.  The Court's order is thus fundamentally different from a case like *Bush v. Gore*, where some counties were selectively ordered to conduct recounts in a close statewide contest.  531 U.S. 98, 105–07 (2000) (per curiam).  Here, *all* counties can and should comply with federal law as set forth in the Court's order.

Nor do movants identify any 2023 contest where this the noncompliance of some counties could serve as cause for an emergency stay.  Movants fail to identify any statewide contest in the 2023 municipal election where counties' varying levels of adherence to the Court's declaratory judgment would have changed any of the results.  That is because there were no such elections.

Movants' last refuge (at 8–9) is to guess that the "regime" they claim to identify will persist into the 2024 election cycle.  But the harms they predict —"chaos," or perhaps some statewide contest where a candidate prevails only because only some counties follow federal law and count mail ballots notwithstanding immaterial errors with the handwritten envelope date—are entirely speculative.  More than that, they are entirely avoidable:  If greater uniformity is what they seek, GOP Intervenors are free to expedite their appeal, the resolution of which will settle the law on the envelope-date issue on a Circuit-wide basis.  There are no grounds for a stay here.

## CONCLUSION

This Court should deny the motion to intervene and the motion for a stay.

Dated: December 8, 2023

Respectfully submitted,

/s/ Ari J. Savitzky

Witold J. Walczak (PA 62976)
AMERICAN CIVIL LIBERTIES UNION OF
PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
Tel: (412) 681-7736
vwalczak@aclupa.org

Marian K. Schneider (PA 50337)
Stephen Loney (PA 202535)
Kate I. Steiker-Ginzberg (PA 332236)
AMERICAN CIVIL LIBERTIES UNION OF
PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
mschneider@aclupa.org
sloney@aclupa.org

David Newmann (PA 82401)
Brittany C. Armour (PA 324455)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4610
david.newmann@hoganlovells.com
brittany.armour@hoganlovells.com

Ari J. Savitzky
Megan C. Keenan
Sophia Lin Lakin
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
asavitzky@aclu.org
mkeenan@aclu.org
slakin@aclu.org
acepedaderieux@aclu.org

*Counsel for the Pennsylvania State
Conference of the NAACP, League of
Women Voters of Pennsylvania,
Philadelphians Organized to
Witness, Empower and Rebuild,
Common Cause Pennsylvania, Black
Political Empowerment Project,
Make the Road Pennsylvania, Barry
M. Seastead, Marlene G. Gutierrez,
Aynne Margaret Pleban Polinski,
Joel Bencan, and Laurence M. Smith*

# Exhibit 1

# Election Results Map



**2023 General Election**
**Unofficial Results**
November 7, 2023

Explore election results by selecting your area of interest, contest and candidate.

**Ballot Type**
Total Votes

**Municipality**
Towamencin

**Contest**
Towamencin Township Supervisor

**Precinct**
All

**Candidate**
All

*Filtered by Ballot Type/Municipality/Precinct*

**Registered Voters**
👫 13,193

**Ballots Cast**
🗳 6,327

**Voter Turnout**
**48%**

Kofi Osei — 3,030

Richard Marino — 3,034

Precinct Results Map (Total Votes Only)   |   Votes Chart

**Election Results Dashboard Information**

The Montgomery County Election Results Dashboard is intended to provide real-time updates of the 2023 General Election. All results are unofficial until certified by the relevant authority.

**Full Screen Mode:** To enter or exit Full Screen Mode, press F11

**Filter Panel:** Users may apply filter criteria using the Ballot Type, Municipality, Contest, Precinct, and Candidate selectors on the left side panel. Choices in each selector will become available for selection as precincts report with the respective data throughout the night.

*Note: Selections on the Filter Panel will filter the map, other filters, and interactive widgets in the*



**CONTACT VOTER SERVICES**
P.O. Box 311
Norristown, PA 19404-0311
Phone: 610-278-3280
Hours 8:30 a.m. - 4:15 p.m.

**MONTGOMERY COUNTY**
**BOARD OF ELECTIONS**
Kenneth E. Lawrence Jr., Chair
Hon. Daniel J. Clifford, Vice Chair
Joseph C. Gale
Lee Soltysiak, Chief Clerk

# Exhibit 2

| From: | Stephen Loney |
|---|---|
| To: | "Mullen, Kathleen"; "Fischer, Michael (GC)"; "Boyer, Jacob (GC)"; "elester-abdulla@attorneygeneral.gov"; jhill@hangley.com; "rwiygul@hangley.com"; "mmudd@adamscounty.us"; samott@adamscounty.us"; "vscott@alleghenycounty.us"; allan.opsitnick@alleghenycounty.us; "Michel, Lisa"; frances.liebenguth@alleghenycounty.us; george.janockso@alleghenycounty.us; "sslaw@windstream.net"; gfedeles@beavercountypa.gov; Keegan, Sean; Barnes, Jessica; "edupuis@babstcalland.com"; Dupuis, Betsy; "Jewart, Anna S."; Jeffrey D. Bukowski; "nkarn@blairco.org"; jonathan.jr@fosterslawfirm.com; Jessica VanderKam; amfitzpatrick@buckscounty.org; "wwhite@co.butler.pa.us"; "mkestermont@co.cambria.pa.us"; ewtompkinslaw@gmail.com; Frens, Colleen M.; Christopher Furman; borsatti@gabrielfera.com; heather@bozovichlaw.com; Larry Coploff; Keith Button; Jennifer Hipp; kobrenneman@cumberlandcountypa.com; "Parks, J. Manly"; "Centrella, Nick"; "twagner@mwbklaw.com"; "ttalarico@nwpalawyers.com"; jackpurcell146@gmail.com; "tim@watsonmundorff.com"; "trbevevino@sbglawoffice.com"; attorneys@sbglawoffice.com; "asharp@sbslawoffice.com"; "flavery_laverylaw.com"; Andrew W. Norfleet; jstein@co.fulton.pa.us; "jim@dsslawyers.com"; "rgrimm@co.greene.pa.us"; dzagurskie@juniataco.org; J. Alex Marcinko; "ruggierof@lackawannacounty.org"; "wally@zimolonglaw.com"; James Fitzpatrick; Catharine Roseberry; Joseph Cosgrove; J. David Smith; avclarke@mckeancountypa.org; "thall@mercercountypa.gov"; "wjmpc@verizon.net"; "ssnook@mifflinco.org"; Calder, Maureen"; "Marlatt, John"; "rsantee@northamptoncounty.org"; btaylor@kingspry.com; "zachary.strassburger@phila.gov"; Aimee Thomson; Eisenstein, Ilana; Benjet, Brian; "tfarley@pikepa.org"; "contact@farleyweed.com"; "tom@410ross.com"; "groth@co.schuykill.pa.us"; abm@pottsvillelaw.com; krllaw@epix.net; DeWald, Jonathan; Burkhart, Tom A.; "contact@theschmidtlawfirm.com"; "llmathews@vorys.com"; Grimm, Jana P.; "wkay@waynecountypa.gov"; "mguiddy@co.westmoreland.pa.us"; Gore, John M.; "rdg@glawfirm.com"; Kathleen Gallagher; "lcapozzi@jonesday.com"; "tking@dmkcg.com" |
| Subject: | NAACP, et al. v. Schmidt - Motion to Intervene |
| Date: | Monday, November 20, 2023 4:36:00 PM |

Counsel,

Plaintiffs are aware that thousands of Pennsylvania voters in the 2023 election continued to be impacted by the envelope dating issues being litigated in the above-referenced matter. At least one local race, in Towamencin Township, Montgomery County, is sufficiently close that the impacted mail ballots could determine the outcome of the race. Accordingly, one of the impacted Towamencin Township voters facing disenfranchisement will move to intervene in this action for the purposes of seeking emergency relief staying final certification of this and other similarly situated local races pending Judge Baxter's decision on the outcome-determinative materiality issue already presented in this case. To be clear, the intervenor will not seek to stay certification of all 2023 Pennsylvania races – only the few specific races where the margin of victory is less than the number of mail ballots set aside for envelope dating reasons.

We write in advance of filing to seek the parties' positions, if any, on the proposed intervention. Understanding that some defendants may not agree with the ultimate relief this voter will seek, please let us know **by 2pm tomorrow** if you can say by then whether your clients will consent or object to an individual voter in the 2023 election intervening in this case. We apologize for the short turnaround, but hope you understand given the urgent need to move before certification.

Best regards,

--

**Stephen A. Loney, Jr.** | Senior Supervising Attorney
Pronouns: he, him, his
**ACLU of Pennsylvania**
P.O. Box 60173
Philadelphia, PA 19102
215-592-1513, ext. 116| sloney@aclupa.org
aclupa.org
*Are you a card-carrying member? Click here to support the ACLU.*

# Exhibit 3

**2023 Press Releases**

Posted on: November 22, 2023

# MONTGOMERY COUNTY GENERAL ELECTION CERTIFICATION POSTPONED DUE TO COURT RULING

NORRISTOWN, PA—The Montgomery County Board of Elections is postponing the certification of the 2023 General Election due to yesterday's ruling of the United States District Court for the Western District of Pennsylvania.

The election certification, which was scheduled to happen on Wednesday, November 22, 2023, will be postponed to allow for the canvass and tabulation of undated and improperly dated mail-in ballots. The canvass and tabulation will begin on Monday, November 27 at 10 a.m. at the Montgomery County Voters Services Warehouse, located at 1006 W Washington St, Norristown, PA 19401. Canvassers will open up to 349 ballots that have missing or incorrectly dated envelopes, tabulate them, and include them in the official results for the election.

The court's ruling declared that not counting ballots with a missing or incorrect date violates federal law. "The provision protects a citizen's right to vote by forbidding a state actor from disqualifying a voter because of their failure to provide or error in providing some unnecessary information on a voting application or ballot," Judge Susan Baxter wrote in her opinion. The court's order states that the missing or incorrect date is unnecessary information and thus should not affect a voter's eligibility to have their votes counted.

"In Montgomery County, we have consistently taken the position that the Election Code should be interpreted broadly in favor of voters' rights. All eligible voters should have their ballots counted," said **Kenneth E. Lawrence Jr., Chair of the Montgomery County Board of Elections**. "We will take the additional time needed to ensure that these ballots are included in the official results of the 2023 General Election."

