IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>AL SCHMIDT, in his official capacity as Secretary of the Commonwealth, *et al.*,<br><br>   *Defendants*<br><br>and<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>   *Intervenor-Defendants* | Case No. 1:22-cv-00339-SPB |

**REPLY IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

# REPLY

Plaintiffs' motion for leave to amend the complaint to add an *Anderson-Burdick* claim (ECF No. 388) should be granted, and GOP Intervenors' suggestion to delay the summary judgment briefing schedule set out by the Court should be rejected.

On the merits, GOP Intervenors and Berks County simply ignore Plaintiffs' stated reason for why they seek to amend now: Before discovery, it was unknown whether the challenged requirement to handwrite a date on the voter declaration form might be connected to some legitimate election administration function. But with discovery from all 67 counties complete, no such function was identified, and instead it is now clear (and indeed, the Third Circuit has now expressly stated) that the handwritten date "serves little apparent purpose." *Pa. State Conf. of NAACP Branches v. Sec'y Commonwealth of Pa.*, 97 F.4th 120, 125, 127 (3d Cir. 2024); *accord* Nov. 21 MSJ Op., ECF No. 347 at 67 (date is "wholly irrelevant"). There is no need to "guess" the basis for the *Anderson-Burdick* claim on this record, as GOP Intervenors suggest (GOP Br., ECF No. 391 at 5); the basis is simply that enforcement of the date requirement imposes a burden on the right to vote with *zero* state interest to justify it.

Berks County is wrong to suggest (Berks Br., ECF No. 393, at 5) that Plaintiffs were obligated to seek leave to amend prior to the filing of their prior motion for summary judgment. Plaintiffs need not be penalized for seeking to resolve their primary statutory claim under the Materiality Provision, which proceeded under a theory that the Third Circuit had already addressed, on the expedited schedule ordered by the Court. *See* ECF No. 207.

Nor in all events can GOP Intervenors or Berks County point to any concrete prejudice they might experience from allowing amendment; rather, they concede (as they must) they are already defending an *Anderson-Burdick* claim based on the same record from the same coordinated discovery process,[1] in which both opposing defendants fully participated. GOP Br., ECF No. 391 at 5-6; Berks Br., ECF No. 393, at 5-6. Indeed, Defendants have already briefed the *Anderson-Burdick* issue in the *Eakin* case, where an as-yet undecided summary judgment motion remains pending, and Berks County's opposition to Plaintiffs' motion for leave, which consists mostly of already-formulated merits arguments on the *Anderson-Burdick* issue, Berks Br., ECF No. 393, at 7-15, further confirms that they would suffer no prejudice from including the claim in this case, too. "[P]rejudice to the non-moving party is the touchstone for the denial of amendment." *E.g.*, *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citation omitted). Here, there is none.

Separately, GOP Intervenors' suggestion to delay decision in this case is a non-starter. Plaintiffs are preparing to file a motion for summary judgment on May 29 (*i.e.*, in two days), consistent with the briefing schedule set forth before the Court, on both their Equal Protection and proposed *Anderson-Burdick* claims. Plaintiffs will include the proposed *Anderson-Burdick* claim in the motion so that it may be adjudicated conditional upon the granting of the Motion for Leave to Amend, precisely

---

[1] *See, e.g.*, Order, *Eakin v. Adams County Board of Elections*, No. 22 Civ. 340, ECF No. 227 (ordering discovery in *Eakin* for the same track as this case and for the sharing of the discovery in this case and *Eakin*); *see also* Order, ECF No. 260 (confidentiality order in this case applying to this case and *Eakin*).

to avoid any unnecessary delay in the resolution of the important issues at stake in this case. Plaintiffs will rely on the exact same Appendix of record evidence that supported the prior summary judgment motion. GOP Intervenors vaguely suggest that they theoretically might wish reopen discovery or do some additional consideration of the record in order to respond to the *Anderson-Burdick* claim. But they *already* had a full opportunity to take discovery on *Anderson-Burdick* in the coordinated discovery process in this case and *Eakin*, and they offer no explanation for what else they might need at this point. And they have already "develop[ed] their legal arguments," GOP Br., ECF No. 391 at 7, most notably by opposing a summary judgment motion in *Eakin* on the same claim and based on the same record.

To the extent GOP Intervenors identify some concrete basis for a modest extension of their time to file an opposition to the forthcoming motion for summary judgment, Plaintiffs would not oppose. But however the Court rules on the motion for leave to amend, it should under no circumstances accept GOP Intervenors' unjustified invitation to significantly delay resolution of the summary judgment phase of this case, which would disserve the public interest.

## CONCLUSION

Plaintiffs' motion for leave to amend should be granted and the Court's summary judgment briefing schedule should stand.

3

Dated: May 27, 2024

Stephen Loney (PA 202535)
Marian K. Schneider (PA 50337)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
sloney@aclupa.org
mschneider@aclupa.org

Witold J. Walczak (PA 62976)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
Tel: (412) 681-7736
vwalczak@aclupa.org
rting@aclupa.org

David Newmann (PA 82401)
Brittany C. Armour (PA 324455)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4610
david.newmann@hoganlovells.com
brittany.armour@hoganlovells.com

Respectfully submitted,

/s/ Ari J. Savitzky
Ari J. Savitzky
Megan C. Keenan
Sophia Lin Lakin
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
asavitzky@aclu.org
mkeenan@aclu.org
slakin@aclu.org
acepedaderieux@aclu.org

*Counsel for the Pennsylvania State Conference of the NAACP, League of Women Voters of Pennsylvania, Philadelphians Organized to Witness, Empower and Rebuild, Common Cause Pennsylvania, Black Political Empowerment Project, Make the Road Pennsylvania, Barry M. Seastead, Marlene G. Gutierrez, Aynne Margaret Pleban Polinski, Joel Bencan, and Laurence M. Smith*

4