IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNSYLVANIA STATE CONFERENCE )
OF THE NAACP, et al, )
    Plaintiffs, )Civil Action No. 1:22-CV-339
)
    v. )
)
AL SCHMIDT, Secretary of the Commonwealth, )
ALLEGHENY COUNTY BOARD OF ELECTIONS, )
BERKS COUNTY BOARD OF ELECTIONS, )
BUCKS COUNTY BOARD OF ELECTIONS, )
LANCASTER COUNTY BOARD OF ELECTIONS, )
LEHIGH COUNTY BOARD OF ELECTIONS, )
MONTGOMERY COUNTY BOARD OF )
ELECTIONS, )
NORTHAMPTON COUNTY BOARD OF )
ELECTIONS, )
PHILADELPHIA COUNTY BOARD OF ELECTIONS,)
WARREN COUNTY BOARD OF ELECTIONS, )
WASHINGTON COUNTY BOARD OF ELECTIONS, )
WESTMORELAND COUNTY BOARD OF )
ELECTIONS, )
and YORK COUNTY BOARD OF ELECTIONS, )
    Defendants. )

## ORDER

This matter has been remanded to this Court by the Court of Appeals for the Third Circuit for additional consideration of Plaintiffs' equal protection claim. *See Pennsylvania State Conf. of NAACP Branches v. Sec'y Commonwealth of Pennsylvania*, 97 F.4th 120, 139 (3d Cir. 2024). Plaintiffs have now moved for leave to file a Second Amended Complaint. ECF No. 387. All parties have been given the opportunity to oppose the motion and to be heard at oral argument held via videoconference on June 11, 2024. The motion to file a Second Amended Complaint will be granted.

1

Plaintiffs seek leave to add an additional claim against the remaining Defendants: that the Defendants violated the Plaintiffs' rights under the First Amendment.[1] Thus, the proposed amendments are not substantial; the only addition is the First Amendment claim which is based on the same facts alleged in the First Amended Complaint. *See* ECF No. 387-1, ¶¶ 3, 89-92. Notably, the prayer for relief remains the same in both amended pleadings.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, after a complaint is amended once, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." *Id*. Rule 15 "embodies the liberal pleading philosophy of the federal rules." *Adams v. Gould Inc.*, 739 F.2d 858, 865 (3d Cir. 1984). Courts generally show a "strong liberality" in allowing amendments. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 423 (3d Cir. 1981). District courts may only deny leave to amend if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party. *Adams*, 739 F.2d at 865, *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Tubbs v. N.Am. Title Agency, Inc.*, 531 Fed. App'x 262, 270 (3d Cir. 2013). The questions of undue delay and bad faith revolve around a plaintiff's motives, while the issue of prejudice requires the Court to focus on the effects of amendment on defendants. *Adams*, 739 F.2d at 868.

Delay can "'become undue when a movant has had previous opportunities to amend' the complaint, or when the movant does not seek leave to amend until after summary judgment has been granted to the adverse party." *Raab Fam. P'ship v. Borough of Magnolia*, 2009 WL

---

[1] During oral argument, the Plaintiffs acknowledged that they are not seeking to refile their new claim against the fifty-five previously dismissed county boards of elections, whose dismissal on the basis of standing was undisturbed on appeal and remains the law of the case. *See, e.g., Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023) ("The law of the case doctrine prevents reconsideration of legal issues already decided in earlier stages of a case.").

2

10689669, at *4 (D.N.J. Oct. 30, 2009) *citing Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). Here, Plaintiffs waited until after discovery had closed, cross-motions for summary judgment were decided, an appeal was taken, and that appeal was remanded for further proceedings before seeking to amend their complaint a second time to include a new First Amendment claim. Plaintiffs argue that the basis for the amendment became clear during discovery and/or after the Third Circuit issued its opinion. Although Plaintiffs' reasons supporting further amendment are tenuous this Court cannot say that their delay in seeking amendment was undue or made in bad faith. The "mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." *Cureton*, 252 F.2d at 273, *citing Adams*, 739 F.2d at 868. *See also* 6 A. Wright & A. Miller, *Federal Practice and Procedure* § 1488 (3d ed.) ("Delay alone is not a sufficient reason for denying leave").

Moreover, it is the potential for "prejudice to the non-moving party [that] is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) *quoting Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). *See also* 6 Wright & Miller, *Federal Practice and Procedure* § 1487 ("Perhaps the most important factor listed by the Court for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading. Conversely, if the court is persuaded that no prejudice will accrue, the amendment should be allowed."). The issue of prejudice requires the Court to focus on the hardship to the defendants in terms of additional discovery, costs, and preparation against the new facts and/or legal theories. *Cureton*, 262 F.2d at 273. Here, because the First Amendment claim has been litigated in the parallel case (*Eakin v. Adams Cty. Bd. of Elections*, C.A. No. 1:22-cv-340) and because Plaintiffs have indicated they are not seeking to reopen discovery, Defendants' arguments of prejudice fall flat.

3

To the extent any party may suffer prejudice from the allowance of an amendment, the party most prejudiced would be the Secretary because he is not a party in the parallel action. But when specifically called upon during the hearing on this motion, the Secretary voiced no objection to the amendment of the complaint. Accordingly, the Court finds no substantial prejudice to the Defendants in granting the Plaintiffs' motion.

Before the Second Amended Complaint may be docketed however, there is a housekeeping matter to which Plaintiffs must attend. As discussed during the oral argument, the caption of the proposed Second Amended Complaint must be redrafted, naming only the remaining Defendants herein. This is to more properly reflect the status of the current parties and to acknowledge that Plaintiffs are pursuing their Equal Protection and First Amendment claims against the Secretary and twelve county boards of elections as opposed to the sixty-seven county boards originally sued. Accordingly, Plaintiffs will be given until June 20, 2024, to file the Second Amended Complaint.

AND NOW, this 14th day of June 2024;

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to file a second amended complaint [ECF No. 387] is granted. Plaintiffs must file the Second Amended Complaint, consistent with this Memorandum Order, by June 20, 2024.

IT IS FURTHER ORDERED that the remaining Defendants must file an answer by June 28, 2024.

IT IS FURTHER ORDERED that any Defendant may move for summary judgment or supplement their pending motion for summary judgment by July 5, 2024. Oppositions thereto are due by July 18, 2024, and replies shall be filed by July 25, 2024.

_____
SUSAN PARADISE BAXTER
United States District Judge