IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 1:22-cv-00339 ) ) |
| v. | ) Judge Susan P. Baxter ) |
| AL SCHMIDT, *et al.*, | ) ) |
| Defendants. | ) |

**INTERVENOR-DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' SECOND AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Intervenor–Defendants the Republican National Committee, National Republican Congressional Committee, and Republican Party of Pennsylvania (together, "Republican Committees"), by and through counsel, file this Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief. The Republican Committees support free and fair elections for all Pennsylvanians and commonsense, constitutional rules to govern those elections. They therefore deny that Plaintiffs are entitled to any relief on their challenge to the General Assembly's duly enacted date requirement for absentee and mail-in ballots, which the Pennsylvania Supreme Court upheld on November 1, 2022 and the Third Circuit upheld on March 27, 2024. Any allegation in the Complaint not explicitly responded to in this Answer is hereby denied.

**INTRODUCTION**

1.  The Republican Committees specifically deny the baseless and untrue allegation that mandatory application of the General Assembly's date requirement for absentee and mail-in ballots—which the Pennsylvania Supreme Court upheld on November 1, 2022 and the Third

Circuit upheld on March 27, 2024—results in any individual being "disenfranchised" or involves "an immaterial paperwork error." The Republican Committees deny the remaining allegations in Paragraph 1.

2. The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit is a "meaningless technicality" or "utterly immaterial" or involves "a trivial paperwork error." The Republican Committees further deny that mandatory application of the date requirement violates any provision of law, including "the Materiality Provision of the Civil Rights Act," as the Third Circuit already has held. Paragraph 2 sets forth legal conclusions and/or statements to which no response is required. To the extent a further response is required, the Republican Committees deny the remaining allegations in Paragraph 2.

3. The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit involves an "immaterial paperwork error." The Republican Committees further deny that mandatory application of the date requirement violates any provision of law, including "the Equal Protection Clause of the Fourteenth Amendment" or the "First and Fourteenth Amendments." Paragraph 3 sets forth legal conclusions and/or statements to which no response is required. To the extent a further response is required, the Republican Committees deny the remaining allegations in Paragraph 3.

4. The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit is a "hyper-technical rule[]" that involves "an inconsequential paperwork error" or "disenfranchise[s]" anyone. The Republican Committees are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore deny them.

5. The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit causes anyone to be "disenfranchised." The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore deny them.

6. The Republican Committees deny the allegations in Paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 7.

8. Paragraph 8 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 8.

9. Paragraph 9 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 9.

10. Paragraph 10 sets forth legal conclusions and/or statements to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 10.

**PARTIES**

11.     The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit puts anyone "at risk of disenfranchisement." The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore deny them.

12.     The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny them.

13.     The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit involves "a trivial paperwork mistake" or will "disenfranchise" anyone. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore deny them.

14.     The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit puts anyone "at risk of disenfranchisement." The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore deny them.

15.     The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny them.

16.     The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit is a "hyper-technical rule[]" that involves a "trivial and immaterial paperwork

error[]" or "disenfranchise[s]" anyone.  The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore deny them.

17. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny them.

18. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny them.

19. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny them.

20. The Republican Committees specifically deny that the date requirement has any "disenfranchising effects," and that the date requirement rule is "immaterial" or involves an "immaterial paperwork error[]."  The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore deny them.

21. The Republican Committees specifically deny that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit puts anyone "at risk of disenfranchisement."  The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore deny them.

22. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny them.

23. The Republican Committees specifically deny that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit is a "trivial

paperwork requirement," that consequences of failing to comply with it are "drastic," that it was "previously understood . . . to be superfluous," or that application of the date requirement would result in "disenfranchisement."  The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore deny them.

24. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny them.

25. The Republican Committees specifically deny that failure to comply with the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit is a "minor error[]," or that application of the date requirement would result in "disenfranchisement."  The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny them.

26. The Republican Committees specifically deny that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit puts anyone "at risk of disenfranchisement."  The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny them.

27. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny them.

28. The Republican Committees specifically deny that application of the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit will "disenfranchise" anyone, that the date requirement is a "trivial" and "technical mail ballot

rule[],"  or that failure to comply with the date requirement is a "minor" or "trivial paperwork mistake."  The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny them.

29.     Plaintiffs' Second Amended Complaint states that Paragraph 29 was "INTENTIONALLY LEFT BLANK."

30.     The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny them.

31.     Plaintiffs' Second Amended Complaint states that Paragraph 31 was "INTENTIONALLY LEFT BLANK."

32.     The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny them.

33.     Plaintiffs' Second Amended Complaint states that Paragraph 33 was "INTENTIONALLY LEFT BLANK."

34.     The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny them.

35.     The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny them.

36.     The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore deny them.

37.     Paragraph 37 is admitted insofar as Defendant Al Schmidt is the Secretary of the Commonwealth of Pennsylvania.  The remaining allegations in Paragraph 37 are legal conclusions and/or statements of what the law provides, to which no response is required.  To the extent a response is required, the Republican Committees deny the allegations in Paragraph 37.

38. The allegations in Paragraph 38 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 38.

**FACTS**

39. The allegations in Paragraph 39 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 39.

40. The allegations in Paragraph 40 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 40.

41. The allegations in Paragraph 41 and footnote 1 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 41 and footnote 1.

42. The allegations in Paragraph 42 and footnote 2 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 42 and footnote 2.

43. The allegations in Paragraph 43 are legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 43.

44. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and footnote 3 and therefore deny them.

45. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore deny them.

46. The Republican Committees specifically deny that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit is "superfluous." Paragraph 46 sets forth legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 46.

47. Paragraph 47 sets forth the history of litigation over the date requirement which history speaks for itself and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 47.

48. Paragraph 48 describes a prior Pennsylvania Supreme Court case which speaks for itself and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 48.

49. Paragraph 49 describes a prior Pennsylvania Supreme Court case which speaks for itself and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 49.

50. Paragraph 50 and footnote 4 describe a now-vacated Third Circuit opinion which speaks for itself and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 50 and footnote 4.

51. Paragraph 51 and footnote 5 describe factual details purportedly from the record in a prior case which speaks for itself and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 51 and footnote 5.

52. Paragraph 52 describes matters purportedly from the record in a prior case which speaks for itself and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 52.

53. Paragraph 53 describes matters purportedly from the record in a prior case which speaks for itself and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 53.

54. Paragraph 54 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 54.

55. Paragraph 55 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 55.

56. Paragraph 56 is admitted insofar as David Ritter sought a stay from the U.S. Supreme Court.

57. Paragraph 57 describes past legal proceedings, which speak for themselves, and sets forth legal conclusions and/or statements of what the law provides, to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 57.

58. Paragraph 58 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 58.

59. Paragraph 59 and footnotes 6 and 7 describe past actions of the Acting Secretary of the Commonwealth, Leigh M. Chapman, which have been superseded by subsequent actions and

to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 59 and footnotes 6 and 7. By way of further Answer, the Republican Committees note that Leigh Chapman is the former Acting Secretary of the Commonwealth, having been succeeded by Al Schmidt who is the current Secretary of the Commonwealth and whom has been substituted for Leigh Chapman as a named Defendant in this matter.

60. Paragraph 60 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations and mischaracterizations in Paragraph 60. The Republican Committees specifically deny any suggestion that they sought in past legal proceedings anything other than affirmation of the General Assembly's date requirement, which the Pennsylvania Supreme Court provided with its order in the Republican Committees' favor on November 1, 2022 and the Third Circuit provided with its decision in their favor on March 27, 2024.

61. Paragraph 61 describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations and mischaracterizations in Paragraph 61. The Republican Committees specifically deny any suggestion that the Pennsylvania Supreme Court did anything other than uphold the General Assembly's date requirement for the 2022 general election and beyond.

