IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, ET. AL. | : : | |
| Plaintiffs, | : : | Case No. 1:22-CV-339-SPB |
| v. | : | |
| AL SCHMIDT, ET. AL. | : : | |
| Defendants. | : : | |

**ANSWER TO SECOND AMENDED COMPLAINT
WITH AFFIRMATIVE DEFENSES**

Defendant Lancaster County Board of Elections ("LCBOE") files this Answer and Affirmative Defenses to Plaintiffs Amended Complaint for Declaratory and Injunctive Relief (ECF No. 413).  Any allegation in the First Amended Complaint not explicitly responded to in this Answer is hereby denied.

INTRODUCTION

1.Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

2.Denied. Not counting undated or incorrectly mailed in or absentee ballots does not violate the Materiality Provision of the Civil Rights Act, 52 U.S.C 10101(a)(2)(B). *Pennsylvania State Conf. of NAACP Branches v. Sec'y Commonwealth of Pennsylvania*, 97 F.4th 120 (3d Cir. 2024).

3.Denied.

4.Denied.

1

5. Denied.

6. Denied.

## JURISDICTION AND VENUE

7. Denied. Plaintiffs have no claims under the 53 U.S.C. § 10101. *Pennsylvania State Conf. of NAACP Branches v. Sec'y Commonwealth of Pennsylvania*, 97 F.4th 120 (3d Cir. 2024)

8. Denied.

9. Denied.

10. Denied. Venue is not proper as to LCBOE. No event involving LCBOE has occurred within this district.

## PARTIES

11. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

12. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

13. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

14. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

15. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

16. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

17. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

18. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

19. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

20. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

21. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

22. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

23. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

24. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

25. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

26. Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

27.     Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

28.     Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

29.     Denied.

30.     Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

31.     Denied.

32.     Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

33.     Denied.

34.     Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.  Poliniski has not been disenfranchised. *Pennsylvania State Conf. of NAACP Branches v. Sec'y Commonwealth of Pennsylvania,* 97 F.4th 120 (3d Cir. 2024)

35.     Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

36.     Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

37.     Denied. LCBOE is without information sufficient to form a belief as to the truth of the matter averred.

38.     Denied.

FACTS

A. Pennsylvania's Mail Ballot Rules

 39. Admitted.

 40. Admitted.

 41. Admitted.

 42. Admitted.

 43. Denied.

 44. Denied.

 45. Denied.

B. Litigation Over the Envelope-Date Requirement

 46. Denied.

 47. Denied. The Third Circuit has held that refusing to count a mailed in or absentee ballot that is not completed according to the Pennsylvania Election Code does not violate federal law. *Pennsylvania State Conf. of NAACP Branches v. Sec'y Commonwealth of Pennsylvania,* 97 F.4th 120 (3d Cir. 2024).

 i. **In re Canvass**

 48. Denied. *Pennsylvania State Conf. of NAACP Branches v. Sec'y Commonwealth of Pennsylvania,* 97 F.4th 120 (3d Cir. 2024). *Id.*

 49. Denied. Failing to count incorrectly or undated mailed in or absentee ballots does not violate the Materiality Provision of the Voting Rights Act. *Id.*

    ii.    **Migliori**

50. Denied. Failing to count incorrectly or undated mailed in or absentee ballots does not violate the Materiality Provision of the Voting Rights Act. *Id.*

51. *Id.*

52. *Id.*

53. *Id.*

54. *Id.*

55. *Id.*

56. *Id.*

57. *Id.*

    iii.    *McCormick and Berks County*

58. Denied. Failing to count incorrectly or undated mailed in or absentee ballots does not violate the Materiality Provision of the Voting Rights Act. *Id.* It does not violate the Pennsylvania Election Code either. *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023).

59. *Id.*

    iv.    *Ball v. Chapman*

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

### C. Pennsylvania's 2022 Election

65.     Admitted.

66.     Denied. LCBOE is without knowledge or information sufficient to form a belief as to the truth of the matter averred.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied. LCBOE is without knowledge or information sufficient to form a belief as to the truth of the matter averred.

