IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) ) Civil Action No.: 1:22-cv-00339 |
| Plaintiffs, | ) ) |
| v. | ) Judge Susan P. Baxter ) |
| AL SCHMIDT, *et al.*, | ) ) |
| Defendants. | ) |

**DEFENDANT WESTMORELAND COUNTY BOARD OF ELECTIONS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

AND NOW, comes the Defendant, Westmoreland County Board of Elections, (hereinafter "Westmoreland") and files the within Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint for Declaratory and Injunctive Relief (hereinafter "Second Amended Complaint"), more particularly as follows:

INTRODUCTION

1. The allegations in Paragraph 1 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Second Amended Complaint or the same constitute a conclusion of law requiring no further response thereto herein.

2. Paragraph 2 sets forth conclusions of law and/or statements to which no response is required. To the extent a further response is required, Westmoreland denies the remaining allegations in Paragraph 2 of the Second Amended Complaint when the General Assembly's date requirement was upheld by the Pennsylvania Supreme Court and the Third Circuit. By way of further response, Westmoreland denied that application of the date

requirement violates any provision of law, including "the Materiality Provision of the Civil Rights Act." Moreover, any actions of Westmoreland were based on the Pennsylvania Election Code and orders of the Pennsylvania Supreme Court interpreting the Pennsylvania Election Code.

3. Paragraph 3 sets forth conclusions of law and/or statements to which no response is required. To the extent a further response is required, Westmoreland denies the remaining allegations in Paragraph 3 of the Second Amended Complaint when the General Assembly's date requirement was upheld by the Pennsylvania Supreme Court and the Third Circuit Court of Appeals. By way of further response, Westmoreland denies that application of the date requirement violates the Equal Protection Clause of the Fourteenth Amendment or the First and Fourteenth Amendments. Moreover, any actions of Westmoreland were based on the Pennsylvania Election Code and orders of the Pennsylvania Supreme Court interpreting the Pennsylvania Election Code.

4. The allegations in Paragraph 4 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Second Amended Complaint or the same constitute a conclusion of law requiring no further response thereto herein.

5. The allegations in Paragraph 5 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Second Amended Complaint or the same constitute a conclusion of law requiring no further response thereto herein.

6. The allegations in Paragraph 6 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 6 of the Second Amended Complaint or the same constitute a conclusion of law requiring no further response thereto herein.

## JURISDICTION AND VENUE

7. Paragraph 7 sets forth conclusions of law and/or statements to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 7 of the Second Amended Complaint

8. Paragraph 8 sets forth conclusions of law and/or statements to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 8 of the Second Amended Complaint.

9. Paragraph 9 sets forth conclusions of law and/or statements to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 9 of the Second Amended Complaint.

10. Paragraph 10 sets forth conclusions of law and/or statements to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 10 of the Second Amended Complaint.

## PARTIES

11. The allegations in Paragraph 11 are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Second Amended Complaint.

12. The allegations in Paragraph 12 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Second Amended Complaint.

13. The allegations in Paragraph 13 are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Second Amended Complaint.

14. The allegations in Paragraph 14 are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Second Amended Complaint.

15. The allegations in Paragraph 15 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Second Amended Complaint.

16. The allegations in Paragraph 16 are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Second Amended Complaint.

17. The allegations in Paragraph 17 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Second Amended Complaint.

18. The allegations in Paragraph 18 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Second Amended Complaint.

19. The allegations in Paragraph 19 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Second Amended Complaint.

20. The allegations in Paragraph 20 are denied when the same constitute a

conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Second Amended Complaint.

21. The allegations in Paragraph 21 are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Second Amended Complaint.

22. The allegations in Paragraph 22 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Second Amended Complaint.

23. The allegations in Paragraph 23 are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Second Amended Complaint.

24. The allegations in Paragraph 24 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Second Amended Complaint.

25. The allegations in Paragraph 25 are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Second Amended Complaint.

26. The allegations in Paragraph 26 are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Second Amended Complaint.

27. The allegations in Paragraph 27 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 27 of the Second Amended Complaint.

