IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> AL SCHMIDT, in his official capacity as Acting Secretary of the Commonwealth, *et al.*, <br><br> *Defendants*. | Case No. 1:22-cv-00339-SPB |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR**
**MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 1

I.   PLAINTIFFS HAVE STANDING. ............................................................................. 1

II.  THE UNEQUAL TREATMENT OF DOMESTIC AND OVERSEAS VOTERS VIOLATES EQUAL PROTECTION. ........................................................................ 2

III. EXCLUDING VOTERS' BALLOTS BASED ON A MEANINGLESS MISTAKE IS UNCONSTITUTIONAL. ........................................................................................ 3

CONCLUSION ..................................................................................................................... 5

## INTRODUCTION

GOP Intervenors have yet to come up with a single valid justification for disenfranchising thousands of Pennsylvanians. There is none. Enforcement of the envelope dating requirement against domestic mail ballot voters on pain of disenfranchisement is antidemocratic and wrong. And as the Secretary of the Commonwealth confirms, the envelope dating requirement serves no purpose. Summary judgment should be granted and appropriate relief should issue.

## ARGUMENT

### I. PLAINTIFFS HAVE STANDING.

GOP Intervenors' justiciability arguments fail for the reasons set forth in Plaintiffs' omnibus opposition brief, ECF No. 444, at 3–10. For example, with respect to Plaintiffs' standing to sue the Secretary, it does not matter whether he can bind the counties (*see* GOP Opp. Br., ECF No. 439, at 4) because he plays an *independent role* in administering the Election Code's mail voting provisions, including by prescribing the form of the envelope declaration and maintaining the SURE system. *See, e.g.*, Pls.' Omnibus Opp. Br. 7. GOP Intervenors are also wrong claiming (at 3) that the Secretary is the "sole defendant" as to the constitutional claims; those claims run against all of the remaining county defendants as well, Pls.' MSJ Br., ECF No. 402, at 13–16; Pls.' Omnibus Opp. Br. 7–9, and any contrary prior decision would not be law of the case because Plaintiffs could not have appealed it.

GOP Intervenors get nowhere with *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024) ("*AHM*") (GOP Opp. Br. 5–8). *See* Pls.' Omnibus Opp. Br. 2–6. Implicitly acknowledging that *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982)

still controls, GOP Intervenors try (at 6–8) to recast *Havens*, suggesting that it involved some intentional targeting of the plaintiff housing counseling organization HOME by the defendant apartment complex.[1] But HOME's theory of injury was resource diversion, not any personalized attack against it. 455 U.S. at 379. *AHM* reaffirmed the resource-diversion framework. 602 U.S. at 393, 395; *see* Pls.' Omnibus Opp. Br. 4. And Courts have since applied *AHM* to hold that voting rights groups like Plaintiffs, "whose core mission is to educate and assist voters," suffer a cognizable injury in fact when they divert resources from preexisting activities to combatting a new challenged policy's antidemocratic effects. *See League of Women Voters of Ohio v. LaRose*, No. 23 Civ. 2414, 2024 WL 3495332, at *5 n.3 (N.D. Ohio July 22, 2024).[2]

## II. THE UNEQUAL TREATMENT OF DOMESTIC AND OVERSEAS VOTERS VIOLATES EQUAL PROTECTION.

GOP Intervenors' arguments against Plaintiffs' Equal Protection claim were dispatched in Plaintiffs' omnibus opposition, Pls.' Omnibus Opp. Br. 10–18.

GOP Intervenors (at 10) misread *Obama for America v. Husted*, 697 F.3d 423, 435 (6th Cir. 2012), a case that firmly supports granting summary judgment here. There, the Sixth Circuit acknowledged that military voters' "absence from the country is the factor that makes them distinct" *as compared to domestic in-person voters*, but

---

[1] The person in *Havens* who was given false information was one of the two "tester plaintiffs" posing as a renter. 455 U.S. at 368, 373. There was no allegation that those tester plaintiffs had any connection to HOME's counseling or referral services or that defendant provided any misinformation to HOME's counselors. *Id.* at 373.

