**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al*., | |
| *Plaintiffs*, | |
| v. | Case No. 1:22-cv-00339-SPB |
| AL SCHMIDT, in his official capacity as Acting Secretary of the Commonwealth, *et al*, | |
| *Defendants*. | |

**INTERVENOR-DEFENDANTS' RESPONSE TO PENNSYLVANIA COMMONWEALTH COURT'S DECISION IN *BLACK POLITICAL EMPOWERMENT PROJECT V. SCHMIDT***

This lawsuit is merely the latest chapter in a multi-year crusade against the General Assembly's date requirement for mail ballots.  *See, e.g.*, *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023) (holding that date requirement is mandatory and enforceable despite contrary lower-court rulings); *Pa. State Conf. of NAACP Branches v. Sec'y*, 97 F.4th 120 (3d Cir. 2024).  Various litigants have offered a host of failed arguments against the date requirement, with many of the same litigants trying to improve their odds by pursuing separate theories in federal and state court.  Indeed, four of the Plaintiffs in this case are also parties to the ongoing lawsuit in *Black Political Empowerment Project v. Schmidt*, *see* 2024 WL 4002321, at *2 (Pa. Commw. Ct. Aug. 30 2024) (noting involvement there of Plaintiffs Black Political Empowerment Project, Make the Road Pennsylvania, League of Women Voters of Pennsylvania, and Common Cause Pennsylvania).

Instead of pleading their various challenges to the date requirement in one court, these Plaintiffs have chosen to shop out different theories in different courts, hoping something will stick.  On August 30, a divided panel of the Commonwealth Court rewarded their gambit and held

that the date requirement violates the Pennsylvania Constitution's Free and Equal Elections Clause. *Id.* at *1-2. Intervenor-Defendants, as parties to that case, have appealed to the Pennsylvania Supreme Court. Intervenor-Defendants are confident the Pennsylvania Supreme Court will reverse that ruling.

It is simply too late for this Court to grant Plaintiffs any relief on their claims for the imminent 2024 general elections. *See Purcell v. Gonzalez*, 549 U.S. 1 (2006). Moreover, when this Court does proceed to the merits, it should enter summary judgment in favor of Intervenor-Defendants for all the reasons previously explained. *See* ECF Nos. 378, 388, and 393. The Commonwealth Court's (now-appealed) ruling, of course, does not bind this Court. This Court remains bound by the rulings of the U.S. Supreme Court and Third Circuit, which clearly foreclose ruling for Plaintiffs in this case. *See, e.g.*, *Pa. State Conf. of NAACP*, 97 F.4th at 133-35.

For at least two reasons, however, this Court may choose to wait to rule on the pending summary judgment motions until the Pennsylvania Supreme Court issues its ruling. *First*, there are issues that may overlap between this case and *Black Political Empowerment Project*. Plaintiffs' argument there, as here, is that the date requirement imposes a significant burden on the right to vote and is not supported by adequate government interests to justify its legality. *See Black Political Empowerment Project*, 2024 WL 4002321, at 32-35. The Pennsylvania Supreme Court will weigh in on those disputed issues, and this Court may find that court's reasoning helpful in adjudicating this case.

*Second*, waiting for the Pennsylvania Supreme Court to rule would not prejudice Plaintiffs. All parties filed their merits briefs for the Pennsylvania Supreme Court by September 4, 2024. Given that court's extremely expedited briefing schedule, *see* No. 662, *In re: Temporary Modification and Suspension of the Rules of Appellate Procedure and Judicial Administration for*

*Appeals Arising Under the Pennsylvania Election Code* (Aug. 27, 2024),[1] it can be expected to rule quite quickly.

In all events, the Court should deny Plaintiffs' motions for summary judgment and grant Intervenor-Defendants' motions.

Dated:  September 13, 2024

Respectfully submitted,

/s/ Kathleen A. Gallagher
Kathleen A. Gallagher
PA I.D. #37950
THE GALLAGHER FIRM, LLC
436 Seventh Avenue, 30th Floor
Pittsburgh, PA 15219
Phone: (412) 717-1900
kag@gallagherlawllc.com

John M. Gore (*pro hac vice*)
E. Stewart Crosland
Louis J. Capozzi III
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com

Thomas W. King, III
Thomas E. Breth
DILLON, McCANDLESS, KING,
COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA 16001
Phone: (724) 283.2200
tking@dmkcg.com
tbreth@dmkcg.com

*Counsel for Intervenor-Defendants*

---

[1] www.pacourts.us/assets/opinions/Supreme/out/Order%20Entered%20-%201060520972789658 11.pdf?cb=1