IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> AL SCHMIDT, in his official capacity as Acting Secretary of the Commonwealth, *et al*, <br><br> *Defendants*. | Case No. 1:22-cv-00339-SPB |

### INTERVENOR-DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND SUPPLEMENTAL MEMORANDUM REGARDING THE STATUS OF THE PENDING CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs have informed the Court that the Pennsylvania Supreme Court just rejected yet another state-law challenge to the date requirement. *See* ECF No. 465 at 1; *New Pa. Project Education Fund v. Schmidt*, 2024 WL 4410884, at *1 (Pa. Oct. 5, 2024) (per curiam). They fail, however, to tell the Court why. The Pennsylvania Supreme Court held that it will not "countenance" changes to the date requirement "during the pendency of [the] ongoing election." *Id.* As that court explained, its decision was rooted in "the *Purcell* principle" and "common sense." *Id.* (quoting *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016)).

The Pennsylvania Supreme Court is correct that the *Purcell* principle forecloses any judicial changes to the enforceability of the date requirement for the ongoing 2024 General Election in which mail voting has already begun. *See, e.g.*, *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006); *Democratic Nat'l Comm. v. Wis. State Legislature*, 141 S. Ct. 28, 31 (2020) (Kavanaugh, J., concurring) ("When an election is close at hand, the rules of the road should be clear and settled."); *La Union Del Pueblo Entero v. Abbott*, __F.4th__, 2024 WL 4487493, at *1-3 (5th Cir.

Oct. 15, 2024) (granting *Purcell* stay of injunction entered in September 2024 after absentee voting had commenced). This Court is bound by the *Purcell* principle and, thus, likewise may not enjoin enforcement of the date requirement for the 2024 General Election. *See* ECF No. 455 at 1-2.

Instead, for the reasons Intervenor-Defendants have explained, the Court should deny Plaintiffs' motions for summary judgment and grant Intervenor-Defendants' motions. *See* ECF Nos. 378, 388, and 393.

Dated: October 18, 2024                                     Respectfully submitted,

*/s/ Kathleen A. Gallagher*
Kathleen A. Gallagher
PA I.D. #37950
THE GALLAGHER FIRM, LLC
436 Seventh Avenue, 30th Floor
Pittsburgh, PA 15219
Phone: (412) 308-5512
kag@gallagherlawllc.com

John M. Gore (*pro hac vice*)
E. Stewart Crosland
Louis J. Capozzi III
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com

Thomas W. King, III
Thomas E. Breth
DILLON, McCANDLESS, KING,
COULTER & GRAHAM, LLP
128 W. Cunningham St.
Butler, PA 16001
Phone: (724) 283.2200
tking@dmkcg.com
tbreth@dmkcg.com

*Counsel for Intervenor-Defendants*