**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNSYLVANIA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br>   *Plaintiffs*, <br><br>   v. <br><br> AL SCHMIDT, in his official capacity as Secretary of the Commonwealth, *et al.*, <br><br>   *Defendants* <br><br> and <br><br> REPUBLICAN NATIONAL COMMITTEE, *et al.*, <br><br>   *Intervenor-Defendants* | Case No. 1:22-cv-00339-SPB |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR A RULE 54(B) JUDGMENT**

## INTRODUCTION

Two weeks ago, this Court granted summary judgment to the plaintiffs in a companion case to this matter. *See* Mem. Op., *Eakin v. Adams Cnty. Bd. of Elecs.*, No 22 Civ. 340 (W.D. Pa. Mar. 31, 2025) ("*Eakin*"), ECF No. 438. The Court ruled that the *Eakin* plaintiffs were entitled to judgment as a matter of law on their *Anderson-Burdick* claim that enforcement of the envelope-date rule to disenfranchise mail ballot voters in Pennsylvania violated the First and Fourteenth Amendments. *Id.* at 6, 19-20. The Court held, based on a summary judgment record developed in coordinated discovery proceedings in *Eakin* and in this action, that "there is no evidence that the date requirement serves any state interest" and therefore even a "slight burden on voting rights" resulting from enforcement of the date provision "cannot withstand constitutional scrutiny." *Id.* at 20. The Republican Party entities that have intervened in both this action and in *Eakin* ("RNC Intervenors") have since noticed an appeal. Notice of Appeal, *Eakin*, ECF No. 441.

Plaintiffs in this case have sought summary judgment on a materially identical *Anderson-Burdick* claim, based on identical facts. *See, e.g.*, ECF Nos. 400, 401, 402, 449 (summary judgment papers).[1] That motion is fully briefed and remains pending. Plaintiffs now seek a Rule 54(b) judgment as to their

---

[1] Unless otherwise noted all ECF references refer to filings in this action.

i

*Anderson-Burdick* claim, so that any appeal may be resolved in tandem with the appeal in the *Eakin* case. The RNC Intervenors oppose.

Rule 54(b) allows courts to enter judgment on fewer than all claims in a litigation based on a determination that "that there is no just reason for delay." Fed. R. Civ. P. 54(b). Here, there is no reason to delay a grant of judgment on Plaintiffs' *Anderson-Burdick* claim. There is no material distinction between Plaintiffs' pending claim and the claim upon which judgment was just granted in *Eakin*. And the normal concerns about piecemeal appeals that might militate against a Rule 54(b) judgment do not apply here, because an appeal is already being taken in *Eakin* on the identical *Anderson-Burdick* issue, based on the same record. Indeed, absent an appealable judgment here, the resolution of the *Eakin* appeal could and likely would effectively determine Plaintiffs' rights in this case. Granting a Rule 54(b) judgment now will allow the appeals to proceed in tandem and allow Plaintiffs to participate in the appeal, which is based on a factual record that Plaintiffs developed in this litigation. *See* Appxs. to Mot. for Summ. J., ECF Nos. 277-282. If the Court proceeds in this fashion, it can hold Plaintiffs' summary judgment motion as to their alternative, Equal Protection claim in abeyance pending the *Anderson-Burdick* appeal.[2]

## BACKGROUND

This Court is familiar with the underlying litigation. Plaintiffs challenge the enforcement of the envelope-date rule to disenfranchise Pennsylvania

---

[2] To mirror the judgment in *Eakin*, the Court can also enter a final judgment on Plaintiffs' Materiality Provision claim.

voters, including, in the 2022 election, the individual Plaintiffs and over 10,000 others across the Commonwealth. *See* Mem. of Law ISO Pls.' Mot. for Summ. J. ("Pls.' MSJ") at 2, ECF No. 402. Plaintiffs filed this action just before the November 2022 election, challenging the enforcement of the envelope-date provision on federal statutory and Equal Protection Clause grounds. *See generally* Compl., ECF No. 1. The *Eakin* Plaintiffs filed their action shortly thereafter, proceeding on federal statutory and *Anderson-Burdick* theories, and the case was marked as related and assigned to this Court. *See* Compl., *Eakin,* ECF No. 1. RNC Intervenors intervened in both actions. *See* Mem. Order, ECF No. 167; *see also* Order, *Eakin,* ECF No. 165.