After all eligible ballots have been counted, in accordance with the election code, the results will be posted for the five-day waiting period. The County will then certify the 2023 General Election.

## Tools

RSS

Notify Me

View Archived

## Categories

- All Categories
- Commerce
- Recorder of Deeds
- Health Department
- Parks, Trails, and Historic Sites
- Voters
- Sheriff
- DA - 2015 News Releases
- DA - 2016 News Releases
- Domestic Relations
- Planning
- DA - 2017 News Releases
- DA - 2018 News Releases
- 2019 Press Releases
- DA - 2019 News Releases
- HHS News

The unofficial results of the 2023 General Election are available on the County's election results dashboard.

For more information about Montgomery County Voters Services, visit www.montgomerycountypa.gov/voters.

Media Contact: megan.alt@montgomerycountyPA.gov

###

⇐ **Previous**

MONTGOMERY COUNTY ISSUES CODE BLUE COLD WEATHER DECLARATION FOR NOVEMBER 24 - 25, 2023

**Next** ⇒

MONTGOMERY COUNTY ISSUES CODE BLUE COLD WEATHER DECLARATION FOR NOVEMBER 20 - 21, 2023

- 2020 Press Releases
  - DA - 2020 News Releases
  - DA - 2021 News Releases
  - 2021 Press Releases
  - 2022 Press Releases
  - DA - 2022 News Releases
- Website News
- 2023 Press Releases
  - DA - 2023 News Releases

## Other News in 2023 Press Releases

### MONTGOMERY COUNTY ISSUES CODE BLUE COLD WEATHER DECLARATION FOR December 6 - 7, 2023



Posted on: December 6, 2023

### MONTCO INVITES PUBLIC FEEDBACK ON CROSS COUNTY TRAIL ALIGNMENTS IN PLYMOUTH AND WHITEMARSH



Posted on: December 5, 2023

### Montgomery County 2023 General Election Certification Rescheduled for December 4

Posted on: November 29, 2023

### Montgomery County Opens Bridge 177 in Norristown

Posted on: November 28, 2023

### CELEBRATE THE HOLIDAY SEASON AT MONTCO PARKS AND HISTORIC SITES WITH CRAFT WORKSHOPS, TOURS

# Exhibit 4

# Election Results Map



**2023 General Election**
**Official Results**
November 7, 2023

Explore election results by selecting your area of interest, contest and candidate.

**Ballot Type**
Total Votes

**Municipality**
Towamencin

**Contest**
Towamencin Township Supervisor

**Precinct**
All

**Candidate**
All

*Filtered by Ballot Type/Municipality/Precinct*

**Registered Voters**
👫 13,193

**Ballots Cast**
☑ 6,333

**Voter Turnout**
48%

Precinct Results Map (Total Votes Only)   Votes Chart

**Election Results Dashboard Information**

The Montgomery County Election Results Dashboard is intended to provide real-time updates of the 2023 General Election. All results are unofficial until certified by the relevant authority.

**Full Screen Mode:** To enter or exit Full Screen Mode, press F11

**Filter Panel:** Users may apply filter criteria using the Ballot Type, Municipality, Contest, Precinct, and Candidate selectors on the left side panel. Choices in each selector will become available for selection as precincts report with the respective data throughout the night.

*Note: Selections on the Filter Panel will filter the map, other filters, and interactive widgets in the dashboard. To see all available choices again, Municipality, Precinct and Candidate selections must be reset to 'All.'*

**Map:** The map will display



**CONTACT VOTER SERVICES**
P.O. Box 311
Norristown, PA 19404-0311
Phone: 610-278-3280
Hours 8:30 a.m. - 4:15 p.m.

**MONTGOMERY COUNTY**
**BOARD OF ELECTIONS**
Kenneth E. Lawrence Jr., Chair
Hon. Daniel J. Clifford, Vice Chair
Joseph C. Gale
Lee Soltysiak, Chief Clerk

# Exhibit 5

LATEST HEADLINES

SUBSCRIBER ONLY

# Challenges filed in Towamencin Township supervisors race

## Petitions revealed as Montgomery County certifies general election results



Towamencin board of supervisors incumbent Rich Marino, left, and challenger Kofi Osei are now tied after a Montgomery County election update on Nov. 27, 2023. (Submitted photographs)

 By **RACHEL RAVINA** | rravina@thereporteronline.com | The Reporter
PUBLISHED: December 4, 2023 at 4:31 p.m. | UPDATED: December 4, 2023 at 4:43 p.m.



NORRISTOWN — Montgomery County's 2023 general election results were certified Monday despite objections to exclude the Towamencin Township Board of Supervisors race.

The meeting began with public comment from Goldstein Law Partners attorney Britain Henry, who spoke on behalf of "a collective of petitioners who filed a petition this morning contesting the certification of the Towamencin Township supervisor race."

"We do not at this time have a recount or a re-canvass petition," said county Senior Assistant Solicitor John Marlatt. "A petition of an election contest is a petition of a different type and not one that should delay the board moving forward to vote on certification … this afternoon."

While ballot counting and tabulation proceedings wrapped up on Nov. 14, a Nov. 22 ruling from the U.S. District Court for the Western District of Pennsylvania delayed the certification of the 2023 general election results in Montgomery County. The order required "undated and improperly dated mail-in ballots" be counted.

There were 349 ballots impacted locally, according to a Montgomery County spokesperson. Marlatt said the "canvas and tabulation board reconvened on Nov. 27" and completed their work on Nov. 28, which was followed by a mandatory five-day waiting period "for any parties to file recount petitions."

Concerning the Towamencin Township race, updated vote totals posted Nov. 27 showed Towamencin supervisor Rich Marino, a Republican incumbent, and challenger Kofi Osei, a Democrat, tied with 3,035 votes each in the race for the seat currently held by Marino.

Marino and Osei then participated in the drawing of lots held on Nov. 30 in Norristown. The proceedings, mandated by state law, dictated the candidate who chose the lower number would be deemed the winner. Osei chose number 15 and Marino chose 28.

"It's crazy. There's been a lot happening in Towamencin. So to end on a drawing of lots is definitely crazy," Osei told MediaNews Group following the drawing.

"My feeling is at this point is that I did not lose the election…I just picked the wrong number," Marino said last week.

Marlatt told county election board members the Republican National Committee also filed litigation on Friday, requesting "a stay of certification of the Towamencin race from the district court."

"As of the time of this meeting a stay has not been ordered," Marlatt said. "Mr. Marino has filed an election contest in the court of common pleas and has also requested a stay there. Again, as of the time of this meeting, a stay has not been ordered."

In addition to the Towamencin Township race, Marlatt said a recount petition was filed for the Ward 5 seat on the Lower Moreland Township Board of Commissioners. He said there was no change recorded in the vote total. County election results revealed Republican Dennis J. Mueller won the race with 363 votes over Democrat Dharshini Chakkaravarthi's 358 votes. One write-in vote was also recorded.

The election results were certified in a 2-1 roll call vote. Montgomery County Board of Elections Chairman Ken Lawrence Jr. and Vice Chairman Judge Daniel Clifford voted in favor of the action, while Commissioner Joe Gale opposed it.

**Towamencin man charged with witness intimidation in…**

Terrence Purnell, 43, charged in wake of August 2022 assault

# Exhibit 6

**LATEST HEADLINES**

SUBSCRIBER ONLY

# Towamencin winner declared: NOPE founder Kofi Osei beats incumbent Supervisor Rich Marino in drawing of lots

Tied Upper Perkiomen School Board race also determined by drawing



Kofi Osei, right, a Democrat candidate in the Towamencin Township Board of Supervisors race, selects a number on Nov. 30, 2023 as part of Montgomery County's drawing of lots. (Rachel Ravina – MediaNews Group)



By **DAN SOKIL**  dsoki @thereporteron ine.com    he Reporter and **RACHEL RAVINA**
rravina@thereporteron ine.com    he Reporter
PUB SHED: Novembe  30, 2023 at 1:04 p.m.   UPDATED: Novembe  30, 2023 at 2:59 p.m.



NORRISTOWN — Democrat Kofi Osei has won a seat on the Towamencin Township Board of Supervisors after breaking a vote tie on Thursday by drawing lots with Republican opponent, incumbent Rich Marino.

Each participated in Montgomery County's drawing of lots on Thursday at One Montgomery Plaza in Norristown. Proceedings are mandated by state law in the event of a tied race. Candidates approached Senior Assistant Solicitor John Marlatt, who held a small basket filled with numbers written on slips of paper. Marlatt explained the candidate who chose the lower number would be deemed the winner.



Rich Marino, left, a Republican incumbent on the Towamencin Township Board of Supervisors, collects a slip of paper on Nov. 30, 2023 while participating in Montgomery County's drawing of lots proceedings at One Montgomery Plaza in Norristown. (Rachel Ravina – MediaNews Group)

Marino picked 28 and Osei selected 15. Claps and cheers could be heard from audience members who came to the county seat to witness the post-election proceedings.

"It's crazy. There's been a lot happening in Towamencin. So to end on a drawing of lots is definitely crazy," Osei told MediaNews Group following the drawing.

"My feeling is at this point is that I did not lose the election…I just picked the wrong number," Marino said.

In addition to the Towamencin Township race, an Upper Perkiomen School District board seat was decided by drawing.

Republican Trina Schaarschmidt selected eight, while Montgomery County Chief Operating Officer Lee Soltysiak, representing her fellow Republican opponent Michael Long, picked 14.

"It feels great. I'm excited. I'm excited to get on the board and to see what we can make happen with everybody who's on the board, the whole new makeup of the board," Schaarschmidt told MediaNews Group.

Updated vote totals posted by Montgomery County on Monday, Nov. 27 2023 showed Towamencin supervisor Rich Marino and challenger Kofi Osei tied with 3,035 votes each in the race for the seat currently held by Marino. The Upper Perkiomen School District school board race had Long and Schaarschmidt tied at 3,150 each, with figures comprised from both Berks and Montgomery counties.

It's unclear when the last time Montgomery County officials conducted a drawing of lots, but Montgomery County Commissioners' Chairman Ken Lawrence Jr., who also serves as chairman of the Montgomery County Board of Elections, said it was a first for him.