62. Paragraph 62 describes past actions of the Pennsylvania officials, which speak for themselves and do not require a response. To the extent a response is required, the Republican Committees deny the allegations and mischaracterizations in Paragraph 62.

63. Paragraph 63 describes past actions of former Acting Secretary Chapman, which speak for themselves and do not require a response. To the extent a response is required, the

11

Republican Committees deny the allegations and mischaracterizations in Paragraph 63. By way of further Answer, the Republican Committees note that Leigh Chapman is the former Acting Secretary of the Commonwealth, having been succeeded by Al Schmidt who is the current Secretary of the Commonwealth and whom has been substituted for Leigh Chapman as a named Defendant in this matter.

64. Paragraph 64 describes a Pennsylvania Supreme Court supplemental order which speaks for itself and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 64.

65. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore deny them.

66. Paragraph 66 is admitted insofar as the 2022 midterm election involved elections for the U.S. Senate, U.S. House of Representatives, and Pennsylvania House and Senate offices. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and its subparts, and therefore deny them.

67. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny them.

68. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore deny them.

69. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny them.

70. The Republican Committees specifically deny that applying the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit will result in anyone "be[ing] disenfranchised." The allegations in Paragraph 70 are legal

conclusions and/or statements of what the law provides, to which no response is required.  To the extent a response is required, the Republican Committees deny the allegations and mischaracterizations in Paragraph 70.

72. The Republican Committees specifically deny that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit is "meaningless." The Republican Committees deny the remaining allegations in Paragraph 71.

72. The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore deny them.

73. The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit "disenfranchises" anyone.  The Republican Committees are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and therefore deny them.

74. The Republican Committees specifically deny that any judicial intervention is "required," that application of the date requirement would "constitute[] irreparable harm" or "disenfranchise[]" anyone.  The Republican Committees further deny that the federal Materiality Provision and the First and Fourteenth Amendments of the United States Constitution require that ballots not in compliance with the date requirement be counted.  The Republican Committees deny the remaining allegations in Paragraph 74.

## COUNT I

75. The Republican Committees reassert and incorporate by reference their answers in the preceding paragraphs.

76. Paragraph 76 states legal conclusions and/or statements of what the law provides and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 76, including because they contradict the Third Circuit's holding in this case.

77. Paragraph 77 states legal conclusions and/or statement of what the law provides and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 77.

78. Paragraph 78, and its subparts, state legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 78 and its subparts. The Republican Committees specifically deny the allegations that failure to comply with the General Assembly's date requirement is an "immaterial paperwork error" and that the ballot declaration form is a paper "requisite to voting," including because they contradict the Third Circuit's holding in this case.

79. Paragraph 79 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 79.

80. Paragraph 80 sets forth legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 80, including because they contradict the Third Circuit's holding in this case.

81. Paragraph 81 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, the

Republican Committees deny the allegations in Paragraph 81, including because they contradict the Third Circuit's holding in this case.

82. Paragraph 82 states legal conclusions and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 82. The Republican Committees specifically deny that failure to comply with the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit is an "immaterial error[]," that application of the date requirement is "contrary to the Materiality Provision," and that application of the date requirement "will result in the disenfranchisement of" anyone, including because they contradict the Third Circuit's holding in this case.

## **COUNT II**

83. The Republican Committees reassert and incorporate by reference their answers in the preceding paragraphs.

84. Paragraph 84 states legal conclusions and/or statements of what the law provides and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 84.

85. Paragraph 85 states legal conclusions and/or statements of what the law provides and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 85.

86. Paragraph 86 states legal conclusions and/or statements of what the law provides and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 86.

87. Paragraph 87 sets forth legal conclusions and/or statements to which no response is required. To the extent a further response is required, the Republican Committees deny the remaining allegations in Paragraph 87. The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit involves "a trivial paperwork error" or an "immaterial mistake." The Republican Committees further deny that mandatory application of the date requirement results in "disenfranchising" anyone.