71.     Denied. LCBOE is without knowledge or information sufficient to form a belief as to the truth of the matter averred.

72.     Denied. LCBOE is without knowledge or information sufficient to form a belief as to the truth of the matter averred.

73.     Denied.

74.     Denied. The Materiality Provision of the civil Rights Act do not require that undated or incorrectly dated mailed-in or absentee ballots be counted. *Pennsylvania State Conf. of NAACP Branches v. Sec'y Commonwealth of Pennsylvania,* 97 F.4th 120 (3d Cir. 2024).

75.     Denied.

## CLAIM FOR RELIEF

## COUNT I

76.  LCBOE incorporates its answers to the previous paragraphs by reference.

77.  Denied. Plaintiffs' claims in Count I are moot. The Materiality Provision of the Civil Rights Act does not prohibit counties from refusing to count mailed-in or absentee ballots that are completed in violation of the Pennsylvania Election Code, including incorrectly dating or not dating the ballot. *Pennsylvania State Conf. of NAACP Branches v. Sec'y Commonwealth of Pennsylvania,* 97 F.4th 120 (3d Cir. 2024).

78.  *Id.*

79.  *Id.*

80.  *Id.*

81.  *Id.*

82.  *Id.*

## COUNT II

83.  LCBOE incorporates its answers to the previous paragraphs by reference.

84.  Denied.

85.  Denied.

86.  Denied.

87. Denied.

88. Denied.

## COUNT III

89. LCBOE incorporates its answers to the previous paragraphs by reference.

90. Denied.

91. Denied.

92. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' requested relief would have the Court or the Defendants—not the General Assembly—create new laws governing the conduct of elections in Pennsylvania. The power to regulate elections is exclusively a legislative function. U.S. CONST. art. II, § 1, cl. 2; PA. CONST. Art. VII, § 14(a); *Robinson Twp. v. Commonwealth*, 147 A.2d 536, 583 (Pa. 2016); *Agre v. Wolf*, 284 F. Supp. 3d 591, 620 (E.D. Pa. 2018) (Smith, C.J.). Plaintiffs' requested relief would run contrary to the separation of powers and usurp the General Assembly's authority.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are moot.

### EIGTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties to this action.

### NINTH AFFIRMATIVE DEFENSE

The Materiality Provision of the Civil Rights Act does not prohibit counties from refusing to count mailed-in or absentee ballots that are completed in violation of the Pennsylvania Election Code, including incorrectly dating or not dating the ballot. *Pennsylvania State Conf. of NAACP Branches v. Sec'y Commonwealth of Pennsylvania,* 97 F.4th 120 (3d Cir. 2024).

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, and issue preclusion.

### ELEVENTH AFFITMATIVE DEFENSE

Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed under various abstention doctrines. *Purcell v. Gonzalez*, 549 U.S. 1 (2006)

## PRAYER FOR RELIEF

WHEREFORE, the Lancaster County Board of Elections respectfully requests that the Court enter an order and judgment in its favor and against the Plaintiffs, dismissing all claims against the Lancaster County Board of Elections with prejudice, granting its costs incurred, and such other and further relief as the Honorable Court deems necessary and appropriate.

Respectfully submitted,

Date: June 25, 2024

*/s/ Walter S. Zimolong*
Walter S. Zimolong III, Esq.
wally@zimolonglaw.com
James J. Fitzpatrick III, Esq.
james@zimolonglaw.com
P.O. Box 552
Villanova, PA 19085
(215) 665-0842
*Attorneys for Defendant Lancaster County Board of Elections*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Western District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

Respectfully submitted,

Date: June 28, 2024

*/s/ Walter S. Zimolong III*
Walter S. Zimolong III, Esq.
wally@zimolonglaw.com
James J. Fitzpatrick III, Esq.
james@zimolonglaw.com
P.O. Box 552
Villanova, PA 19085
(215) 665-0842
*Attorneys for Defendant Lancaster County Board of Elections*