28. The allegations in Paragraph 28 are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Second Amended Complaint.

29. Plaintiffs' Second Amended Complaint states that Paragraph 29 was "Intentionally Left Blank" and no response is required.

30. The allegations in Paragraph 30 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Second Amended Complaint.

31. Plaintiffs' Second Amended Complaint states that Paragraph 31 was "Intentionally Left Blank" and no response is required.

32. The allegations in Paragraph 32 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Second Amended Complaint.

33. Plaintiffs' Second Amended Complaint states that Paragraph 33 was "Intentionally Left Blank" and no response is required.

34. The allegations in Paragraph 34 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Second Amended Complaint.

35. The allegations in Paragraph 35 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Second Amended Complaint.

36. The allegations in Paragraph 36 are denied when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Second Amended Complaint.

37. The allegations in Paragraph 37 are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Second Amended Complaint. If and only if a response is required, any guidance issued to county boards of elections is a document that can be read on its own terms with no further response required thereto herein.

38. The allegations in Paragraph 38 are denied when the same constitute a conclusion of law requiring no further response thereto herein.

**FACTS**

39. The allegations in Paragraph 39 are conclusions of law and/or statements of what the law provides, to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 39 of the Second Amended Complaint.

40. The allegations in Paragraph 40 are conclusions of law and/or statements of what the law provides, to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 40 of the Second Amended Complaint.

41. The allegations in Paragraph 41 are conclusions of law and/or statements of what the law provides, to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 41 of the Second Amended Complaint including the footnote.

42. The allegations in Paragraph 42 are conclusions of law and/or statements of what the law provides, to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 42 of the Second Amended Complaint including the footnote.

43. The allegations in Paragraph 43 are conclusions of law and/or statements of what the law provides, to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 43 of the Second Amended Complaint.

44. Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore deny them. The allegations in the footnote accompanying Paragraph 44 are conclusions of law and/or statements of what the law provides, to which no response is required. To the extent a response is required, Westmoreland denies the allegations in the footnote accompanying Paragraph 44 of the Second Amended Complaint.

45. Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Second Amended Complaint and therefore deny them.

46. Paragraph 46 sets forth conclusions of law and/or statements of what the law provides, to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 46 of the Second Amended Complaint.

47. Paragraph 47 sets forth conclusions of law and the history of litigation over the date requirement which history speaks for itself and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 47 of the Second Amended Complaint.

48. Paragraph 48 sets forth conclusions of law or describes a prior Pennsylvania Supreme Court case which speaks for itself and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 48 of the Second Amended Complaint.

49. Paragraph 49 sets forth conclusions of law or describes a prior Pennsylvania Supreme Court case which speaks for itself and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 49 of the Second Amended Complaint.

50. Paragraph 50 sets forth conclusions of law or describes a now-vacated Third Circuit opinion which speaks for itself and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 50 of the Second Amended Complaint, including any foot notes, when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Paragraph 51 describes factual details purportedly from the record in a prior case which speaks for itself and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 51 of the Second Amended Complaint, including any foot notes, when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. Paragraph 52 describes matters purportedly from the record in a prior case which speaks for itself and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 52 of the Second Amended Complaint, when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. Paragraph 53 describes matters purportedly from the record in a prior case which speaks for itself and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 53 of the Second Amended Complaint, when Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Paragraph 54 sets forth a conclusion of law or describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 54 of the Second Amended Complaint. By way of further response, the *Ritter* opinion is a document that can be read on its own terms requiring no further response.

55. Paragraph 55 sets forth a conclusion of law or describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 55 of the Second Amended Complaint. By way of further response, the *Migliori* opinion is a document that can be read on its own terms requiring no further response.

56. Paragraph 56 describes past legal proceedings which speak for themselves and to which no response is required.

57. Paragraph 57 describes past legal proceedings, which speak for themselves, and sets forth conclusions of law and/or statements of what the law provides, to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 57 of the Second Amended Complaint.