[2] By contrast, *Citizens Project v. Colorado Springs*, No. 22 Civ. 1365, 2024 WL 3345229 (D. Colo. July 9, 2024) (cited by GOP Intervenors at 7), wrongly ignores diversion-of-resources standing altogether, never assessing whether the challenged actions interfered with the plaintiffs' core activities. *See id.*, at *4–5.

then concluded in the next sentence that, "[w]ith respect to in-person early voting, however, there is no relevant distinction between the two groups." *Id.* The same is true here. With respect to overseas mail ballot voters *as compared to domestic mail ballot voters*, there is no relevant distinction (and GOP Intervenors point to none) that justifies treating one group of mail voters' paperwork with lenience while subjecting the other group to harsh disenfranchisement. *See* Pls.' Omnibus Opp. Br. 13–15; *see also, e.g.*, *Rinaldi v. Yeager*, 384 U.S. 305, 309 (1966) (Equal Protection "require[s] that, in defining a class subject to legislation, the distinctions that are drawn have 'some relevance to the purpose for which the classification is made.'").

GOP Intervenors also repeat (at 11–12) their meritless suggestion that the right remedy for the violation here would be to "level down" and disenfranchise military voters. The opposite is true. Pls.' Omnibus Opp. Br. 17. Indeed, the only case GOP Intervenors cite makes clear that, where a court must determine whether to level up or down, "[o]rdinarily," "extension, rather than nullification, is the proper course." *Sessions v. Morales-Santana*, 582 U.S. 47, 74 (2017). That is true here, where counting the ballots of registered, eligible voters would safeguard fundamental rights, and where GOP Intervenors' proposed course would trample them.

### III. EXCLUDING VOTERS' BALLOTS BASED ON A MEANINGLESS MISTAKE IS UNCONSTITUTIONAL.

GOP Intervenors' *Anderson-Burdick* arguments also fail, as explained. Pls.' Omnibus Opp. Br. 18–25. They again suggest (at 12) that the Constitution offers zero protection to mail ballot voters, even those faced with unjustified disenfranchisement. This startling proposition is wrong. *See* Pls.' Omnibus Opp. Br. 18–19. And they

3

invent (at 12–15) a supposed exception to *Anderson-Burdick* for supposedly "minimal" or "usual" burdens on voting where none exists. *See* Pls.' Omnibus Opp. Br. 18–21.

Mainly, though, GOP Intervenors just downplay the burden imposed by the ruthless enforcement of the envelope dating requirement against Pennsylvania voters, suggesting that paperwork is just an "essential part of everyday life." GOP Opp. Br. 13.[3] But depriving a citizen of something as important as an effective vote, with no notice or practical recourse, *e.g.*, SMF ¶¶ 38, 115, because of a minor, meaningless mistake, would strike most as grossly unfair and unreasonable, not as the unremarkable workings of everyday bureaucracy. *Cf. Fla. State Conf. of NAACP v. Browning*, 522 F.3d 1153, 1187–89 (11th Cir. 2008) (Barkett, J., concurring in part and dissenting in part) (disenfranchisement of voters due to "numerical mishaps" "turned back the clock on the fundamental right to vote"). It does not matter that writing the date is not especially onerous. The burden of requiring "technical precision" on irrelevant paperwork may be "small for most people" yet still violate the Constitution, particularly when it results in thousands being disenfranchised.[4] *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 632 (6th Cir. 2016).[5]

---

[3] They also cite (at 13) an inapposite immigration case, *Niz-Chavez v. Garland*, 593 U.S. 155, 172 (2021) for the proposition that "[m]en must turn square corners when they deal with the government," but omit the full sentence: "[T]hen it cannot be too much to expect the government to turn square corners when it deals with them."