Plaintiffs pursued full discovery in this case on an expedited basis, taking written and document discovery from all sixty-seven counties in the Commonwealth and deposing a number of county officials. *See, e.g.*, Case Mgmt. Order, ECF No. 207; *see also* Apps. to Mot. for Summ. J., ECF Nos. 277-282. The same discovery record was, by this Court's order, incorporated into the *Eakin* case as well, and served as the basis for the summary judgment record in both this case and in *Eakin. See* Case Mgmt. Order at 2, *Eakin*, ECF No. 227 ("Defendants must sen[d] Plaintiffs all discovery materials produced in *NAACP v. Chapman*").

In November 2023, the Court granted Plaintiffs' motion for summary judgment on their federal statutory claim under the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B), *see* Mem. Op. at 77, ECF No.

3

347, but the Third Circuit later reversed in a split ruling. The panel majority held that, although the requirement to handwrite the date on the envelope form "serves little apparent purpose[,]" and indeed "bears no relation—it is immaterial—to whether a voter is qualified under Pennsylvania law to vote," the Materiality Provision did not apply as a matter of law to the mail ballot envelope form. *See Pa. State Conf. of NAACP Branches v. Sec'y Commonwealth of Pa.*, 97 F.4th 120, 125, 131 (3d Cir. 2024).

On remand for consideration of Plaintiffs' alternative claim under the Equal Protection Clause, this Court granted Plaintiffs leave to amend their pleadings to add an *Anderson-Burdick* claim. *See* Order, ECF No. 412. Plaintiffs sought summary judgment on both constitutional claims. *See* Pls.' MSJ, ECF No. 402 The *Eakin* plaintiffs, after completing supplemental briefing on the issue of standing, also renewed their motion for summary judgment on their *Anderson-Burdick* claim. *See* Second Suppl. Mem. ISO Pls.' Mot. for Summ. J., *Eakin,* ECF No. 380.

On March 31, 2025, the Court granted the motion for summary judgment on the *Anderson-Burdick* claim in *Eakin*. The Court concluded that, based on the record, "the weight of the burden on the citizens['] right to vote is not counterbalanced by evidence of any governmental interest." Mem. Op. at 21, *Eakin,* ECF No. 438. Plaintiffs' motion to for summary judgment in this case remains pending.

RNC Intervenors filed a notice of appeal in *Eakin* on April 2, 2025. Notice

4

of Appeal, *Eakin,* ECF No. 441.

## ARGUMENT

Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The rule is an important exception to "the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 433 (1956)). It vests district courts with "discretion … to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.*

The rule applies here. Because the Court has resolved an identical claim based on the same record in a companion case, it should issue judgment on the same claim in this case, to allow appeals in both cases to proceed in tandem.

As an initial matter, Plaintiffs in this case are entitled to judgment on their *Anderson-Burdick* claim on the same basis as the plaintiffs in *Eakin*. The factual records and legal grounds in the two cases are identical. This Court has now ruled that the factual record in this case reveals that "there is no evidence that the date requirement serves any state interest." Mem. Op. at 20, *Eakin*, ECF No. 438; *see also, id.* at 19 (defendants failed "to point to evidence that a

governmental interest is furthered by the burden the date requirement imposes on the right to vote"). And applying the *Anderson-Burdick* standard to the same factual record yields the same result: "[T]he weight of the burden on the citizens['] right to vote is not counterbalanced by evidence of any governmental interest" and therefore "the enforcement of the date provisions does not pass constitutional muster." *Id.* at 21. Indeed, it could not possibly yield a different result.