"It's pretty amazing," Lawrence told MediaNews Group. "Candidates work very hard to get to this point, but it shows that every vote counts. I think it's incredible that we had two races that ended up being tied after everything was counted and verified."

## Sewer sale at center of contest

Thursday's selection marks the next step in the township's long-running debate over selling the township's sewer system, between proponents led by Marino and opponents led by Osei.

A one-term incumbent Republican, U.S. Marine, and head of a local road construction company, Marino was one of the four supervisors who voted to sell the system and cited a need to fund road repair and infrastructure projects across the township. Democrat challenger and actuarial analyst Osei founded the "Towamencin NOPE" resident group that has mobilized to stop the sale, then was one of the residents who sued the supervisors this summer to take the dispute to court.



A campaign sign fo  Towamencin supe viso  Rich Ma ino can be seen in Towamencin in ea  y Novembe  2023. (Dan Soki  –
MediaNews G oup)

Opponents of the sale won an election victory in November 2022 authorizing the establishment of a "government study commission" that Osei chaired, which wrote a new township charter with provisions they argue make the sale illegal, and that charter was approved by township voters this past May and took effect July 1.

The divide in the township has been mirrored in the race results: election night unofficial vote totals posted by Montgomery County had Osei ahead by a margin of 1,167 votes to 510 for Marino from only mail ballots, then later that night the lead had flipped, with Marino leading the election day votes by 711 to Osei's lead in mail votes of 657 ballots cast. Updated county vote totals the morning after election day showed Marino totaling 3,019 votes to 3,001 for Osei, and continued counting by the county had narrowed that lead to just five votes by the week after the election.

Osei laughed as this election hit close to home for him.

"My dad's overseas right now and I kept telling him to get an overseas ballot but he said it doesn't matter because I'm going to win. So I'm glad he had the trust," he said.

Marino said Thursday afternoon that the selection may not be the end of the process: "From the feedback I am getting, this court decision changing the rules after election day and after voters had cast their ballots does not sit well with a lot of people."

"I feel I owe it to them as well as those that supported me to pursue the options that are available to me. In addition, there is strong sentiment that this is an issue that needs to be resolved before the 2024 election. Given that, I see an appeal of some sort down the road," he said.

Lawrence underscored the importance of voter participation in all elections.

"It's what the law requires," Lawrence said of the drawing of lots process. "When you get to the point when you're not going to have another election, but I think it shows again when someone says my vote doesn't matter — one vote would have made a difference in both of these races. One more voter."

Both candidates had earlier sounded off on social media about the tight race, and a federal court ruling regarding undated ballots that led to the most recent count showing both candidates tied. In a Facebook post Sunday, Marino said he felt he had won based on the rules in place at the time of the election, heard concerns about mail voting, and thought the rules should not be changed after the election had been held. Osei said he thought the close margins for this race were due in part to Marino's personal popularity, and in part due to personal attacks against himself, while already eyeing the township's next round of supervisor seat elections in 2025.

"It's always hard running against an incumbent, and I was really happy to get all the support in Towamencin ... it was a pretty contentious race, and it seemed like people who voted on both sides had a really strong opinion," Osei said. "Hopefully when I get seated, we can start to close some of those divisions."

Looking ahead, Osei said he plans to "take a break" and study up in order to "to do the office as best I can do" before the results are officially certified and he's sworn in. Osei added delving into the township's comprehensive plan will be a top priority once he settles into office.

"We're starting our comprehensive plan process and that is a big campaign point of mine, especially being one of the younger residents in Towamencin ... I think it is very exciting," he said.

*All results are considered unofficial until certified by the Montgomery County Board of Elections. The process was delayed last week following a federal ruling, and a vote to certify is expected to take place Monday afternoon.*



**Master the Steps to Grow Your Career as a CFO**
Advice from a CFO on How to Craft Your Playbook for Success. Download Your Guide Today.
Oracle NetSuite | Sponsored

[ Learn more ]

**25 Most Unforgettable Swimsuit Moments In Film History**
PDFwonder | Sponsored

**Fisherman Caught Weird Creature - Bursts Into Tears When He Discovers What It Is**
globetip.com | Sponsored

**CFOs, Improve and Simplify your Business Processes**
Harness the right KPIs to drive your business forward. Uncover the metrics that will move your company towards the ultimate goal for 2023 and beyond.

# Exhibit 7

**2023 Press Releases**

Posted on: November 29, 2023

# Montgomery County 2023 General Election Certification Rescheduled for December 4

NORRISTOWN, PA—The Montgomery County Board of Elections will meet to certify the 2023 General Election on Monday, December 4 at 12:15 p.m.

The certification, which had originally been scheduled for Wednesday, November 22, was postponed due to a ruling of the United States District Court for the Western District of Pennsylvania. The ruling declared that not counting ballots with a missing or incorrect date violates federal law.

The canvass and tabulation of undated and improperly dated mail-in ballots was completed on Monday, November 27. In accordance with the election code, the results must be posted for a five-day waiting period before they may be certified.

The certification will take place at One Montgomery Plaza, 425 Swede Street, 8th Floor Commissioner's Boardroom, Norristown, PA. The meeting will also be available on Zoom.

## Tools

RSS

Notify Me

View Archived

## Categories

- All Categories
- Commerce
- Recorder of Deeds
- Health Department
- Parks, Trails, and Historic Sites
- Voters
- Sheriff
- DA - 2015 News Releases
- DA - 2016 News Releases
- Domestic Relations
- Planning
- DA - 2017 News Releases
- DA - 2018 News Releases

Select Language

Google Translate

More information is available [here](#).

The unofficial results of the 2023 General Election are available on the County's [election results dashboard](#).

For more information about Montgomery County Voters Services, visit [www.montgomerycountypa.gov/voters](#).

**Media Contact:** Megan Alt, [megan.alt@montgomerycountyPA.gov](#)

- 2019 Press Releases
- DA - 2019 News Releases
- HHS News
- 2020 Press Releases
- DA - 2020 News Releases
- DA - 2021 News Releases
- 2021 Press Releases
- 2022 Press Releases
- DA - 2022 News Releases
- Website News
- 2023 Press Releases
- DA - 2023 News Releases

⇐ **Previous**
MONTCO INVITES PUBLIC FEEDBACK ON CROSS COUNTY TRAIL ALIGNMENTS IN PLYMOUTH AND WHITEMARSH

**Next** ⇒
Montgomery County Opens Bridge 177 in Norristown

## Other News in 2023 Press Releases

### MONTGOMERY COUNTY ISSUES CODE BLUE COLD WEATHER DECLARATION FOR December 6 - 7, 2023



Posted on: December 6, 2023

### MONTCO INVITES PUBLIC FEEDBACK ON CROSS COUNTY TRAIL ALIGNMENTS IN PLYMOUTH AND WHITEMARSH



Posted on: December 5, 2023

### Montgomery County Opens Bridge 177 in Norristown



Posted on: November 28, 2023

Google **Translate**

# Exhibit 8

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Montgomery _____ **County**

| For Prothonotary Use Only: | Montgomery Co Prothonotary |
|---|---|
| Docket No:<br>23-26306 | DEC 4 '23 AM9:22 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☐ Complaint   ☐ Writ of Summons   ☒ Petition
- ☐ Transfer from Another Jurisdiction   ☐ Declaration of Taking

| Lead Plaintiff's Name:<br>In re: Contest of November 7, 2023 Election | Lead Defendant's Name: |
|---|---|

**Are money damages requested?** ☐ Yes ☒ No

Dollar Amount Requested: ☐ within arbitration limits
(check one) ☐ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No    **Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Britain R. Henry, Esq.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
  _____
- ☐ Other: _____
  _____
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____
  _____
  _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
  _____
- ☐ Zoning Board
- ☐ Other: _____
  _____
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other:
  Election Law Matter

*Updated 1/1/2011*

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.   Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)     actions for support, Rules 1910.1 et seq.

(iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)     actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)      actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)     voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)      At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)      The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)      The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)      A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)      The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY**
**PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: CONTEST OF NOVEMBER** | : | |
| **7, 2023 ELECTION OF TOWAMENCIN** | : | **NO.:** |
| **TOWNSHIP SUPERVISOR** | : | **ELECTION LAW MATTER** |

### ORDER

AND NOW, this _____ day of December, 2023, upon review of the Petition for Election Contest filed in the above-captioned matter and the exhibits attached thereto, and under the power granted to this Court by 25 P.S. §§ 3431and 3464, the Montgomery County Board of Elections is hereby directed that certification of the election results for Towamencin Township Supervisor shall be STAYED pending further Order of this Court.

BY THE COURT:

_____
                                                      J.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: CONTEST OF NOVEMBER** | : | |
| **7, 2023 ELECTION OF TOWAMENCIN** | : | **NO.:** |
| **TOWNSHIP SUPERVISOR** | : | **ELECTION LAW MATTER** |

## <u>ORDER</u>

AND NOW, this _____ day of December, 2023, upon review of the Petition for Election

Contest filed in the above-captioned matter and the exhibits attached thereto, Petitioners shall, on

or before December ____, 2023, post a bond in the amount of $_____, signed by at

least five of the said petitioners, conditioned for the payment of all costs which may accrue in said

contested election proceeding.


BY THE COURT:


_____
                                                                J.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY**
**PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: CONTEST OF NOVEMBER** | **:** | |
| **7, 2023 ELECTION OF TOWAMENCIN** | **:** | **NO.:** |
| **TOWNSHIP SUPERVISOR** | **:** | **ELECTION LAW MATTER** |

## ORDER

AND NOW, this _____ day of December, 2023, upon review of the Petition for Election

Contest filed in the above-captioned matter and the exhibits attached thereto, a hearing is scheduled

for the _____ day of December, 2023, at _____ a.m./p.m. in Courtroom _____. It is hereby

ordered that:

1)  A rule is issued upon respondent to show cause why Petitioners are not entitled to the

    relief requested;

2)  The respondent shall answer the Petition at the time fixed for hearing; and

3)  Notice of the entry of this order shall be provided to all parties by the Petitioners.