88. Paragraph 88 states legal conclusions and/or statements of what the law provides and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 88.

## COUNT III

89. The Republican Committees reassert and incorporate by reference their answers in the preceding paragraphs.

90. Paragraph 90 states legal conclusions and/or statements of what the law provides and to which no response is required. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 90.

91. Paragraph 91 sets forth legal conclusions and/or statements to which no response is required. To the extent a further response is required, the Republican Committees deny the remaining allegations in Paragraph 91. The Republican Committees specifically deny the baseless and untrue allegation that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit results in the "disenfranchisement" of anyone.

92. Paragraph 92 sets forth legal conclusions and/or statements to which no response is required. To the extent a further response is required, the Republican Committees deny the

remaining allegations in Paragraph 92. The Republican Committees specifically deny the baseless and untrue allegations that the General Assembly's date requirement upheld by the Pennsylvania Supreme Court and the Third Circuit serves no "state interest" and is "not used for any election-related purposes." The Republican Committees further deny that the mandatory application of the date requirement involves a "meaningless paperwork mistake" and "disenfranchise[s]" voters.

## **PRAYER FOR RELIEF**

WHEREFORE, the Republican Committees respectfully request that this Court enter judgment in favor of the Defendants and Intervenor-Defendants and against the Plaintiffs, and grant such other and further relief as the Honorable Court deems necessary and appropriate.

1. The Republican Committees deny the allegations in Paragraph 1, and deny that Plaintiffs are entitled to the relief requested.

2. The Republican Committees deny the allegations in Paragraph 2, and its subparts, and deny that Plaintiffs are entitled to the relief requested.

3. The Republican Committees deny the allegations in Paragraph 3, and deny that Plaintiffs are entitled to the relief requested.

4. The Republican Committees deny the allegations in Paragraph 4, and deny that Plaintiffs are entitled to the relief requested.

5. The Republican Committees deny the allegations in Paragraph 5, and deny that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, the Republican Committees assert the following affirmative defenses:

1. The Court lacks subject matter jurisdiction over this action.

2. Plaintiffs lack standing.

3. Plaintiffs' claims are barred by the applicable statutes of limitations.

4. Plaintiffs' claims are barred by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

5. Plaintiffs' Complaint fails to set forth a claim upon which relief can be granted.

6. Plaintiffs' requested relief would have the Court or the Defendants—not the General Assembly—create new laws governing the conduct of elections in Pennsylvania. The power to regulate elections is exclusively a legislative function. U.S. CONST. art. II, § 1, cl. 2; PA. CONST. Art. VII, § 14(a); *Robinson Twp. v. Commonwealth*, 147 A.2d 536, 583 (Pa. 2016); *Agre v. Wolf*, 284 F. Supp. 3d 591, 620 (E.D. Pa. 2018) (Smith, C.J.). Plaintiffs' requested relief would run contrary to the separation of powers and usurp the General Assembly's authority.

7. Plaintiffs have failed to join indispensable parties to this action.

## PRAYER FOR RELIEF

WHEREFORE, the Republican Committees respectfully request that this Court enter judgment in favor of the Defendants and Intervenor-Defendants and against the Plaintiffs, and grant such other and further relief as the Honorable Court deems necessary and appropriate.

Dated: June 28, 2024

Respectfully submitted,

*/s/ Kathleen A. Gallagher*
Kathleen A. Gallagher
PA I.D. #37950
THE GALLAGHER FIRM, LLC
436 Seventh Avenue, 31st Floor
Pittsburgh, PA 15219
Phone: (412) 308-5512
kag@gallagherlawllc.com

John M. Gore *
E. Stewart Crosland
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com

Thomas W. King, III
Thomas E. Breth
DILLON, McCANDLESS, KING,
 COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA  16001
Phone: (724) 283.2200
tking@dmkcg.com
tbreth@dmkcg.com

*Counsel for Intervenor-Defendants*

* *Pro hac vice application forthcoming*