58. Paragraph 58 describes past legal proceedings which speak for themselves, and sets forth conclusions of law and/or statements of what the law provides, and to which no

10

response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 58 of the Second Amended Complaint.

59. Paragraph 59 references a written document that speaks for itself and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 59 of the Second Amended Complaint.

60. Paragraph 60 sets forth a conclusion of law or describes past legal proceedings which speak for themselves and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 60 of the Second Amended Complaint.

61. Paragraph 61 describes past legal proceedings which speak for themselves and sets forth conclusions of law and/or statements of what the law provides, and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 61 of the Second Amended Complaint.  If and only if a response is required, the Pennsylvania Supreme Court upheld the General Assembly's date requirement.

62. The allegations in Paragraph 62 of the Second Amended Complaint are denied when Paragraph 62 refers to the contents of an email from Jonathan Marks, which is a document that can be read on its own terms, requiring no further response thereto herein. To the extent a response is required, Westmoreland denies the allegations in Paragraph 62 of the Second Amended Complaint.

63. The allegations in Paragraph 63 of the Second Amended Complaint are denied when Paragraph 63 refers to the contents of a document, which is a document that can be read on its own terms, requiring no further response thereto herein. To the extent a response is required, Westmoreland denies the allegations in Paragraph 63 of the Second Amended

Complaint.

64. Paragraph 64 describes a supplemental order from the Pennsylvania Supreme Court which speaks for itself and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 64 of the Second Amended Complaint.

65. Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Second Amended Complaint and therefore deny them.

66. Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Second Amended Complaint and its subparts and therefore deny them.

67. Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Second Amended Complaint and its subparts and therefore deny them.

68. Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Second Amended Complaint and therefore deny them.

69. Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Second Amended Complaint and therefore deny them.

70. The allegations set forth in Paragraph 70 of the Second Amended Complaint are denied when the same constitute a conclusion of law or Westmoreland is without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Second Amended Complaint and therefore deny them.

71. The allegations set forth in Paragraph 71 of the Second Amended Complaint are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Second Amended Complaint and therefore deny them.

72. The allegations set forth in Paragraph 72 of the Second Amended Complaint are denied when the same constitute a conclusion of law or Westmoreland is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Second Amended Complaint and therefore deny them.

73. The allegations in Paragraph 73 are conclusions of law and/or statements of what the law provides, to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 73 of the Second Amended Complaint.

74. The allegations in Paragraph 74 are conclusions of law and/or statements of what the law provides, to which no response is required. To the extent a response is required, Westmoreland denies the allegations and mischaracterizations in Paragraph 74 of the Second Amended Complaint.

## **COUNT I**

75. Paragraph 75 is an incorporation paragraph to which no response is required. Westmoreland incorporates by reference its answers in the preceding paragraphs.

76. Paragraph 76 states conclusions of law and/or statements of what the law provides and to which no response is required. To the extent a response is required,

Westmoreland denies the allegations in Paragraph 76 of the Second Amended Complaint.

77. Paragraph 77 states conclusions of law and/or statement of what the law provides and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 77 of the Second Amended Complaint.

78. Paragraph 78 and its subparts states conclusions of law and/or statement of what the law provides and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 78 and its subparts of the Second Amended Complaint.

79. Paragraph 79 states conclusions of law and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 79 of the Second Amended Complaint.

80. Paragraph 80 sets forth conclusions of law and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 80 of the Second Amended Complaint.

81. Paragraph 81 states conclusions of law and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 81 of the Second Amended Complaint.

82. Paragraph 82 states conclusions of law and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 82 of the Second Amended

Complaint.

## COUNT II

83. Paragraph 83 is an incorporation paragraph to which no response is required. Westmoreland incorporates by reference its answers in the preceding paragraphs.

84. Paragraph 84 states conclusions of law and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 84 of the Second Amended Complaint.

85. Paragraph 85 states conclusions of law and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 85 of the Second Amended Complaint.