[4] The evidence shows that seniors are disproportionately affected. Pls.' MSJ Br. 10. GOP Intervenors are wrong (at 16) that this impact is irrelevant. *See* Opinion, *Eakin v. Adams Cnty. Bd. of Elections*, No. 22-cv-340 (W.D. Pa.), ECF No. 330, at 4–5; *accord Ariz. Democratic Party v. Hobbs*, 18 F.4th 1179, 1189 (9th Cir. 2021).

[5] GOP Intervenors wrongly claim (at 16–17) *Husted* was not an *Anderson-Burdick* case, but it was. *See* 837 F.3d at 630–35.

4

The fact that the Secretary has promulgated a new directive regarding the design of the envelope declaration form to try to mitigate the problem (GOP Opp. Br. 14–16) is a good thing, but it does not change the constitutional calculus.[6]  GOP Intervenors concede (at 16) that previous efforts to improve the compliance through design of the form still resulted in noncompliance rates of close to half a percent of all mail ballots—which, statewide, translates to thousands, if not tens of thousands, of voters.  There is no justification for such mass disenfranchisement.

Indeed, whether rational basis or a more heightened standard applies, GOP Intervenors point (at 17–19) to *no* state interest that is actually served by disenfranchising voters via enforcement of the meaningless envelope dating requirement.  Pls.' Omnibus Opp. Br. 24–25 (rebutting proffered interests).  As the Commonwealth itself explains, the envelope dating requirement is a useless relic, it "does not prevent fraud," and it "undermines sound election administration."  PA Br., ECF No. 440, at 6, 14, 23–25.  Because it lacks any "legal or administrative purpose," "rejecting ballots for mistakes with respect to that date serves no state interest."  PA Br. 2.  This unjust, unjustified, undemocratic, and unlawful practice must end.

## CONCLUSION

Plaintiffs' motion for summary judgment should be granted.

Dated: July 25, 2024                             Respectfully submitted,

                                                  /s/ Ari J. Savitzky

---

[6] In any case, these changes are irrelevant to voters, including the individual plaintiffs, who were disenfranchised in 2022.  Moreover, voters who were disenfranchised for writing the wrong year made up a small fraction of the thousands whose votes were excluded.  SMF ¶¶ 66–71, 73–76.

Witold J. Walczak (PA 62976)
AMERICAN CIVIL LIBERTIES UNION OF
PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
Tel: (412) 681-7736
vwalczak@aclupa.org

Marian K. Schneider (PA 50337)
Stephen Loney (PA 202535)
Kate I. Steiker-Ginzberg (PA 332236)
AMERICAN CIVIL LIBERTIES UNION OF
PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
mschneider@aclupa.org
sloney@aclupa.org

David Newmann (PA 82401)
Brittany C. Armour (PA 324455)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4610
david.newmann@hoganlovells.com
brittany.armour@hoganlovells.com

Elizabeth Femia
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3813
lisa.femia@hoganlovells.com

Ari J. Savitzky
Casey Smith*
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
asavitzky@aclu.org
slakin@aclu.org

\**Motion to appear* pro hac vice *pending*

Megan C. Keenan
Adriel I. Cepeda Derieux⹋
AMERICAN CIVIL LIBERTIES UNION
915 15th St., NW
Washington, DC 20005
mkeenan@aclu.org
acepedaderieux@aclu.org

⹋ Not admitted in the District of Columbia; practice limited under D.C. App. R. 49(c)(3).

*Counsel for the Pennsylvania State Conference of the NAACP, League of Women Voters of Pennsylvania, Philadelphians Organized to Witness, Empower and Rebuild, Common Cause Pennsylvania, Black Political Empowerment Project, Make the Road Pennsylvania, Barry M. Seastead, Marlene G. Gutierrez, Aynne Margaret Pleban Polinski, Joel Bencan, and Laurence M. Smith*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2024, Plaintiffs served this reply brief in support of Plaintiffs' motion for summary judgment all parties in this matter.

Dated: July 25, 2024                                Respectfully submitted,

/s/ Ari J. Savitzky
Ari J. Savitzky

*Counsel for the Plaintiffs*