Moreover, it does not matter for purposes of Plaintiffs' entitlement to judgment here that the identity of the parties in the two cases is somewhat different. The remaining county Defendants in this case are just a subset of the county defendants in *Eakin*. And as for the Plaintiffs, the Court has already determined that Plaintiffs—both the organizational Plaintiffs and the individual voter Plaintiffs—have standing as against those remaining county Defendants and the Secretary of the Commonwealth, *see* Mem. Op. at 6-34, ECF No. 347; *see also* Pls.' MSJ at 12-18, ECF No. 402; Mem. Op. at 6-7 n.4, *Eakin*, ECF No. 438 (resolving standing of *Eakin* organizational plaintiffs on same bases).

Accordingly, Plaintiffs are entitled to judgment on their *Anderson-Burdick* claims on the same basis as the plaintiffs in *Eakin*—and such a judgment would be final for purposes of Rule 54(b), in that it would conclusively

resolve the rights of some if not all of the parties.[3] *E.g.*, *Curtiss-Wright Corp.*, 446 U.S. at 7.

Moreover, this Court can and should grant judgment on the *Anderson-Burdick* claim now under to Rule 54(b). In considering whether "there is no just reason for delay," district courts may appropriately "take into account judicial administrative interests as well as the equities involved" in considering whether to grant a Rule 54(b) judgment. *Curtiss-Wright Corp.*, 446 U.S. at 8. Courts in this Circuit typically consider five factors, namely:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expenses, and the like.

*Johnson v. Lasko*, No. 1:20-CV-149, 2022 WL 20559070, at *1 (W.D. Pa. Oct. 19, 2022) (citing *English v. City of Wilkes-Barre*, No. CV 3:19-879, 2022 WL 3084299, at *3 (M.D. Pa. Aug. 3, 2022)); *see also Berckeley Inv. Group, Ltd. V. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006).

---

[3] To the extent that there is any remaining question about whether the Secretary of the Commonwealth is a proper party (and there should not be, *see* Pls.' MSJ at 12-16, ECF No. 402; Reply Mem. at 1-2, ECF No. 449) the Court could issue a Rule 54(b) judgment for the Plaintiffs and against the remaining counties, but not as against the Secretary. *See* Fed. R. Civ. P. 54(b); *see also, e.g.*, *Eng. v. City of Wilkes-Barre*, No. CV 3:19-879, 2022 WL 3084299, at *3 (M.D. Pa. Aug. 3, 2022) (granting Rule 54(b) judgment with respect to fewer than all parties), *aff'd*, No. 22-2477, 2023 WL 2400698 (3d Cir. Mar. 8, 2023).

These factors, and general considerations of efficiency and the equities, support a Rule 54(b) judgment on Plaintiffs' *Anderson-Burdick* claim here.

First, the *Anderson-Burdick* claim adjudicated in *Eakin* and pending in this case is sufficiently distinct from Plaintiffs' Equal Protection claim. While both generally involve the envelope-date rule, the Equal Protection claim involves the differential treatment of domestic versus overseas mail voters in particular. The Equal Protection claim is thus premised on specific facts, about the treatment of military and overseas voters as compared to domestic voters, that may vary county by county and that were not the subject of the Court's ruling in *Eakin*. Pls.' MSJ at 19-20, ECF No. 402. By contrast, the *Anderson-Burdick* claim turns on the justification (or total lack thereof) for the burden imposed on voting rights from the enforcement of the envelope dating provision, and thus applies uniformly to all defendants, just as in the *Eakin* case. *See* Mem. Op. at 8-21, *Eakin,* ECF No. 438.