BY THE COURT:

_____
                                              J.

GOLDSTEIN LAW PARTNERS, LLC                    *Attorneys for Petitioners*
Britain R. Henry, Esq.
Attorney I.D # 314279
Jonathan S. Goldstein, Esq.
Attorney I.D # 201627
11 Church Road
Hatfield, PA 19440
(610) 949-0444

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | : : : : | NO.: 23-26306<br>ELECTION LAW MATTER |
| Petition of Shannon L. Main, Michael E. Main, Cynthia M. Manero, Kris A. Kazmar, Janella J. Santiago, Scott E. Pickford, Beth Pickford, Richard Mullen, Richard D. Costlow, Joseph F. Meehan, Michael Secoda, Kelly L. Secoda, George H. Frisch, Nancy J. Becker, Leo F. Horcher III, Alyson Horcher, Holly A. Bechtel, Margrit D. Marino, David Allen Brady, Kathryn J. Marger, Bruce C. Marger, Bruce R. Marger III, Thomas A. Nuss, Karen L. Nuss, Delyne D. Rogiani, Earl G. Godshall, Marilyn Godshall, Kristin R. Warner, Kevin M. Rossi, Nicole M. Rossi, *et. al.* | : : : : : : : : : : : : : : : | Montgomery Co Prothonotary<br>DEC 4 '23 AM9:22 |

## PETITION FOR ELECTION CONTEST
### *Or in the alternative,* PETITION FOR ELECTION CONTEST *NUNC PRO TUNC*

Pursuant to Article XVII of the Pennsylvania Election Code, 25 P.S. § 3291, § 3431, and § 3456 *et. seq.*, the seventy-three (73) Petitioners identified herein, by and through their attorneys, Goldstein Law Partners, LLC respectfully submit this Petition for Election Contest for Towamencin Township Supervisor and, in support thereof, aver as follows:

    1.    The Petitioners are as follows:

        a.    Petitioner, Shannon L. Main, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1740 Old Morris Rd.,

Harleysville, Pa 19438, who cast a vote at the November 7, 2023 General Election.

b.  Petitioner, Michael E. Main, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1740 Old Morris Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

c.  Petitioner, Cynthia M. Manero, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1866 Rampart Lane, Landale, PA 19446, who cast a vote at the November 7, 2023 General Election.

d.  Petitioner, Kris A. Kazmar, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2315 Old Forty Foot Road, Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

e.  Petitioner, Janella J. Santiago, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2315 Old Forty Foot Road, Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

f.  Petitioner, Scott E. Pickford, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2305 Old Forty Foot Road, Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

g.  Petitioner, Beth Pickford, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2305 Old Forty Foot Road, Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

h.  Petitioner, Richard Mullen, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 8 Farm Way, Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

i.  Petitioner, Richard D. Costlow, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2080 Parkview Drive, Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

j.  Petitioner, Joseph F. Meehan, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2117 Kriebel Rd., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

k.  Petitioner, Michael Secoda, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2075 Parkview Drive, Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

l.  Petitioner, Kelly L. Secoda, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2075 Parkview Drive, Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

m.  Petitioner, George H. Frisch, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 305 Monroe Dr., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

n.  Petitioner, Nancy J. Becker, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1798 Meadow Glen Dr., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

o.  Petitioner, Leo F. Horcher III, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2079 Parkview Drive, Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

p.  Petitioner, Alyson Horcher, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2079 Parkview Drive, Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

q.  Petitioner, Holly A. Bechtel, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2130 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

r.  Petitioner, Margrit D. Marino, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1175 Boyd Ave., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

s.  Petitioner, David Allen Brady, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1950 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

t.  Petitioner, Kathryn J. Marger, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1005 Thorndale Dr., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

u.  Petitioner, Bruce C. Marger, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1005 Thorndale Dr., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

v. Petitioner, Bruce R. Marger III, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1860 Old Morris Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

w. Petitioner, Thomas A. Nuss, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1925 Kulp. Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

x. Petitioner, Karen L. Nuss, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1925 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

y. Petitioner, Delyne D. Rogiani, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1950 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

z. Petitioner, Earl G. Godshall, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2145 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

aa. Petitioner, Marilyn Godshall, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 2145 Kulp Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

bb. Petitioner, Kristin R. Warner, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1780 Old Morris Rd., Harleysville, PA 19438, who cast a vote at the November 7, 2023 General Election.

cc. Petitioner, Kevin M. Rossi, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1223 Anders Rd., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

dd. Petitioner, Nicole M. Rossi, is a registered elector of Towamencin Township, Montgomery County, Pennsylvania, residing at 1223 Anders Rd., Lansdale, PA 19446, who cast a vote at the November 7, 2023 General Election.

ee. For judicial economy, Petitioners incorporate herein by reference the full list of seventy-three (73) Petitioners attached hereto as Exhibit "A."

2.    A petition raising an election contest for a township supervisor contest must be made and filed within twenty days after the date of the election, must contain the names of 20

petitioners, and must be verified by the affidavits of at least five of the petitioners. 25 P.S. §§ 3456-58.

3.      Petitioners acknowledge this Petition is filed more than 20 days after the election in question. However, as set forth in detail herein, the candidate petitioners voted for received the highest number of votes under the rules in effect on Election Day and, thus, the Montgomery County Board of Elections ("the Board") was required to certify him as the winner. Petitioners therefore had nothing to contest and no basis to seek judicial relief within 20 days of the election. That changed 23 days after the election—after the Election Code's deadline for the Board to certify the result—when the Board purported to declare another candidate the winner under a different set of rules, in contravention of the Election Code and the plain and binding directive of the Pennsylvania Supreme Court.

4.      Petitioners therefore contend that in light of the unique facts of the matter and the Board's illegal actions, the Petition is timely filed or, in the alternative, should be permitted *nunc pro tunc*.[1]

5.      A petition contesting the results of an election shall concisely set forth the cause of complaint, showing wherein it is claimed that the primary or election is illegal. 25 P.S. § 3456.

6.      Contested elections of a township supervisor "shall be tried and determined upon petition of twenty registered electors, as hereinafter provided by the court of common pleas of the county in which such contested election was held." 25 P.S. § 3431.

---

[1] *See In re Twenty-Sixth Election Dist., Second Ward, Borough of Lehighton*, 41 A.2d 657 (Pa. 1945) (The error of the election board caused the results of the election to be incorrectly reported and, thus, the only way to correct the error was to allow an appeal *nunc pro tunc*.); "We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed *nunc pro tunc*." *In re Canvass of Absentee Ballots of November 4, 2003 Gen. Election*, 843 A.2d 1223, 1234 (Pa. 2004).

7.     Because the contested township supervisor election was held in Montgomery County, this Court has jurisdiction over this election contest. *Id.*

8.     On November 7, 2023, a General Election was held, *inter alia*, for Towamencin Township Supervisor (the "Election").

9.     The candidates for Towamencin Township Supervisor in the November 7, 2023 General Election were Richard Marino ("Marino") and Kofi Osei ("Osei").

10.    Under the rules in effect on Election Day—and under which Towamencin Township voters cast their ballots and voted—Marino prevailed, receiving 4 more votes than Osei. *See* Screenshot of Montgomery County Unofficial Results attached hereto as Exhibit "B."

11.    Pursuant to 25 Pa. Stat. § 3154(f), the Montgomery County Board of Elections ("Board") was required to submit the unofficial results to the Secretary of the Commonwealth no later than 5 p.m. on November 14, 2023.

12.    Upon information and belief, the Board complied with § 3154(f) and submitted the unofficial results to the Secretary of the Commonwealth declaring Marino the winner of the Election.

13.    Upon information and belief, the Board completed the canvassing of all ballots and final computation of ballots on November 15, 2023.

14.    Five days after the completion of the computation of votes, and there having been no petition for a recount or recanvass filed, the county board **shall**[2] certify the returns so computed

---

[2] *See In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election, Appeal of Pierce*, 843 A.2d 1223, 1231 (Pa. 2004) ("The word 'shall' carries an imperative or mandatory meaning."); *see also In re Canvass of Absentee and Mail-In Ballots of Nov. 3, 2020 Gen. Election*, 241 A.3d 1058, 1084 (Pa. 2020) (Wecht, J., concurring in part and dissenting in part) ("shall means *shall*" (emphasis in original)).

and issue certificates of election to the successful candidates. *See* 25 Pa. Stat. § 3154(f) (emphasis added).[3]

15.    Upon information and belief, no petitions for recount or recanvass were filed in the Election and therefore, on November 21, 2023, the Board was statutorily required to certify Marino as the winner of the Election. *Id.*

16.    Notwithstanding the aforementioned timing requirements, the Board disregarded its statutory duty and inexplicably scheduled its certification vote for November 22, 2023, a day after it was required to do so.

17.    In clear and direct violation of the Election Code's certification requirements, on November 22, 2023 the Board, relying upon the November 21, 2023 Order in *NAACP v. Schmidt*, 1:22-CV-339 (W.D. Pa.)[4], issued a statement postponing the certification so as to now canvass six (6) mail-in and absentee ballots it had previously rightly determined, per the laws of the Commonwealth, to be defective and void for lack of date or incorrectly dated. A true and accurate copy of the Board's November 22, 2023 press statement is attached hereto as Exhibit "D."

18.    "The Election Code commands absentee and mail-in electors to date the declaration that appears upon ballot return envelopes, and failure to comply with that command renders a ballot invalid as a matter of Pennsylvania law." *Ball v. Chapman*, 289 A.3d 1, 28 (Pa. 2023); *See also In re Canvass of Absentee & Mail-in Ballots of November 3, 2020 Gen. Election*, 241 A.3d 1058 (Pa. 2020) (Statutory requirement that absentee or mail-in ballot voter date and sign the voter declaration was not a minor irregularity which could be overlooked and thus, in

---

[3] "At the expiration of five (5) days after the completion of the computation of votes, in case no petition for a recount or recanvass has been filed in accordance with the provisions of this act,...the county board **shall** certify the returns so computed in said county in the manner required by this act... The county board **shall** thereupon, in the case of elections, issue certificates of election to the successful candidates..." 25 P.S. § 3154(f) (emphasis added)

[4] A true and accurate copy of the November 21, 2023 Order is attached hereto as Exhibit "C."

future elections, the omission of either item would be sufficient, without more, to invalidate the ballot in question. (Per concurring opinion of Wecht, J.))