86. Paragraph 86 states conclusions of law and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 86 of the Second Amended Complaint.

87. Paragraph 87 states conclusions of law and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 87 of the Second Amended Complaint.

88. Paragraph 88 states conclusions of law and/or statements of what the law provides or should provide and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 88 of the Second Amended

Complaint.

## COUNT III

89. Paragraph 89 is an incorporation paragraph to which no response is required Westmoreland incorporates by reference its answers in the preceding paragraphs.

90. Paragraph 90 states conclusions of law and/or statements of what the law provides and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 90 of the Second Amended Complaint.

91. Paragraph 91 states conclusions of law and/or statement of what the law provides and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 91 of the Second Amended Complaint.

92. Paragraph 92 states conclusions of law and/or statement of what the law provides and to which no response is required. To the extent a response is required, Westmoreland denies the allegations in Paragraph 92 of the Second Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant, Westmoreland County Board of Elections, respectfully requests that the Court deny the relief request by Plaintiffs, enter judgment in favor of the Defendant and against the Plaintiffs and grant such other and further relief as the Honorable Court deems necessary and appropriate.

## AFFIRMATIVE DEFENSES

While reserving the right to assert additional affirmative defenses that may arise during the pendency of this action, Westmoreland asserts the following affirmative defenses:

### First Affirmative Defense

The Court lacks subject matter jurisdiction over this action.

### Second Affirmative Defense

Plaintiffs lack standing.

### Third Affirmative Defense

Plaintiffs' claims are barred by the applicable statutes of limitations.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

### Fifth Affirmative Defense

Plaintiffs' Complaint fails to set forth a claim upon which relief can be granted.

### Sixth Affirmative Defense

Plaintiffs' claims are moot.

### Seventh Affirmative Defense

Plaintiffs' claims are barred by the doctrine of res judicata and collateral estoppel.

### Eight Affirmative Defense

Plaintiffs' requested relief would have the Court—not the General Assembly— create new laws governing the conduct of elections in Pennsylvania.

### Ninth Affirmative Defense

Plaintiffs' requested relief would run contrary to the separation of powers and usurp the General Assembly's authority.

### Tenth Affirmative Defense

Plaintiffs have failed to set forth a claim for any federal constitutional violation against Westmoreland.

### Eleventh Affirmative Defense

Westmoreland acted in accordance with the United States Constitution.

### Twelfth Affirmative Defense

Westmoreland acted in accordance with orders issued by the Supreme Court of Pennsylvania.

### Thirteenth Affirmative Defense

Westmoreland acted in accordance with applicable state and federal laws, including the Pennsylvania Election Code, the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

### Fourteenth Affirmative Defense

Plaintiffs have failed to join indispensable parties to this action.

**Fifteenth Affirmative Defense**

Plaintiffs are not entitled to recovery of costs and attorney's fees from Westmoreland because Westmoreland acted in good faith to comply with duly issued orders of the Pennsylvania Supreme Court interpreting the Pennsylvania Election Code, which Westmoreland was legally bound to follow.

**Sixteenth Affirmative Defense**

Plaintiffs are not entitled to recovery of attorney's fees from any defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Defendant, Westmoreland County Board of Elections, respectfully requests that this Honorable Court deny the relief request by Plaintiffs, enter judgment in favor of the Defendants and against the Plaintiffs and grant such other and further relief as the Honorable Court deems necessary and appropriate

Dated:  June 28, 2024                                        Respectfully submitted,

*/s/ Melissa A. Guiddy*

Melissa A. Guiddy, Esquire

Pa. I.D. #79223
Westmoreland County Solicitor's
Office 2 North Main Street, Suite 103
Greensburg, PA 15601
 (724) 830-3553
mguiddy@co.westmoreland.pa.us
Attorney for Defendant
Westmoreland County Board of Elections

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief was filed electronically and served via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

                                            Respectfully submitted,

                                            */s/ Melissa A. Guiddy*
                                            Melissa A. Guiddy, Esquire