Second, there is no significant chance that the need for review of the *Anderson-Burdick* claim might be obviated by a ruling on the Equal Protection claim or any other action in this Court, because an appeal on the identical *Anderson-Burdick* issue, based on the same exact record, is already being taken in *Eakin*. *See, e.g., Am. Reliable Ins. Co. v. United States*, No. 19 Civ. 469, 2022 WL 20911503, at \*5 (E.D. Tenn. Nov. 7, 2022) (in consolidated action where one set of plaintiffs had already taken an appeal on certain jurisdictional issue, Rule 54(b) certification of jurisdictional issues in other plaintiffs' case was proper

8

"because there is effectively an appeal already ongoing").

Third, if anything, the grant of a Rule 54(b) judgment will *reduce* the chance of the appellate courts needing to consider the same issue twice. A notice of appeal has just been filed in *Eakin*, and there is still time for an appeal in this case to be consolidated, briefed, and heard on the same schedule. Under these circumstances, with an identical appeal already pending and still in the early stages, the grant of a Rule 54(b) judgment will if anything "actually *prevent*[] a piecemeal approach." *Alaska v. U.S. Dep't of Educ.*, No. 24 Civ. 1057-DDC-ADM, 2025 WL 487306, at *7 (D. Kan. Feb. 13, 2025).

Fourth, Plaintiffs do not seek non-nominal money damages such that there could be any set-off implicated by a judgment as to some but not all claims.

And fifth, general considerations of efficient judicial administration and the equities weigh in favor of granting summary judgment on the pending *Anderson-Burdick* claim, on the same reasoning as in *Eakin*, and then issuing a final judgment pursuant to Rule 54(b). Doing so will allow identical legal issues, based on an identical discovery record that Plaintiffs themselves developed, to be heard together on appeal, ensuring that the resources of all the parties and the judiciary are deployed most efficiently in resolving the important matter at stake.

## CONCLUSION

Plaintiffs' motion for summary judgment on the *Anderson-Burdick* claim should be granted and a Rule 54(b) judgment should issue.[4]

Dated: April 14, 2025

Respectfully submitted,

/s/ Ari J. Savitzky

| | |
|---|---|
| Stephen Loney (PA 202535) | Ari J. Savitzky |
| Kate Steiker-Ginzberg (PA 332236) | Megan C. Keenan |
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA | Sophia Lin Lakin |
| P.O. Box 60173 | Adriel I. Cepeda Derieux |
| Philadelphia, PA 19102 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| sloney@aclupa.org | 125 Broad Street, 18th Floor |
| | New York, NY 10004 |
| Witold J. Walczak (PA 62976) | Tel.: (212) 549-2500 |
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA | asavitzky@aclu.org |
| P.O. Box 23058 | mkeenan@aclu.org |
| Pittsburgh, PA 15222 | slakin@aclu.org |
| Tel: (412) 681-7736 | acepedaderieux@aclu.org |
| vwalczak@aclupa.org | |

*Counsel for the Pennsylvania State Conference of the NAACP, League of Women Voters of Pennsylvania, Philadelphians Organized to Witness, Empower and Rebuild, Common Cause Pennsylvania, Black Political Empowerment Project, Make the Road Pennsylvania, Barry M. Seastead, Marlene G. Gutierrez, Aynne Margaret Pleban Polinski, Joel Bencan, and Laurence M. Smith*

David Newmann (PA 82401)
Brittany C. Armour (PA 324455)
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4610
david.newmann@hoganlovells.com
brittany.armour@hoganlovells.com

---

[4] Individual Plaintiff Laurence Smith passed away in February. A formal notice of death and motion either for substitution or for withdrawal as to Mr. Smith is forthcoming. Because multiple other Plaintiffs have claims against Montgomery County, nothing about Mr. Smith's passing affects the susceptibility of any defendant to the judgment sought. In any case, and for the avoidance of doubt, Plaintiffs' motion is conditional as to Mr. Smith on the grant of any forthcoming motion to substitute a representative for Mr. Smith.

**CERTIFICATE OF SERVICE**

 I hereby certify that, on the date set forth below, I caused a true and correct copy of the foregoing Memorandum of Law to be served via the Court's electronic filing system upon all counsel of record.

Dated: April 14, 2025
/s/ Ari Savitzky