19.     On November 27, 2023, the Board conducted an untimely, improper, post mandatory statutory certification canvassing of the defective mail-in and absentee ballots, whereupon the Board declared the Election a tie. *See Petition to Open Ballot Box of Oneida Dist. in E. Union Twp.*, 103 A.2d 652 (Pa. 1954) (County Board of Elections acted without authority when it changed the vote in an election district for the office of township supervisor after its official duty in respect thereof had become final without an appeal therefrom to the Court of Common Pleas.)[5]

20.     On November 30, 2023, pursuant to 25 P.S. § 3168, Marino and Osei drew lots, which resulted Osei being declared the "winner" of the Election, even though Marino had won the Election several days before.

21.     Under the laws of the Commonwealth at the time of the Election, Marino was the rightful and legitimate winner of the Election, fifteen days after the Election and two days beyond the certification deadline, the Board determined it would improperly reverse its prior adjudication and retroactively revive uncured[6] and invalid ballots, a relief not specifically set forth in the November 21, 2023 Order, and as a result, Marino was forced to draw lots and ultimately was

---

[5] "Unfortunately for the Election Board's contention in such regard, its power to open the ballot box of the Oneida district had expired before it ordered the recount on the petition of Calovine. More than five days had elapsed since the admitted completion of the computation of the votes and no petition for a recount or a recanvass of the vote in the Oneida district for the office of township supervisor had been filed. See Section 1404(f) of the Election Code, 25 P.S. § 3154(f)." *Id.* at 460.

[6] Upon information and belief, prior to the Election, and in clear recognition of the ballot's fatal defects, the Board notifies all voters with a defective mail-in or absentee ballot that their ballots are defective and will not be counted. However, if they cast a provisional ballot at their polling place on Election Day, their vote can be cured. Petitioners would posit that the Board's actions provided the voters of the defective ballots two opportunities to cast a ballot and when the voters failed, the Board corrected it for them.

illegally declared by the Board to have lost the Election, notwithstanding the fact that he won the Election several days earlier.

22.     This series of events demonstrates a complete contravention of the Election Code, the laws of the Commonwealth and the laws of the United States.

23.     As explained, the Pennsylvania Supreme Court in *Ball* held that the General Assembly's duly enacted date requirement is mandatory under Pennsylvania law. By an equally divided vote, the Pennsylvania Supreme Court upheld the date requirement against a challenge brought under the federal materiality provision, 52 U.S.C. § 10101(a)(2)(B). *Ball v. Chapman*, 284 A.3d 1189, 1192 (Pa. 2022); *see Ball*, 289 A.3d 1; *Bonner v. Chapman*, 298 A.3d 153, 167-68 (Pa. Comm. Ct. 2023).

24.     In conflict with the ruling of the Pennsylvania Supreme Court, the federal district court in its November 21, 2023 Order concluded that the date requirement is preempted by the federal materiality provision. The federal district court arrived at this conclusion even though, in a prior case, three Justices of the U.S. Supreme Court stated that a view of the Pennsylvania date requirement as immaterial "is very likely wrong." *Ritter v. Migliori*, 142 S. Ct. 1824, 1824 (2022) (Alito, J., dissenting from denial of application for stay).

25.     The plaintiffs in *PA NAACP* sought relief regarding the 2022 General Election and never sought relief regarding the 2023 General Election or the Election at issue here. The federal district court's November 21, 2023 Order therefore did not grant relief regarding the Election.

26.     Accordingly, the Board was bound to comply with the Election Code and the Pennsylvania Supreme Court's directive in *Ball*, not a federal district court's order related to a different election. The Board therefore acted contrary to law when it counted the six (6) noncompliant ballots and improperly declared Osei the winner.

27.    Moreover, the United States Supreme Court has repeatedly stated that federal courts ordinarily should not enjoin a state's election laws in the period close to an election.[7]

28.    "That principle—known as the *Purcell* principle—reflects a bedrock tenet of election law: When an election is close at hand, the rules of the road must be clear and settled. Late judicial tinkering with election laws can lead to disruption and to unanticipated and unfair consequences for candidates, political parties, and voters, among others. It is one thing for a State on its own to toy with its election laws close to a State's elections. But it is quite another thing for a federal court to swoop in and re-do a State's election laws in the period close to an election." *Merrill v. Milligan*, 142 S.Ct. 879, 880–81 (2022) (emphasis in the original)

29.    "Changing the rules in the middle of the game is bad enough," but changing the rules during the post-game tally risks "severely damag[ing] the electoral system on which our self-governance so heavily depends." *Republican Party of Pa. v. Degraffenreid*, 141 S. Ct. 732, 735 (2021) (Thomas, J., dissenting from denial of certiorari).

30.    In the case at hand, the Board improperly and illegally changed the outcome of Election by both 1) canvassing voided ballots, without authority and in direct defiance of the laws of the Commonwealth, based on the inapplicable post-election November 21, 2023 Order from a federal district court and 2) by failing to timely certify the correct unofficial results after completing computation as they were statutorily required to do. *See Ball v. Chapman*, 289 A.3d 1 (Pa. 2023); 25 Pa. Stat. § 3154(f).

31.    Attached hereto are the affidavits of sixteen (16) of the Petitioners stating that they believe the facts herein are true, that according to the best of their knowledge and belief that the

---

[7] *See Merrill v. People First of Ala.*, 141 S.Ct. 25, (2020); *Andino v. Middleton*, 141 S.Ct. 9 (2020); *Merrill v. People First of Ala.*, 141 S.Ct. 190, (2020); *Clarno v. People Not Politicians*, 141 S.Ct. 206, (2020); *Little v. Reclaim Idaho*, 140 S.Ct. 2616 (2020); *Republican National Committee v. Democratic National Committee*, 140 S.Ct. 1205 (2020) (*per curiam*); *Democratic National Committee v. Wisconsin State Legislature*, 141 S.Ct. 28 (2020).

election result reported by the Board was illegal, and the return thereof not correct, and that this petition is made in good faith. True and correct copies of the affidavits are attached hereto as Exhibit "E."

32.    Accordingly, Petitioners have probable cause to bring this action and have presented a *prima facie* case that an election contest is warranted.

33.    As required by 25 P.S. § 3459, Petitioners are prepared to file a bond, in an amount set by the Court, within five (5) days of the filing of this Petition, should it be determined that the Petitioners shall be adjudged liable to pay said costs.

34.    Petitioners are concerned electors and therefore respectfully request that the bond be set for a nominal dollar amount.

WHEREFORE, Petitioners respectfully request that this Honorable Court compel the Montgomery County Board of Elections to comply with the Election Code and laws of the Commonwealth of Pennsylvania and certify Richard Marino as the winner of November 7, 2023, General Election for Towamencin Township.

Respectfully submitted,

GOLDSTEIN LAW PARTNERS, LLC

Date:  **12/1/2023**

Britain R. Henry, Esq.
Jonathan S. Goldstein, Esq.
*Attorneys for Petitioners*

EXHIBIT "A"

| | | |
|---|---|---|
| Shannon L. | Main | 1740 Old Morris Rd Harleysville Pa 19438 |
| Michael E. | Main | 1740 Old Morris Rd Harleysville Pa 19438 |
| Cynthia M. | Manero | 1866 Rampart Lane Lansdale Pa 19446 |
| Kris A. | Kazmar | 2315 Old Forty Foot Road, Harleysville, PA 19438 |
| Janella J. | Santiago | 2315 Old Forty Foot Road, Harleysville, PA 19438 |
| Scott E. | Pickford | 2305 Old Forty Foot Road, Harleysville, PA 19438 |
| Beth | Pickford | 2305 Old Forty Foot Road, Harleysville, PA 19438 |
| Richard | Mullen | 8 Farm Way, Harleysville, PA 19438 |
| Richard D. | Costlow | 2080 Parkview Drive Lansdale PA 19446 |
| Joseph F. | Meehan | 2117 Kriebel Rd Lansdale Pa 19446 |
| Michael | Secoda | 2075 Parkview Drive Lansdale PA 19446 |
| Kelly L. | Secoda | 2075 Parkview Drive Lansdale PA 19446 |
| George H. | Frisch | 305 Monroe Dr, Harleysville PA 19438 |
| Nancy J. | Becker | 1798 Meadow Glen Dr., Lansdale Pa 19446 |
| Leo F. | Horcher III | 2079 Parkview Drive Lansdale PA 19446 |
| Alyson | Horcher | 2079 Parkview Drive Lansdale PA 19446 |
| Holly A. | Bechtel | 2130 Kulp Rd Harleysville Pa 19438 |
| Margrit D. | Marino | 1175 Boyd Ave Lansdale Pa 19446 |
| David Allen | Brady | 1950 Kulp Rd Harleysville Pa 19438 |
| Kathryn J. | Marger | 1005 Thorndale Dr Lansdale Pa 19446 |
| Bruce C. | Marger | 1005 Thorndale Dr. Lansdale Pa 19446 |
| Bruce R. | Marger III | 1860 Old Morris Rd Harleysville Pa 19438 |
| Thomas A. | Nuss | 1925 Kulp Rd., Harleysville Pa 19438 |
| Karen L. | Nuss | 1925 Kulp Rd., Harleysville Pa 19438 |
| Delyne D. | Rogiani | 1950 Kulp Rd., Harleysville Pa 19438 |
| Earl G. | Godshall | 2145 Kulp Rd., Harleysville Pa 19438 |
| Marilyn | Godshall | 2145 Kulp Rd., Harleysville Pa 19438 |
| Kristin R. | Warner | 1780 Old Morris Rd., Harleysville Pa 19438 |
| Kevin M. | Rossi | 1223 Anders Rd., Lansdale, PA 19446 |
| Nicole M. | Rossi | 1223 Anders Rd., Lansdale, PA 194446 |
| Donald P. | Reimer | 1140 Nash Ave.. Lansdale, PA  19446 |
| Diana M. | Reimer | 1140 Nash Ave.. Lansdale, PA  19446 |
| William X. | Farmer | 1975 Kulp Rd, Harleysville, PA 19438 |
| Peter N. | Hanson | 1995 Springer Rd, Harleysville PA 19438 |
| Aimee N. | Hanson | 1995 Springer Rd, Harleysville PA 19438 |
| Michael G. | Lewis | 109 Madison Way, Lansdale Pa 19446 |
| Richard Todd | Fisher | 422 Militia Drive, Lansdale Pa 19446 |
| Robert C. | Lebrocq | 2045 Eagle Way, Hatfield Pa 19440 |
| Elizabeth A. | Meehan | 2117 Kriebel Rd, Lansdale Pa 19446 |
| William J. | Dauphinee | 2070 Spring Valley Rd., Lansdale Pa 19446 |
| Karen M. | Dauphinee | 2070 Spring Valley Rd., Lansdale Pa 19446 |
| Peter | Andolino | 2325 Old Forty Foot Road, Harleysville, PA 19438 |
| Michelle | Andolino | 2325 Old Forty Foot Road, Harleysville, PA 19438 |
| Gina | Bernitt | 27 Saratoga Lane, Harleysville, PA 19438 |
| Charles J. | Bernitt | 27 Saratoga Lane, Harleysville, PA 19438 |
| Jill L. | Mullen | 8 Farm Way, Harleysville, PA 19438 |
| Cody R. | Mullen | 8 Farm Way, Harleysville, PA 19438 |

| | | |
|---|---|---|
| Robert D. | Trueman, Jr. | 5 Farm Way, Harleysville, PA 19438 |
| Jennifer L. | Trueman | 5 Farm Way, Harleysville, PA 19438 |
| Richard H. | Burlingame | 121 Misty Meadow Ln, Lansdale, PA 19446 |
| Denise O. | Burlingame | 121 Misty Meadow Ln, Lansdale, PA 19446 |
| Karen L. | Burlingame | 121 Misty Meadow Ln, Lansdale, PA 19446 |
| Vincent J. | Caffarello | 119 Misty Meadow Ln, Lansdale, PA 19446 |
| Marie E. | Caffarello | 119 Misty Meadow Ln, Lansdale, PA 19446 |
| Jeffrey E. | Hill | 1121 Winding Rd, Lansdale PA 19446 |
| Frederick G. | Kammler | 25 Saratoga Lane, Harleysville, PA 19438 |
| Cathy L. | Kammler | 25 Saratoga Lane, Harleysville, PA 19438 |
| Annette | Barclay | 3 Ridgewood Way, Harleysville, PA 19438 |
| William | Barclay | 3 Ridgewood Way, Harleysville, PA 19438 |
| Stephanie P. | German | 1521 Kriebel Rd, Lansdale, PA 19446 |
| William R. | Sinn | 441 Stonemason Way, Lansdale, PA 19446 |
| Regina M. | Van | 955 Troxel Road, Lansdale, PA  19446 |
| John S. | Van | 955 Troxel Road, Lansdale, PA  19446 |
| Ralph M. | Van | 955 Troxel Road, Lansdale, PA  19446 |
| Kimberly R. | Milliron | 979 Weikel Road, Lansdale, PA  19446 |
| John F. | Milliron Jr. | 979 Weikel Road, Lansdale, PA  19446 |
| Joseph S. | Picozzi | 116 Katherine Way, Hatfield, PA 19440 |
| Alisa M. | Picozzi | 116 Katherine Way, Hatfield, PA 19440 |
| Laura C. | Smith | 1355 Pickwick Lane, Lansdale, PA  19446 |
| Ann P. | Smith | 1355 Pickwick Lane, Lansdale, PA  19446 |
| Joseph A. | Catanzaro | 1064 Snyder Road, Lansdale, PA  19446 |
| Monica L. | Catanzaro | 1064 Snyder Road, Lansdale, PA  19446 |
| Riana C. | Catanzaro | 1064 Snyder Road, Lansdale, PA  19446 |

EXHIBIT "B"

## Towamencin Township Supervisor (Vote for 1)

Precincts Reported: 9 of 9 (100.00%)

|  |  | Election Day | Mail-in | Provisional | Total |  |
|---|---|---|---|---|---|---|
| Times Cast |  | 4,451 | 1,848 | 28 | 6,327 / 13,193 | 47.96% |
|  |  |  |  |  |  |  |
| Candidate | Party | Election Day | Mail-in | Provisional | Total |  |
| Kofi Osei | DEM | 1,781 | 1,234 | 15 | 3,030 |  |
| Richard Marino | REP | 2,493 | 533 | 8 | 3,034 |  |
| Write-in |  | 8 | 5 | 0 | 13 |  |
| Total Votes |  | 4,282 | 1,772 | 23 | 6,077 |  |
|  |  | Election Day | Mail-in | Provisional | Total |  |

EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

PENNSYLVANIA STATE CONFERENCE          )
OF THE NAACP,  LEAGUE OF WOMEN         )
VOTERS OF PENNSYLVANIA,                )       **CASE NO. 1:22-CV-00339**
PHILADELPHIANS ORGANIZED TO            )
WITNESS, EMPOWER AND REBUILD,          )
COMMON CAUSE PENNSYLVANIA,             )       **HON. SUSAN PARADISE BAXTER**
BLACK POLITICAL EMPOWERMENT            )       **UNITED STATES DISTRICT JUDGE**
PROJECT,  MAKE THE ROAD                )
PENNSYLVANIA, MARLENE G.               )
GUTIERREZ, BARRY M. SEASTEAD,          )
AYNNE MARGARET PLEBAN                  )
POLINSKI, LAURENCE M. SMITH, JOEL      )
BENCAN,                                )
                                       )
            Plaintiffs,                )
                                       )
     vs.                               )
                                       )
AL SCHMIDT, IN HIS OFFICIAL            )
CAPACITY AS ACTING SECRETARY OF        )
THE COMMONWEALTH, ADAMS                )
COUNTY BOARD OF ELECTIONS,             )
ALLEGHENY COUNTY BOARD OF              )
ELECTIONS, ARMSTRONG COUNTY            )
BOARD OF ELECTIONS, BEAVER             )
COUNTY BOARD OF ELECTIONS,             )
BEDFORD COUNTY BOARD OF                )
ELECTIONS, BERKS COUNTY BOARD          )
OF ELECTIONS, BRADFORD COUNTY          )
BOARD OF ELECTIONS, BLAIR              )
COUNTY BOARD OF ELECTIONS,             )
BUCKS COUNTY BOARD OF                  )
ELECTIONS, BUTLER COUNTY BOARD         )
OF ELECTIONS, CAMBRIA COUNTY           )
BOARD OF ELECTIONS, CAMERON            )
COUNTY BOARD OF ELECTIONS,             )
CARBON COUNTY BOARD OF                 )
ELECTIONS, CENTRE COUNTY BOARD         )
OF ELECTIONS, CHESTER COUNTY           )
BOARD OF ELECTIONS, CLARION            )
COUNTY BOARD OF ELECTIONS,             )
                                       )

1

CLEARFIELD COUNTY BOARD OF          )
ELECTIONS, CLINTON COUNTY           )
BOARD OF ELECTIONS, COLUMBIA        )
COUNTY BOARD OF ELECTIONS,          )
CRAWFORD COUNTY BOARD OF            )
ELECTIONS, CUMBERLAND COUNTY        )
BOARD OF ELECTIONS, DAUPHIN         )
COUNTY BOARD OF ELECTIONS,          )
DELAWARE COUNTY BOARD OF            )
ELECTIONS, ELK COUNTY BOARD OF      )
ELECTIONS, ERIE COUNTY BOARD OF     )
ELECTIONS, FAYETTE COUNTY           )
BOARD OF ELECTIONS, FOREST          )
COUNTY BOARD OF ELECTIONS,          )
FRANKLIN COUNTY BOARD OF            )
ELECTIONS, FULTON COUNTY BOARD      )
OF ELECTIONS, GREENE COUNTY         )
BOARD OF ELECTIONS, HUNTINGDON      )
COUNTY BOARD OF ELECTIONS,          )
INDIANA COUNTY BOARD OF             )
ELECTIONS, JEFFERSON COUNTY         )
BOARD OF ELECTIONS, JUNIATA         )
COUNTY BOARD OF ELECTIONS,          )
LACKAWANNA COUNTY BOARD OF          )
ELECTIONS, LANCASTER COUNTY         )
BOARD OF ELECTIONS, LAWRENCE        )
COUNTY BOARD OF ELECTIONS,          )
LEBANON COUNTY BOARD OF             )
ELECTIONS, LEHIGH COUNTY BOARD      )
OF ELECTIONS, LUZERNE COUNTY        )
BOARD OF ELECTIONS, LYCOMING        )
COUNTY BOARD OF ELECTIONS,          )
MCKEAN COUNTY BOARD OF              )
ELECTIONS, MERCER COUNTY BOARD      )
OF ELECTIONS, MIFFLIN COUNTY        )
BOARD OF ELECTIONS, MONROE          )
COUNTY BOARD OF ELECTIONS,          )
MONTGOMERY COUNTY BOARD OF          )
ELECTIONS, MONTOUR COUNTY           )
BOARD OF ELECTIONS,                 )
NORTHAMPTON COUNTY BOARD OF         )
ELECTIONS, NORTHUMBERLAND           )
COUNTY BOARD OF ELECTIONS,          )
PERRY COUNTY BOARD OF               )
ELECTIONS, PHILADELPHIA COUNTY      )
BOARD OF ELECTIONS, PIKE COUNTY     )
                                    )

2

BOARD OF ELECTIONS, POTTER                    )
COUNTY BOARD OF ELECTIONS,                    )
SCHUYLKILL COUNTY BOARD OF                    )
ELECTIONS, SNYDER COUNTY BOARD                )
OF ELECTIONS, SOMERSET COUNTY                 )
BOARD OF ELECTIONS, SULLIVAN                  )
COUNTY BOARD OF ELECTIONS,                    )
SUSQUEHANNA COUNTY BOARD OF                   )
ELECTIONS, TIOGA COUNTY BOARD                 )
OF ELECTIONS, UNION COUNTY                    )
BOARD OF ELECTIONS, VENANGO                   )
COUNTY BOARD OF ELECTIONS,                    )
WARREN COUNTY BOARD OF                        )
ELECTIONS, WASHINGTON COUNTY                  )
BOARD OF ELECTIONS, WAYNE                     )
COUNTY BOARD OF ELECTIONS,                    )
WESTMORELAND COUNTY BOARD OF                  )
ELECTIONS, WYOMING COUNTY                     )
BOARD OF ELECTIONS, YORK                      )
COUNTY BOARD OF ELECTIONS,                    )
           Defendants.                    )
                         )

# O R D E R

AND NOW, this 21st day of November 2023;

IT IS HEREBY ORDERED that the following fifty-five county boards of elections be

dismissed from this action as no Plaintiff has established standing against them: Adams County,

Armstrong County, Beaver County, Bedford County, Blair County, Bradford County, Butler

County, Cambria County, Cameron County, Carbon County, Centre County, Chester County,

Clarion County, Clearfield County, Clinton County, Columbia County, Crawford County,

Cumberland County, Dauphin County, Delaware County, Elk County, Erie County, Fayette

County, Forest County, Franklin County, Fulton County, Greene County, Huntingdon County,

Indiana County, Jefferson County, Juniata County, Lackawanna County, Lawrence County,

Lebanon County, Luzerne County, Lycoming County, McKean County, Mercer County, Mifflin

County, Monroe County, Montour County, Northumberland County, Perry County, Pike County,

Potter County, Schuylkill County, Snyder County, Somerset County, Sullivan County,

Susquehanna County, Tioga County, Union County, Venango County, Wayne County, and

Wyoming County. The Clerk of Court shall terminate these Defendants as parties to this action.

And it is further

ORDERED that the motion for summary judgment filed by Plaintiffs [ECF No. 274] is

granted in part and denied in part. The motion is granted insofar as:

- Defendant Warren County Board of Elections is hereby directed to open the November 2022 mail ballot envelope with the barcode associated with Barry Seastead, canvass the ballot contained therein, and amend the official vote counts to include his ballot;

- Defendant York County Board of Elections is hereby directed to open the November 2022 mail ballot envelopes with the barcodes associated with Aynne Margaret Pleban Polinski and Marlene Gutierrez, canvass the ballots contained therein, and amend the official vote counts to include their ballots; and

- Defendant Montgomery County Board of Elections is hereby directed to open the November 2022 mail ballot envelopes with the barcodes associated with Laurence Smith and Joel Bencan, canvass the ballots contained therein, and amend the official vote counts to include their ballots.

And it is further

ORDERED that a declaratory judgment is entered in favor of Plaintiffs declaring that

both (1) the rejection of timely submitted mail ballots based solely on the failure of a voter to

write a date at all next to the voter's signature on the return envelope; and (2) the rejection of

timely submitted mail ballots based solely on a determination that the date written by a voter on

the return envelope was "incorrect" violates the Materiality Provision of the Civil Rights Act of

1964, 52 U.S.C. § 10101(a)(2)(B). And it is further

4

ORDERED that the Secretary is permanently enjoined from directing all county boards of elections of the Commonwealth to segregate, reject, exclude, or in any way not count timely received mail ballots based on a voter's error or omission in relation to the date on the voter declaration on the mail ballot return envelope. And it is further

ORDERED that Plaintiffs' claim under the Equal Protection Clause of the Fourteenth Amendment is dismissed. And it is further

ORDERED that the motion for summary judgment filed by Defendant Lancaster County Board of Elections [ECF No. 267] is granted in part and denied in part. The motion is partially granted in regard to standing: the only Plaintiff who has standing against the Lancaster County Board is the League of Women Voters. All other claims by Plaintiffs against this Defendant are dismissed. The motion is denied in all other respects. And it is further

ORDERED that the motion for summary judgment filed by Defendant Berks County Board of Elections [ECF No. 269] is granted in part and denied in part. The motion is partially granted in regard to standing: the only Plaintiffs who have standing against the Berks County Board are NAACP and League of Women Voters. All other claims by Plaintiffs against this Defendant are dismissed. The motion is denied in all other respects. And it is further

ORDERED that the motion for summary judgment filed by Intervenor Defendants RNC [ECF No. 270] is denied.

The Clerk is directed to mark this case closed.

SUSAN PARADISE BAXTER
United States District Judge

5

**2023 Press Releases**

Posted on: November 22, 2023

# MONTGOMERY COUNTY GENERAL ELECTION CERTIFICATION POSTPONED DUE TO COURT RULING

NORRISTOWN, PA—The Montgomery County Board of Elections is postponing the certification of the 2023 General Election due to yesterday's ruling of the United States District Court for the Western District of Pennsylvania.

The election certification, which was scheduled to happen on Wednesday, November 22, 2023, will be postponed to allow for the canvass and tabulation of undated and improperly dated mail-in ballots. The canvass and tabulation will begin on Monday, November 27 at 10 a.m. at the Montgomery County Voters Services Warehouse, located at 1006 W Washington St, Norristown, PA 19401. Canvassers will open up to 349 ballots that have missing or incorrectly dated envelopes, tabulate them, and include them in the official results for the election.

The court's ruling declared that not counting ballots with a missing or incorrect date violates federal law. "The provision protects a citizen's right to vote by forbidding a state actor from disqualifying a voter because of their failure to provide or error in providing some unnecessary information on a voting

**Tools**

RSS

Notify Me

View Archived

**Categories**

- All Categories
- Commerce
- Recorder of Deeds
- Health Department
- Parks, Trails, and Historic Sites
- Voters
- Sheriff
- DA - 2015 News Releases
- DA - 2016 News Releases
- Domestic Relations
- Planning
- DA - 2017 News Releases
- DA - 2018 News Releases
- 2019 Press Releases
- DA - 2019 News Releases
- HHS News
- 2020 Press Releases
- DA - 2020 News Releases
- DA - 2021 News Releases
- 2021 Press Releases

Select Language

Google Translate

application or ballot," Judge Susan Baxter wrote in her opinion. The court's order states that the missing or incorrect date is unnecessary information and thus should not affect a voter's eligibility to have their votes counted.

"In Montgomery County, we have consistently taken the position that the Election Code should be interpreted broadly in favor of voters' rights. All eligible voters should have their ballots counted," said **Kenneth E. Lawrence Jr., Chair of the Montgomery County Board of Elections**. "We will take the additional time needed to ensure that these ballots are included in the official results of the 2023 General Election."

After all eligible ballots have been counted, in accordance with the election code, the results will be posted for the five-day waiting period. The County will then certify the 2023 General Election.

The unofficial results of the 2023 General Election are available on the County's election results dashboard.

For more information about Montgomery County Voters Services, visit www.montgomerycountypa.gov/voters.

Media Contact:
megan.alt@montgomerycountyPA.gov

### ###

⇐ **Previous**
MONTGOMERY COUNTY ISSUES CODE BLUE COLD WEATHER DECLARATION FOR NOVEMBER 24 - 25, 2023

**Next** ⇒
MONTGOMERY COUNTY ISSUES CODE BLUE COLD WEATHER DECLARATION FOR NOVEMBER 20 - 21, 2023

## Other News in 2023 Press Releases

- 2022 Press Releases
- DA - 2022 News Releases
- Website News
- 2023 Press Releases
- DA - 2023 News Releases

Google **Translate**

EXHIBIT "E"

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | : : : | NO.: ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA ) 
                                    ) ss

COUNTY OF MONTGOMERY )

I, _Shannon Main_, being duly sworn, deposes and says:

1.     I am a Petitioner in the above-captioned matter.

2.     I am a registered elector of Towamencin Township.

3.     I voted in the General Election on November 7, 2023.

4.     I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.     The Petition for Election Conest is made in good faith.

6.     I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: _Shannon Main_____

Sworn to and subscribed before me on this

2 day of _December_, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
TERESA MARIE HENNING - Notary Public
Montgomery County
My Commission Expires September 2, 2026
Commission Number 1424488

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | : : : | NO.: ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA  )
              )   ss
COUNTY OF MONTGOMERY     )

I, _Michael Main_, being duly sworn, deposes and says:

1.  I am a Petitioner in the above-captioned matter.

2.  I am a registered elector of Towamencin Township.

3.  I voted in the General Election on November 7, 2023.

4.  I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.  The Petition for Election Conest is made in good faith.

6.  I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: _Michael Main_

Sworn to and subscribed before me on this

_2_ day of _December_, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
TERESA MARIE HENNING - Notary Public
Montgomery County
My Commission Expires September 2, 2026
Commission Number 1424488

### IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
### PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA ) 
) ss
COUNTY OF MONTGOMERY )

I, *Cynthia M Manero* being duly sworn, deposes and says:

1.  I am a Petitioner in the above-captioned matter.

2.  I am a registered elector of Towamencin Township.

3.  I voted in the General Election on November 7, 2023.

4.  I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.  The Petition for Election Conest is made in good faith.

6.  I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: *Cynthia M Manero*

Print: *Cynthia M Manero*

Sworn to and subscribed before me on this
1st day of December, 2023.

*Jeanette L Braun*
Notary Public

COMMONWEALTH OF PENNSYLVANIA - NOTARY SEAL
Jeanette I Braun Notary Public
Montgomery County
My Commission Expires 7/21/2027
Commission #1263800

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA    )
                                        )    ss
COUNTY OF MONTGOMERY              )

I, KRIS A. KAZMAR being duly sworn, deposes and says:

1. I am a Petitioner in the above-captioned matter.

2. I am a registered elector of Towamencin Township.

3. I voted in the General Election on November 7, 2023.

4. I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5. The Petition for Election Conest is made in good faith.

6. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: KRIS A. KAZMAR


Sworn to and subscribed before me on this

2 day of December , 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
ERIC BALIBAN - Notary Public
Montgomery County
My Commission Expires July 15, 2027
Commission Number 1291955

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | : : : | NO.: ELECTION LAW MATTER |

## AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA    )
                                )    ss
COUNTY OF MONTGOMERY            )

I, __JANELLA J. SANTIAGO__, being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Janella J. Santiago_

Print: _JANELLA J. SANTIAGO_

Sworn to and subscribed before me on this

_2_ day of _December_, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
ERIC BALIBAN - Notary Public
Montgomery County
My Commission Expires July 15, 2027
Commission Number 1291955

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA**

IN RE: CONTEST OF NOVEMBER        :
7, 2023 ELECTION OF TOWAMENCIN    :        NO.:
TOWNSHIP SUPERVISOR               :        ELECTION LAW MATTER

**AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST**

COMMONWEALTH OF PENNSYLVANIA        )
                                    )        ss
COUNTY OF MONTGOMERY                )

I, *Scott Edward Pickford*, being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: *Scott Edward Pickford*

Print: *Scott Edward Pickford*

Sworn to and subscribed before me on this
1ˢᵗ day of DECEMBER, 2023.

*[signature]*
Notary Public

COMMONWEALTH OF PENNSYLVANIA - NOTARY SEAL
Erika Resendiz Notary Public
Montgomery County
My Commission Expires 04/19/2026
Commission # 1324616

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

## AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA  )
                                                                    )    ss
COUNTY OF MONTGOMERY             )

I, _Beth Pickford_, being duly sworn, deposes and says:

1.      I am a Petitioner in the above-captioned matter.

2.      I am a registered elector of Towamencin Township.

3.      I voted in the General Election on November 7, 2023.

4.      I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.      The Petition for Election Conest is made in good faith.

6.      I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Beth Pickford_
Print: _Beth Pickford_

Sworn to and subscribed before me on this

_2_ day of _December_, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Fady E. Tawfiles, Notary Public
Chester County
My commission expires June 20, 2025
Commission number 1253550
Member, Pennsylvania Association of Notaries

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

**AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST**

COMMONWEALTH OF PENNSYLVANIA  )
　　　　　　　　　　　　　　　　) ss
COUNTY OF MONTGOMERY  )

I, _R.h.Mll_____, being duly sworn, deposes and says:

1. I am a Petitioner in the above-captioned matter.

2. I am a registered elector of Towamencin Township.

3. I voted in the General Election on November 7, 2023.

4. I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5. The Petition for Election Conest is made in good faith.

6. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Richard Mull_____

Print: _Richard Muller_____

Sworn to and subscribed before me on this

_2_ day of _December_, 2023.

_Samantha Maile_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
SAMANTHA L MAILE - Notary Public
Montgomery County
My Commission Expires November 16, 2025
Commission Number 1410974

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | :<br>:<br>: | NO.:<br>ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA    )
                                         )    ss
COUNTY OF MONTGOMERY             )

I, _Richard Costlow_, being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _[signature]_

Print: _Richard Costlow_

Sworn to and subscribed before me on this
_____ day of _December_, 2023.

_[signature]_
Notary Public

Commonwealth of Pennsylvania - Notary Seal
TERESA MARIE HENNING - Notary Public
Montgomery County
My Commission Expires September 2, 2026
Commission Number 1424488

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | )   ss |
| COUNTY OF MONTGOMERY | ) |

I, *Joseph F. Meehan*, being duly sworn, deposes and says:

1.  I am a Petitioner in the above-captioned matter.

2.  I am a registered elector of Towamencin Township.

3.  I voted in the General Election on November 7, 2023.

4.  I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.  The Petition for Election Conest is made in good faith.

6.  I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: *Joseph F. Meehan*

Sworn to and subscribed before me on this

*2* day of *December*, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
NATALIIA MELNYK - Notary Public
Montgomery County
My Commission Expires May 19, 2027
Commission Number 1435122

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA

| IN RE: CONTEST OF NOVEMBER | : | |
|---|---|---|
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA )
                                                             )  ss
COUNTY OF MONTGOMERY           )

I, _Michael Secoda_ being duly sworn, deposes and says:

1.     I am a Petitioner in the above-captioned matter.

2.     I am a registered elector of Towamencin Township.

3.     I voted in the General Election on November 7, 2023.

4.     I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.     The Petition for Election Conest is made in good faith.

6.     I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: _____Michael Secoda_____

Sworn to and subscribed before me on this

_2_ day of _December_____, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
SAMANTHA L MAILE - Notary Public
Montgomery County
My Commission Expires November 16, 2025
Commission Number 1410974

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
### PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

### AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA        )
                                    )        ss
COUNTY OF MONTGOMERY                )

I, _Kelly Secoda_ , being duly sworn, deposes and says:

1.      I am a Petitioner in the above-captioned matter.

2.      I am a registered elector of Towamencin Township.

3.      I voted in the General Election on November 7, 2023.

4.      I believe the facts stated in the Petition for Election Contest are true and, to the best

of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.      The Petition for Election Conest is made in good faith.

6.      I understand that the statements herein are made subject to the penalties of 18 Pa.

C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Kelly Secoda_

Print: _Kelly Secoda_

Sworn to and subscribed before me on this

_2_ day of _December_ , 2023.

_Sammie Neile_

Notary Public

Commonwealth of Pennsylvania - Notary Seal
SAMANTHA L MAILE - Notary Public
Montgomery County
My Commission Expires November 16, 2025
Commission Number 1410974

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER 7, 2023 ELECTION OF TOWAMENCIN TOWNSHIP SUPERVISOR | : : : | NO.: ELECTION LAW MATTER |

**AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | |
| | ) | SS |
| COUNTY OF MONTGOMERY | ) | |

I, _GEORGE FRISCH_, being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _George N. Frisch_

Print: _GEORGE FRISCH_

Sworn to and subscribed before me on this

_1_ day of _DECEMBER_, 2023.

_[signature]_
Notary Public

Commonwealth of Pennsylvania - Notary Seal
TERESA MARIE HENNING - Notary Public
Montgomery County
My Commission Expires September 2, 2026
Commission Number 1424488

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY
COUNTY PENNSYLVANIA**

IN RE: CONTEST OF NOVEMBER :
7, 2023 ELECTION OF TOWAMENCIN : NO.:
TOWNSHIP SUPERVISOR : ELECTION LAW MATTER

**AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST**

COMMONWEALTH OF PENNSYLVANIA )

                                          ) ss

COUNTY OF MONTGOMERY )

       I, __Nancy J. Becker_____, being duly sworn, deposes and says:

1. I am a Petitioner in the above-captioned matter.

2. I am a registered elector of Towamencin Township.

3. I voted in the General Election on November 7, 2023.

4. I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct. 5. The Petition for Election Conest is made in good faith.

6. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

                                    Signature: _Nancy J Becker_____

                            . Print: _Nancy J. Becker_____

Sworn to and subscribed before me on this

2nd day of _December_, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
KEVIN M LOWRIE - Notary Public
Montgomery County
My Commission Expires Jan 7, 2024
Commission Number 1098235

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

## AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST

COMMONWEALTH OF PENNSYLVANIA )

) ss

COUNTY OF MONTGOMERY )

I, _Alyson Horcher_, being duly sworn, deposes and says:

1.    I am a Petitioner in the above-captioned matter.

2.    I am a registered elector of Towamencin Township.

3.    I voted in the General Election on November 7, 2023.

4.    I believe the facts stated in the Petition for Election Contest are true and, to the best

of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.    The Petition for Election Conest is made in good faith.

6.    I understand that the statements herein are made subject to the penalties of 18 Pa.

C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _Alyson Horcher_

Print: _12/2/23 Alyson Horcher_

Sworn to and subscribed before me on this

_2nd_ day of _December_, 2023.

_Amita Patel_
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Amita Patel, Notary Public
Montgomery County
My commission expires September 4, 2024
Commission number 1375737
Member, Pennsylvania Association of Notaries

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CONTEST OF NOVEMBER | : | |
| 7, 2023 ELECTION OF TOWAMENCIN | : | NO.: |
| TOWNSHIP SUPERVISOR | : | ELECTION LAW MATTER |

**AFFIDAVIT IN SUPPORT OF PETITION FOR ELECTION CONTEST**

COMMONWEALTH OF PENNSYLVANIA )
                                     ) ss
COUNTY OF MONTGOMERY          )

I, _Leo Horcher_ , being duly sworn, deposes and says:

1.      I am a Petitioner in the above-captioned matter.

2.      I am a registered elector of Towamencin Township.

3.      I voted in the General Election on November 7, 2023.

4.      I believe the facts stated in the Petition for Election Contest are true and, to the best of my knowledge and belief, the election was illegal and the return thereof was not correct.

5.      The Petition for Election Conest is made in good faith.

6.      I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Signature: _____

Print: __12/2/23 Leo Horcher__

Sworn to and subscribed before me on this

_2nd_ day of __December__, 2023.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Amita Patel, Notary Public
Montgomery County
My commission expires September 4, 2024
Commission number 1375737
Member, Pennsylvania Association of Notaries

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.


Signature of Attorney                                    Date   12/1/2023

BRITAIN R. HENRY
ID. NO. 314279
TEL:  610-949-0444
bhenry@goldsteinlp.com

# Exhibit 9

Case# 2023-26306-6 Docketed at Montgomery County Prothonotary on 12/07/2023 4:02 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PENNSYLVANIA**

IN RE CONTEST OF NOVEMBER 7, 2023      :
ELECTION OF TOWAMENCIN                 :          No. 2023-26306
TOWNSHIP SUPERVISOR                    :

<u>ORDER</u>

**AND NOW,** this ⁷ day of _Dec._ , 2023, upon consideration of the

PETITION FOR ELECTION CONTEST, *OR IN THE ALTERNATIVE* PETITION FOR

ELECTION CONTEST *NUNC PRO TUNC* filed in the above captioned lawsuit, and the

response thereto, it is hereby **ORDERED** and **DECREED** that this Petition is **DENIED,** and

this lawsuit is **DISMISSED.**[1]

BY   THE COURT:

JOSEPH A. SMYTH, S.J.

Copy of the above order E-Filed _12/7/23_
Copies Mailed via Prothonotary to:
All Parties of Record
Copies Emailed via Chambers to:
Court Administration: Civil Division
Judicial Assistant

---

[1] This court adopts as the basis for this ruling the reasoning set forth in the opinion of United States District Judge Susan Paradise Baxter dated November 21, 2023 in *Pennsylvania State Conference of the NAACP, et al v. Al Schmidt, In His Official Capacity as Secretary of the Commonwealth, et al*, United States District Court for the Western District of Pennsylvania, Erie Division Case No, 1:22- CV-00339 Section V. - C pp. 49-73.

RULE 236 NOTICE PROVIDED ON 12/07/2023

# Exhibit 10



**Montgomery County**
**Election Board Meeting Agenda**
**December 4, 2023**

**Kenneth E. Lawrence, Jr.**
**Chair**

**Hon. Daniel J. Clifford**                                        **Joseph C. Gale**

    A.  <u>Call to Order</u>

    B.  <u>Pledge of Allegiance</u>

    C.  <u>Election Board Comments</u>

    D.  <u>General Public Comment – Limited to 3 minutes</u>

    E.  <u>Approval of Minutes</u>

    F.  <u>Certification of the 2023 General Election – Francis Dean</u>

    G.  <u>Adjourn</u>